Ronald J. Skocypec, Esq., Bar No.: 072690
rskocypec@pb-llp.com
Melodee A. Yee, Esq., Bar No.: 168541
myee@pb-llp.com
PETERSON & BRADFORD, LLP
100 North First Street, Suite 300
Burbank, CA 91502
818.562.5800
818.562.5810 – Facsimile
Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Liberty Mutual Insurance Company,<br><br>        Plaintiff,<br><br>   vs.<br><br>Michael T. Blatt,<br><br>        Defendant.<br>_____ ) | Case No.:<br><br>COMPLAINT FOR INDEMNITY AND FOR DECLARATORY RELIEF;<br><br>DEMAND FOR JURY TRIAL;<br><br>CERTIFICATION OF INTERESTED ENTITIES OR PARTIES |

Plaintiff Liberty Mutual Insurance Company ("Liberty") hereby alleges the following against defendant Michael T. Blatt ("defendant"):

## JURISDICTION

1.    This Court has jurisdiction under 28 U.S.C. Section 1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.

///

///

1

2.     This Court also has jurisdiction over the legal controversy at issue under 28 U.S.C. Section 2201.

## INTRADISTRICT ASSIGNMENT

3.     This complaint is brought in the San Francisco division pursuant to Civil Local Rule 3-2(d) on the grounds that defendant resides in the City of Sausalito, in the County of Marin.

## THE PARTIES

4.     Plaintiff Liberty is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.  Michael T. Blatt is a citizen of California residing in or around the City of Sausalito, in the State of California.

## VENUE

5.     Venue is proper in this court pursuant to 28 U.S.C. Section 1391 as a substantial part of the event giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

6.     Liberty issued a commercial general liability insurance policy to Schnabel Foundation Company ("Schnabel"), policy no. TB1-131-011670-397, effective April 1, 1998 to April 1, 1999 (the "Policy").  A true and correct copy of the Policy is attached hereto as Exhibit "A" and incorporated herein by reference.  The Policy contains exclusions limiting the coverage thereunder.

_____
COMPLAINT FOR INDEMNITY AND FOR DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

7.    Schnabel is a design-build contractor specializing in the construction of excavation support systems, soil stabilizations and retaining walls supported by soil nails.

8.    Defendant was the owner of several parcels of property designated as 435-445 and 476 Bridgeway Avenue in Sausalito, CA.

9.    In or around June 1997, Schnabel contracted with defendant to design, furnish and install approximately 5000 square feet of permanent soil nail walls on those properties.    The contract between Schnabel and defendant specifically excluded the following from Schnabel's scope of work:

(a)    Layout of the wall line;

(b)    Provisions for routing drainage from behind the wall locations;

(c)    Wall finish other than rod finish;

(d)    Excavation as required per plans; and

(e)    Drainage V-ditch behind and above the soil nail walls.

The soil nail walls were completed in or around 1998.

10.    In September 1998, defendant sold the properties located at 435 and 445 Bridgeway Avenue, Sausalito, California ("the Property") to James Gabbert and Michael Lincoln ("Gabbert/Lincoln"). On January 29, 2002, Gabbert/Lincoln filed a complaint for breach of contract, negligence, fraud, negligent misrepresentation, concealment of material facts and breach of implied warranty against defendant Michael Blatt, Catherine Blatt and Peter Kane in the Superior Court for the County of Marin (the "Gabbert/Lincoln Complaint").

11.    The Gabbert/Lincoln Complaint alleged, in part, that defendant "breached the purchase agreement by failing to deliver to plaintiffs the property" in accordance with the original structural and engineering plans" and that "The Property was in a condition such

3

that it was unsuitable for the residential occupation for which the property was intended." The <u>Gabbert/Lincoln</u> Complaint also alleged that defendant "also breached the Purchase Agreement by failing to disclose material defects as required by law."  A true and correct copy of the <u>Gabbert/Lincoln</u> complaint is attached hereto as Exhibit "B."  Schnabel was not named as a defendant in the <u>Gabbert/Lincoln</u> Complaint.

12.    Defendant, identified as "Mike Blatt", was provided with a certificate of insurance relating to the Policy.  The certificate of insurance stated, in relevant part: "Re: SFC Job #9-2476, 435-445 & 476 Bridgeway, Sausalito, California.  All liability policies shown above are endorsed to include Mike Blatt as an additional insured, as their interest(s) may appear."  A true and correct copy of the certificate of insurance is attached hereto as Exhibit "C".

