Ronald D. Foreman (SBN 61148)
**FOREMAN & BRASSO**
930 Montgomery Street, Suite 600
San Francisco, CA 94133
Telephone:   (415) 433-3475
Facsimile:   (415) 781-8030
Email: foremanandbrasso@foremanandbrasso.com

Attorneys for Defendant
MICHAEL T. BLATT.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Liberty Mutual Insurance Company, ) | Case No. C062022 |
| ) | |
| Plaintiff, ) | **ANSWER OF DEFENDANT** |
| ) | **MICHAEL T. BLATT AND** |
| v. ) | **ALLEGATION OF** |
| ) | **AFFIRMATIVE DEFENSES** |
| Michael T. Blatt, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

COMES NOW, Defendant Michael T. Blatt. (hereinafter "Defendant") to answer, admit and deny, the allegations contained in the complaint.

Answering the complaint against Defendant and all of the allegations contained therein pursuant to the provisions of Federal Rule of Civil Procedure 8(b), Defendant denies all allegations in the complaint except those expressly admitted.

**Paragraph 1 of the Complaint.**

In answer to paragraph 1 of the Complaint, Defendant acknowledges that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to U.S.C. §1332.

**Paragraph 2 of the Complaint.**

In answer to paragraph 2 of the Complaint, Defendant admits the allegations therein.

---

**ANSWER**

**Paragraph 3 of the Complaint.**

In answer to paragraph 3 of the Complaint, Defendant admits the allegations therein.

**Paragraph 4 of the Complaint.**

In answer to paragraph 4 of the Complaint, Defendant has no information or belief, and on that basis, denies the allegations.

**Paragraph 5 of the Complaint.**

In answer to paragraph 5 of the Complaint, Defendant admits the allegations therein.

**Paragraph 6 of the Complaint.**

In answer to paragraph 6 of the Complaint, Defendant admits the allegations therein.

**Paragraph 7 of the Complaint.**

In answer to paragraph 7 of the Complaint, Defendant admits the allegations therein.

**Paragraph 8 of the Complaint.**

In answer to paragraph 8 of the Complaint, Defendant admits the allegations therein.

**Paragraph 9 of the Complaint.**

In answer to paragraph 9 of the Complaint, Defendant admits the allegations therein.

**Paragraph 10 of the Complaint.**

In answer to paragraph 10 of the Complaint, Defendant admits the allegations therein.

**Paragraph 11 of the Complaint.**

In answer to paragraph 11 of the Complaint, Defendant admits the allegations therein.

**Paragraph 12 of the Complaint.**

In answer to paragraph 12 of the Complaint, Defendant admits the allegations therein

**Paragraph 13 of the Complaint.**

In answer to paragraph 13 of the Complaint, Defendant denies the allegations therein

**Paragraph 14 of the Complaint.**

In answer to paragraph 14 of the Complaint, Defendant admits the allegation therein.

**Paragraph 15 of the Complaint.**

In answer to paragraph 15 of the Complaint, Defendant denies the allegations therein

**Paragraph 16 of the Complaint.**

In answer to paragraph 16 of the Complaint, Defendant admits the allegations therein.

**Paragraph 17 of the Complaint.**

In answer to paragraph 17 of the Complaint, Defendant admits the allegations therein.

**Paragraph 18 of the Complaint.**

In answer to paragraph 18 of the Complaint, Defendant admits the allegations therein.

**Paragraph 19 of the Complaint.**

In answer to paragraph 19 of the Complaint, Defendant denies the allegations therein

**Paragraph 20 of the Complaint.**

In answer to paragraph 20 of the Complaint, Defendant has no information or belief, and on that basis, denies the allegations.

**Paragraph 21 of the Complaint.**

In answer to paragraph 21 of the Complaint, Defendant admits the allegations therein.

**Paragraph 22 of the Complaint.**

In answer to paragraph 22 of the Complaint, Defendant admits the allegations therein.

**Paragraph 23 of the Complaint.**

In answer to paragraph 23 of the Complaint, Defendant denies the allegations therein.

