Ronald J. Skocypec, Esq., Bar No.: 072690
Melodee A. Yee, Esq., Bar No.: 168541
PETERSON & BRADFORD, LLP
100 North First Street, Suite 300
Burbank, CA 91502
818.562.5800
818.562.5810 – Facsimile

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Liberty Mutual Insurance Company, | Case No.: C 06 2022 SC |
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT; |
| vs. | [PROPOSED] ORDER |
| Michael T. Blatt, | |
| Defendant. | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1

JOINT CASE MANAGEMENT STATEMENT

## DESCRIPTION OF THE CASE

1. <u>Brief description of the events underlying the action</u>.

This is an insurance coverage action relating to Liberty's defense of defendant Michael Blatt in an underlying construction defect action. Defendant was an additional insured under a policy issued by Liberty to Schnabel Foundation. Subject to a reservation of rights, Liberty defended Blatt under the terms of an endorsement which provided that Blatt was an additional insured under the Liberty policy, but "only with respect to liability arising out of [Schnabel's] operations . . . ." Schnabel obtained a defense verdict in the underlying action. Blatt paid the judgment entered against him. However, Liberty paid, under a reservation of rights, the amount of $300,303.85 which reflected that portion of the judgment representing the fees and costs taxed against Blatt in the underlying action. Liberty filed the instant action to recover that amount, plus additional fees and costs which are not covered under the policy.

2. <u>The principal factual issues which the parties dispute</u>.

Plaintiff Liberty - No material facts are in dispute.

Defendant Blatt – Accounting for monies claimed by Liberty Mutual.

3. <u>The principal legal issues which the parties dispute</u>.

Plaintiff Liberty - The primary legal issues are Liberty's duty to defend Blatt in light of the defense verdict rendered in Schnabel's favor and Liberty's recovery of its payment, under a reservation of rights, of the fees and costs assessed against Blatt in the underlying action and any additional costs and fees which are not covered under the Liberty policy.

Defendant Blatt - Blatt alleges that Liberty had a duty to pay the $300,303.85 awarded against the defendant due to a prevailing party attorney-fee clause as such attorneys' fees award are statutorily defined as costs. Blatt alleges that Liberty had a duty to pay $303,303.85 as a "supplementary payment" under the terms of their policy, as a cost taxed against the insured and in accord with Prichard v. Liberty Mutual Ins. Co. (2000) 84 Cal.App.4th 890.

4.  Additional factual issues (e.g. service of process, etc.) which remain unresolved.
None.

5.  Parties which have not been served in this action.
None.

6.  Additional parties intended to join.
None.

**ALERNATIVE DISPUTE RESOLUTION**

The parties are agreeable to the nonbinding alternative dispute resolution process.

**DISCLOSURES**

The parties certify that they have made the following disclosures:

1.  Witnesses.
    Michael Blatt
    Ronald Foreman

Michael Barnette
Experts in the underlying action
Person Most Knowledgeable for Schnabel Foundation
Rand L. Chritton
Joseph D. Ryan
Jacqueline Fagerlin
Al Anolik
Haig Harris
Peter Kane
Mary Kayglaspy

2. <u>Documents.</u>

Foreman and Brasso's attorney billing statements
Foreman and Brasso's files relating to the underlying action
Transcripts in the underlying action relating to trial
Pleadings in the underlying action and all documents on file therewith
Non-protected, non-privileged portions of Liberty's claims file re the defense of Gabbert
Schnabel Foundation files for the underlying action
Ryan and Lifter files for the underlying action

3. <u>Damage Computations.</u>

Liberty's damage computations are set forth in its motion for default judgment, a copy of which has been provided to defendant.

4.  Insurance Agreements.

A copy of the policy at issue is attached to the complaint filed herein and thus is already in the possession of defendant.

**DISCOVERY**

The parties agree to the following discovery plan:

1.  Documents.  To the extent relevant documents in the parties' possession, custody and control have not yet been exchanged by the parties, each party will produce the documents in its possession within sixty (60) days of the case management conference.  Documents obtained from the Marin County Superior Court, including trial transcripts, to the extent requested by both parties, shall be obtained and the costs split evenly between the parties.

2.  Written Discovery.  Written discovery shall be completed by June 1, 2007.

3.  Witnesses.  Depositions of any witnesses shall be completed by July 31, 2007.

4.  Expert Witnesses.  Any expert witness-related discovery shall be completed by August 31, 2007.

**DISPOSITIVE MOTIONS**

The parties agree that dispositive motions shall be set for hearing no later than October 1, 2007.

**TRIAL SCHEDULE**

The parties request a trial date in or around November 15, 2007. The parties expect that the trial will last four (4) days.

DATED: November 17, 2006  PETERSON & BRADFORD, LLP

By: _____
Ronald J. Skocypec, Esq.
Melodee A. Yee, Esq.
Attorneys for Plaintiff
Liberty Mutual Insurance Company

DATED: November 10, 2006  FOREMAN & BRASSO

By: _____
Ronald Foreman, Esq.
Attorneys for Defendant
Michael T. Blatt

6

JOINT CASE MANAGEMENT STATEMENT

## CASE MANAGEMENT ORDER

The Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition, the Court orders the following:

IT IS SO ORDERED.

DATED: _____     By: _____
                                The Honorable Samuel Conti
                                Judge of the United States
                                District Court

JOINT CASE MANAGEMENT STATEMENT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On November 20, 2006, I served the foregoing document described as:

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT; [PROPOSED] ORDER**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED MAILING LIST

[X]  (BY MAIL)
[ ] I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid.
[X]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on November 20, 2006, at Burbank, California.

[ ]  (BY FACSIMILE)
[ ] I served by facsimile a true copy of the above-described document. I am "readily familiar" with this firm's practice of processing correspondence by fax. Under that practice documents are placed in our fax machine and are processed and received simultaneously at their destination. The above-referenced document(s) was placed in the fax machine with all costs of faxing prepaid, directed to each party (using their fax number), listed on the attached Service List. Once the document has been transmitted, the fax machine provides a report indicating time of completion.
Executed on _____, at Burbank, California.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Liv Kirchoff

JOINT CASE MANAGEMENT STATEMENT

## SERVICE LIST

Ronald D. Foreman, Esq.
Russell F. Brasso, Esq.
FOREMAN & BRASSO
Attorneys at Law
930 Montgomery St., Suite 600
San Francisco, CA 94133
**Defendant**

***Courtesy Copy**

JOINT CASE MANAGEMENT STATEMENT