Ronald D. Foreman (SBN 61148)
**FOREMAN & BRASSO**
930 Montgomery Street, Suite 600
San Francisco, CA 94133
Telephone:    (415) 433-3475
Facsimile:    (415) 781-8030
Email: foremanandbrasso@foremanandbrasso.com

Attorneys for Defendant
MICHAEL T. BLATT.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Liberty Mutual Insurance Company,<br><br>  Plaintiff,<br><br>v.<br><br>Michael T. Blatt,<br><br>  Defendant.<br>_____ | Case No. C062022<br><br>**DEFENDANT MICHAEL T. BLATT'S STATUS CONFERENCE STATEMENT**<br><br>Date:    March 23, 2007<br>Time:    10:00 a.m.<br>Courtroom:  1 |

Defendant Michael T. Blatt submits this Status Conference Statement for use at the March 23, 2007 Status Conference.

## DESCRIPTION OF THE CASE

**1.    Brief Description of the Events Underlying the Action.**

This is an insurance coverage action relating to Liberty's defense of defendant Michael Blatt in an underlying construction defect action. Defendant was an additional named insured under a policy issued by Liberty to Schnabel Foundation. Subject to a claimed reservation of rights letter, Liberty defended Blatt under the terms of an endorsement which provided that Blatt was an additional insured under the Liberty policy, but "only with respect to liability arising out of [Schnabel's] operations . . . ." Schnabel

---

obtained a defense verdict in the underlying action. Blatt paid the $144,428.60 judgment entered against him. After the Court taxed costs against Blatt and awarded attorneys' fees to Plaintiffs' counsel as the prevailing party in the underlying action, Liberty paid $300,303.85 to extinguish this obligation. Liberty filed the instant action to recover $315,409.98, the total of the two amounts. Blatt denies liability for the reasons stated hereinafter.

**2.     The Principal Factual Issues Which the Parties Dispute.**

• Whether the September 4, 2002 letter of Michael Barnett for Liberty Mutual is a reservation of rights letter reserving to Liberty the right to recover Supplementary Payments made under Coverages A and B of the Liberty Mutual Policy issued to Schnabel Foundation Company.

• Accounting for monies claimed by Liberty Mutual.

**3.     The Principal Legal Issues Which the Parties Dispute.**

The primary legal issues are Liberty's duty to defend Blatt in light of the defense verdict rendered in Schnabel's favor and Liberty's recovery of its payment of the fees and costs assessed against Blatt in the underlying action and any additional costs and fees which are not covered under the Liberty policy.

Whether the September 4, 2002 letter of Michael Barnett for Liberty Mutual is a reservation of rights letter reserving to Liberty the right to recover Supplementary Payments made under Coverages A and B of the Liberty Mutual Policy issued to Schnabel Foundation Company.

Blatt alleges that Liberty had a duty to pay the $300,303.85 awarded against the Defendant due to a prevailing party attorney-fee clause as such attorneys' fees award are statutorily defined as costs.

Blatt alleges that Liberty had a duty to pay $300,303.85 as a 'supplementary payment' under the terms of their policy, as a cost taxed against the insured and in accord with Prichard v. Liberty Mut. Ins. Co. (2000) 84 Cal. App. 4th 890.

Whether Liberty's attempt to recover monies paid to or on behalf of Blatt is unreasonable and, therefore, in bad faith.

DEFENDANT'S CASE MANAGEMENT STATEMENT         CASE NO.: C062022
- 2 -

Whether Liberty's attempt to recover monies paid to or on behalf of Blatt is fraudulent and oppressive conduct entitling Blatt an award of punitive damages.

**4.     Additional Factual Issues (E.g. Service of Process, Etc.) Which Remain Unresolved.**

None.

**5.     Parties Which Have Not Been Served in this Action.**

None.

**6.     Additional Parties Intended to Join.**

None.

### ALERNATIVE DISPUTE RESOLUTION

The parties have been assigned to Richard Warren for mediation. Mr. Warren has circulated a calendar of availability and in a telephone call, confirmed his availability through most of May through September 1, 2007.

### DISCLOSURES

The parties certify that they have made the following disclosures:

**1.     Witnesses.**

Michael Blatt

Ronald Foreman

Michael Barnette

Experts in the underlying action

Person Most Knowledgeable for Schnabel Foundation

Rand L. Chritton

Joseph D. Ryan

Jacqueline Fagerlin

Al Anolik

Haig Harris

Peter Kane

Mary Kayglaspy

**2.     Documents.**

Foreman and Brasso's attorney billing statements

Foreman and Brasso's files relating to the underlying action

Transcripts in the underlying action relating to trial

Pleadings in the underlying action and all documents on file therewith

Non-protected, non-privileged portions of Liberty's claims file re the defense of Gabbert

Schnabel Foundation files for the underlying action

Ryan and Lifter files for the underlying action

**3.     Damage Computations.**

Liberty's damage computations are set forth in its motion for default judgment, a copy of which has been provided to defendant.

**4.     Insurance Agreements.**

A copy of the policy at issue is attached to the complaint filed herein and thus is already in the possession of defendant.

## DISCOVERY

Previously, the parties agreed to the following discovery plan. However, due to calendar conflicts which have arisen since November 2006 and new pending trial dates, Defendant requests that all dates be continued 60 days. The dates below have been changed to accommodate the 60 day extension.

**1.     Documents**. To the extent relevant documents have not yet been exchanged by the parties, each party will produce the documents in its possession within sixty (60) days of the case management conference. Documents obtained from the Marin County Superior Court, including trial transcripts, to the extent requested by both parties, shall be obtained and the costs split evenly between the parties.

**2.     Written Discovery.** Written discovery shall be completed by August 1, 2007.

    **3.**    **Witnesses.**  Depositions of any witnesses shall be completed by September 31, 2007.

    **4.**    **Expert Witnesses.**  Any expert witness-related discovery shall be completed by October 31, 2007.

## DISPOSITIVE MOTIONS

The parties agree that dispositive motions shall be set for hearing no later than December 1, 2007.

## TRIAL SCHEDULE

The parties request a trial date in or around January 31, 2008.  The parties expect that the trial will last four (4) days.

DATED: March 19, 2007                      FOREMAN & BRASSO

By: /s/
Ronald D. Foreman
Attorneys for Defendant
Michael T. Blatt

L:\FAB\Blatt\Liberty Mutual\Pleadings\CMCS 031907.wpd