```
Ronald J. Skocypec, Bar No. 72690
J. Christopher Bennington, Bar No. 105432
KRING & CHUNG, LLP
920 Hampshire Road
Suite A15
Westlake Village, CA 91361
Telephone:  (805) 494-3892
Facsimile:  (805) 494-3914

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHAEL T. BLATT,<br><br>            Defendant. | Case No. C 06 2022 SC<br><br>[PROPOSED] ORDER ON JOINT REQUEST AND MOTION TO CONTINUE FINAL MOTION HEARING DATE AND TO CONTINUE DISCOVERY CUTOFF<br><br>**Trial Date:  November 19, 2007** |

Based on the joint request and the stipulation of the parties, IT IS HEREBY ORDERED:

1) That the last date for hearing of regularly scheduled motions is continued from October 12, 2007 to October 26, 2007; and

2) The discovery cutoff is continued from September 9, 2007 to September 28, 2007.

DATED: August 30, 2007

By:_____
The Honorable
Judge of the United States District Court

*IT IS SO ORDERED*
*Judge Samuel Conti*

---

ORDER ON JOINT REQUEST AND MOTION TO CONTINUE FINAL MOTION HEARING DATE AND TO CONTINUE DISCOVERY CUTOFF

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 38 Corporate Park, Irvine, CA 92606-5105.

On August 29, 2007, I served true copies of the foregoing document(s) described as **[PROPOSED] ORDER ON JOINT REQUEST AND MOTION TO CONTINUE FINAL MOTION HEARING DATE AND TO CONTINUE DISCOVERY CUTOFF** on the interested parties in this action, addressed as follows:

Ronald D. Foreman, Esq.
Russell F. Brasso, Esq.
FOREMAN & BRASSO
930 Montgomery St., Suite 600
San Francisco, CA 94133
Tel.: (415) 433-3475
Fax: (415) 781-8030

[X]  BY U.S. MAIL: The documents were placed in sealed, addressed envelopes on the above date and placed for collection and mailing at my place of business. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 29, 2007, at Irvine, California.

*M. Bennett*
MICHELLE BENNETT

1

F:\Westlake Village\379-Gabbert v. Blatt\POS\PROOF OF SERVICE.doc