13.    The relevant "additional insured" endorsement to the Policy provided, in relevant part:

> "WHO IS AN INSURED is amended to include as an insured any person or organization for whom you have agreed in writing to provide liability insurance, but only with respect to liability arising out of your operations or premises owned by or rented to you.

> "This insurance does not apply to any person or organization for whom you have procured separate liability insurance while such insurance is in effect, regardless of whether the scope of coverage or limits of insurance of this policy exceeds those of such other insurance or whether such insurance is valid and collectible."

COMPLAINT FOR INDEMNITY AND FOR DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

14.     On March 21, 2002, defendant tendered his defense and indemnification of the <u>Gabbert/Lincoln</u> Complaint to Liberty under the Policy.

15.     On September 4, 2002, Liberty agreed to defend defendant in the underlying <u>Gabbert/Lincoln</u> action under a full reservation of rights.  Along with numerous exclusions and limitations under the policy, Liberty expressly "reserve[d] the right to seek allocation and/or reimbursement or any defense costs, not associated with" "allegations of property damage arising out of our named insured's work."

16.     Defendant filed a cross-complaint against Schnabel in the <u>Gabbert/Lincoln</u> action.

17.     The <u>Gabbert/Lincoln</u> action was tried to decision.  Schnabel received a defense verdict.  However, a verdict in favor of Gabbert/Lincoln and against defendant was rendered in the amount of $144,428.60.  The trial court also awarded attorney fees and costs to Gabbert/Lincoln in the amount of $300,303.85.

18.     Defendant paid the $144,428.60 verdict against him.

19.     In order to resolve the <u>Gabbert/Lincoln</u> action and avoid the attachment of any of defendant's assets, Liberty paid the remaining portion of the judgment constituting the costs and attorneys fees awarded to Gabber/Lincoln and reserved its rights to seek recovery of this amount from defendant.

20.     Liberty incurred at least $498,648.00 in defending Blatt against the <u>Gabbert/Lincoln</u> action.

///
///

5

**FIRST CAUSE OF ACTION**

**EQUITABLE INDEMNITY**

21.    Plaintiff re-alleges and incorporates each of the allegations set forth above in paragraphs 1 through 20, inclusive.

22.    Defendant was named as an additional insured under the Policy subject to the terms, exclusions and limitations of the Liberty Policy.  Specifically, coverage to defendant was limited to "liability arising out of [Schnabel's] operations."

23.    The claims against defendant in the Gabbert/Lincoln complaint were for breach of contract, negligence, fraud, negligent misrepresentation, concealment of material facts and breach of implied warranty.  Some or all of these causes of action constitute claims for which there never was any potential for coverage under the Liberty Policy.  As to those causes of action for which there was no potential coverage and therefore, no duty to defend, Liberty is entitled to recover any and all defense fees and costs attributable thereto.

24.    The attorneys' fees and/or costs awarded against Blatt in the Gabbert/Lincoln action did not arise out of Schnabel's work and arose exclusively out of the contract claim by Gabbert/Lincoln against Blatt.

25.    Furthermore, based on the limited scope of Schnabel's operations, the claims alleged and taken to trial in the underlying Gabbert/Lincoln action and the defense verdict in Schnabel's favor, it is clear that there was no potential for coverage for defendant under the policy after the verdict was rendered.

26.    Liberty therefore seeks recovery of the monies it paid to defend Blatt attributable to those causes of action for which there was no potential coverage and

6

therefore, no duty to defend. Liberty also seeks recovery of the monies it paid to Gabbert/Lincoln in the form of attorneys fees and costs awarded to Gabbert/Lincoln in the underlying action on the grounds that Liberty was not obligated in any way under the Policy and therefore was not required to pay any costs or fees awarded to the underlying plaintiffs on Blatt's behalf.

27.    The amounts paid by Liberty on Blatt's behalf and recoverable herein are in excess of the sum of $75,000 exclusive of interests and costs incurred in bringing the instant action.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF

28.    Plaintiff re-alleges and incorporates each of the allegations set forth above in paragraphs 1 through 27, inclusive.