**Paragraph 24 of the Complaint.**

In answer to paragraph 24 of the Complaint, Defendant denies the allegations therein.

**Paragraph 25 of the Complaint.**

In answer to paragraph 25 of the Complaint, Defendant denies the allegations therein.

**Paragraph 26 of the Complaint.**

In answer to paragraph 26 of the Complaint, Defendant denies the allegations therein.

**Paragraph 27 of the Complaint.**

In answer to paragraph 27 of the Complaint, Defendant admits the allegations therein.

**Paragraph 28 of the Complaint.**

In answer to paragraph 28 of the Complaint, Defendant admits the allegations therein.

**Paragraph 29 of the Complaint.**

In answer to paragraph 29 of the Complaint, Defendant admits the allegations therein.

**Paragraph 30 of the Complaint.**

In answer to paragraph 30 of the Complaint, Defendant admits the allegations set forth therein.

**Paragraph 31 of the Complaint.**

In answer to paragraph 31 of the Complaint, Defendant admits the allegations set forth therein.

**<u>AFFIRMATIVE DEFENSES</u>**

1.  FOR A FIRST AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff seeks reimbursement for claims or portions of claims that were potentially covered by the policy. *(Val's Painting & Drywall v Allstate Ins.* (1975) 53 Cal App. 3d 576).

2.  FOR A SECOND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff seeks reimbursement for claims which were potentially covered, even though Plaintiff ultimately had no duty to indemnify the insured (*New Hampshire Ins. Co. v Vieira* (9th Cir. 1991) 930 F2d 696).

3.  FOR A THIRD AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff seeks reimbursement for its costs of defense ($15,106.13) for claims for damages potentially covered by the policy (*Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal 4th 643).

4. FOR A FOURTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff cannot prove by a preponderance of the evidence that the defense costs for which it seeks reimbursement can be allocated solely to the claims that are not even potentially covered (*Buss v Superior Court* (1997) 16 Cal 4th 35, fn.15).

5. FOR A FIFTH AFFIRMATIVE DEFENSE, Defendant alleges that Defendant will not be unjustly enriched if Plaintiff is not reimbursed as Defendant incurred substantial fees and costs not paid by the Plaintiff, spent untold hours of uncompensated time assisting in the defense of the underlying claim and paid the $144,428.60 verdict against him.

6. FOR A SIXTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to adequately and timely explicitly reserve its right to seek reimbursement of defense costs and indemnity dollars so as to preserve Plaintiffs rights

7. FOR A SEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's conduct throughout the underlying litigation created the impression that there was no coverage dispute and is estopped from seeking reimbursement or waived its right to seek reimbursement.

8. FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to appeal the judgment against its insured and thereby breached its duty to defend its insured.

9. FOR A NINTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff had a duty to defend the affirmative defenses raised by the Plaintiffs in the underlying action or against any cross-complaint brought against the insured *(3250 Wilshire Blvd. Bldg. v Employers Ins. of Wausau* (1995) 39 Cal App 4th 1277).

10. FOR A TENTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff had a duty to pay $300,303.85 as a 'supplementary payment' under the terms of their policy, as a cost taxed against the insured and in accord with *Prichard v. Liberty Mut. Ins. Co.* (2000) 84 Cal. App. 4th 890.

11. FOR AN ELEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff had a duty to pay the $300,303.85 awarded against the Defendant due to a prevailing party attorney-fee clause as such attorneys' fees award are statutorily defined as costs. (*Insurance Co. North America v. National American Ins. Co. (1995)* 37 Cal. App. 4th 195, fn. 22).

12. FOR AN TWELFTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to mitigate its damages.

13. FOR A THIRTEENTH AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred by the doctrine of unclean hands.

DATED: October 6, 2006                     FOREMAN & BRASSO

                                           By:  /s/
                                                Ronald D. Foreman
                                                Attorneys for Defendant
                                                Michael T. Blatt

L:\FAB\Blatt\Liberty Mutual\Pleadings\Answer.wpd

**ANSWER**

- 6 -