29.    An actual controversy exists between Liberty, on the one hand, and Blatt, on the other, concerning who is obligated to pay the attorneys' fees and costs awarded to Gabbert/Lincoln in the underlying action. Liberty contends that it had no duty to pay the costs awarded to the underlying it's plaintiffs under the policy and, therefore, Liberty is entitled to recover, pursuant to <u>Buss v. Superior Ct.</u> 16 Cal. 4th 35 (1997), the monies it expended on Blatt's behalf. Liberty is informed and believes that Blatt contends that Liberty is obligated to pay such monies under the terms of the Liberty Policy. Liberty seeks judicial determination of its rights and duties under the Policy and its rights with respect to the recovery of Liberty's payments from Blatt.

30.    A second controversy exists between the parties herein with respect to Liberty's defense of Blatt in the <u>Gabbert/Lincoln</u> action. Liberty contends that it had no duty

_____
COMPLAINT FOR INDEMNITY AND FOR DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

to defend some or all causes of action against Blatt and therefore is entitled to recover its defense fees and costs attributable to those causes of action.  Liberty is informed and believes that Blatt contends that Liberty was obligated to defend Blatt under the terms of the Liberty Policy.  Liberty seeks judicial determination of its rights and duties under the Policy and its rights with respect to the recovery of Liberty's payments from Blatt.

31.    Declaratory relief will resolve these disputes and controversies between plaintiff and defendant.  Such a declaration is necessary and proper at this time in order to determine Liberty's rights to Blatt under the Policy and whether Blatt is obligated to reimburse Liberty for defense fees and costs and for the award in favor of Gabbert/Lincoln. This request for declaratory relief is necessary and appropriate as Liberty has no other adequate or speedy remedy at law to resolve this controversy.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.    For a monetary judgment, plus interest in favor of Liberty and against Blatt;

2.    That this court fix and determine Liberty's rights to recovery against defendant;

3.    That the court render a declaratory judgment as to some or all of the following particulars:

a.    That Liberty had no duty to pay the costs and fees taxed against Blatt in the underlying action;

b.    That Liberty had no duty to defend some or all of the causes of action asserted against defendant in the underlying action;

_____
COMPLAINT FOR INDEMNITY AND FOR DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

1          c.     That Liberty is entitled to recover the money it paid to satisfy the award

2    of attorneys' fees and costs awarded to Gabbert/Lincoln and against Blatt in the underlying

3    action; and

4

5          d.     That Liberty is entitled to recover from Blatt some or all of the attorneys'

6    fees and costs incurred in defending Blatt in the underlying action.

7

8       4.     For prejudgment interest;

9

10      5.     Costs of suit incurred herein; and

11

12      6.     For such other and further relief as the court may deem just and proper.

13

14

15   DATED:  March____, 2006           PETERSON & BRADFORD, LLP

16

17

18                               By: _____

18                                        Ronald J. Skocypec, Esq.

19                                      Melodee A. Yee, Esq.

19                                      Attorneys for Plaintiff

20                                      Liberty Mutual Insurance Company

21

22

23

24

25

26

27

28

COMPLAINT FOR INDEMNITY AND FOR DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

1

## **DEMAND FOR JURY TRIAL**

2

3       Pursuant to Fed. R. Civ. P. 32(b), plaintiff Liberty Mutual Insurance Company hereby

4   demands a trial by jury.

5

6   DATED:  March_____, 2006                    PETERSON & BRADFORD, LLP

7

8

9                                    By: _____

10                                          Ronald J. Skocypec, Esq.
                                            Melodee A. Yee, Esq.
11                                          Attorneys for Plaintiff
                                            Liberty Mutual Insurance Company

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
COMPLAINT FOR INDEMNITY AND FOR DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

1

## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

2

3        Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

4   associations of persons, firms, partnerships, corporations (including parent corporations) or

5   other entities (i) have a financial interest in the subject matter in controversy or in a party to

6   the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that

7   could be substantially affected by the outcome of this proceeding:

8

9        1.        Liberty Mutual Insurance Company; and

10

11        2.        Liberty Mutual Holding Company, Inc.

12

13

14   DATED:  March ____, 2006                  PETERSON & BRADFORD, LLP

15

16

17                                            By: _____

18                                                    Ronald J. Skocypec, Esq.
                                                     Melodee A. Yee, Esq.
19                                                    Attorneys for Plaintiff
                                                     Liberty Mutual Insurance Company

20

21

22

23

24

25

26

27

28

_____
COMPLAINT FOR INDEMNITY AND FOR DECLARATORY RELIEF;
DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED ENTITIES OR PARTIES