1  Ronald J. Skocypec, Bar No. 72690
   J. Christopher Bennington, Bar No. 105432
2  KRING & CHUNG, LLP
   920 Hampshire Road, Suite A15
3  Westlake Village, CA 91361
   Telephone: (805) 494-3892
4  Facsimile: (805) 494-3914

5  Attorneys for Plaintiff
   LIBERTY MUTUAL INSURANCE COMPANY
6

7

8              **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11  LIBERTY MUTUAL INSURANCE       ) Case No. C 06 2022 SC
    COMPANY,                       )
12                                 ) Date: October 26, 2007
             Plaintiff,            ) Time: 10:00 a.m.
13                                 ) Courtroom: 1
          vs.                      )
14                                 ) **REPLY BRIEF IN SUPPORT OF**
    MICHAEL T. BLATT,              ) **LIBERTY MUTUAL'S MOTION**
15                                 ) **FOR SUMMARY JUDGMENT OR**
             Defendant.            ) **SUMMARY ADJUDICATION**
16                                 )
                                   ) Hon. Samuel Conti
17  _____  ) Trial: November 19, 2007

18

19       Plaintiff, Liberty Mutual Insurance Company, hereby submits the

20  following reply brief in support of its motion for summary judgment or

21  adjudication.

22

23  Dated:  October 16, 2007              KRING & CHUNG, LLP

24

25                              By: _____

26                                   J. Christopher Bennington
                                     Ronald J. Skocypec
27                                   Attorneys for Plaintiff
                                     LIBERTY    MUTUAL    INSURANCE
28                                   COMPANY



1

# **TABLE OF CONTENTS**

2

3    Introduction.............................................................................................................1

4

5    I. Liberty Mutual Is Entitled to Full Reimbursement of All Sums Paid to the

6       Underlying Plaintiffs.......................................................................................3

7

8    II. Liberty Mutual Is Entitled to Full Reimbursement of All Fees and

9       Costs Paid to Defend Mr. Blatt in the Underlying Lawsuit...........................7

10

11   III. Solely in the Alternative, Liberty Mutual Is Entitled to Full Reimbursement

12      of All Defense Fees and Costs Spent on Claims Unrelated to

13      Schnabel's Operations.................................................................................10

14

15   IV. Liberty Mutual Is Entitled to Recover Prejudgment Interest.....................12

16

17   V. Liberty Mutual's Claims Have Been Established by Requests for

18      Admissions Now Deemed Admitted...........................................................13

19

20   Conclusion............................................................................................................13

21

22

23

24

25

26

27



28

---

1

## **TABLE OF AUTHORITIES**

2

3   Aydin Corp. v. First State Insurance Co.

4       18 Cal.4th 1183, 77 Cal.Rptr.2d 537 (1998)...........................................8

5   Buss v. Superior Court,

6       16 Cal.4th 35, 65 Cal.Rptr.2d 366 (1997)..............................1, 9, 10, 11

7   Golden Eagle v. Cen-Fed, Ltd.,

8       148 Cal.App.4th 976, 56 Cal.Rptr.3d 279 (2007)..............................4, 6

9   Montrose Chemical Corp. v. Superior Court,

10      6 Cal.4th 287, 24 Cal.Rptr.2d 46 (1993).......................................3, 8, 12

11  Palmer v. Truck Insurance Exchange,

12      21 Cal.4th 1009, 90 Cal.Rptr.2d 647 (1999)...........................................9

13  Prichard v. Liberty Mut. Ins. Co.,

14      84 Cal.App.4th 890, 101 Cal.Rptr.2d 298 (2000)....................................6

15  Ringler Associates, Inc. v. Maryland Casualty Co.

16      80 Cal.App.4th 1165, 96 Cal.Rptr.2d 136 (2000)....................................4

17  Scottsdale Insurance Co v. MV Transportation,

18      36 Cal.4th 643, 31 Cal.Rptr.3d 147.........................................................4

19  Waller v. Truck Insurance Exchange

20      11 Cal.4th 1, 44 Cal.Rptr.2d 370 (1995).................................................5

21

22

23

24

25

26

27

28

**MOTION FOR SUMMARY JUDGMENT**

1

2

# **INTRODUCTION**

3       This case exemplifies the old saw that "no good deed goes
4 unpunished."  Liberty Mutual Insurance Company defended Mr. Blatt against
5 the underlying litigation after properly reserving its rights, including the right
6 to seek reimbursement of fees and costs spent to defend uncovered claims.
7 The jury verdict in the underlying case established as a matter of law that
8 Liberty Mutual never had an obligation to defend Mr. Blatt, yet to avoid claims
9 of bad faith and threats to execute on Mr. Blatt's personal property, Liberty
10 Mutual advanced on behalf of Mr. Blatt the attorney's fees and costs awarded
11 to the underlying plaintiffs.

12

13       Now, Mr. Blatt argues that because Liberty Mutual once accepted the
14 defense it has no right to seek reimbursement under Buss v. Superior Court,
15 16 Cal.4th 35, 65 Cal.Rptr.2d 366 (1997), and because it advanced payment
16 of the fees and costs awarded in the underlying case it is now estopped from
17 seeking reimbursement of those sums, as well.  In other words, defendant
18 now argues that Liberty Mutual loses because it faithfully discharged
19 whatever obligations it might have owed to Mr. Blatt.

20

21       Defendant's position stands California insurance law on its head.
22 Liberty Mutual did what it was supposed to do: it reserved its rights, and it
23 defended its (additional) insured.  It is now entitled to recover the sums it paid
24 given the determination that it never had a duty to defend Mr. Blatt.

25

26       There are several basic facts that defendant does not challenge, and
27 they are dispositive of the issues in this case:

28

1        1. Mr. Blatt was an additional insured under a policy issued to Schnabel
2  Foundation, and Liberty Mutual had no obligation to defend him save for
3  claims of "liability arising out of [Schnabel's] operations or premises owned or
4  rented to [Schnabel]."  If Schnabel was not liable, then Liberty Mutual had no
5  ultimate obligation to Mr. Blatt;

6

7        2. The jury's verdict exonerating Schnabel established as a matter of
8  law that Liberty Mutual had no duty to defend or indemnify Mr. Blatt because
9  a finding on the merits that there was no liability on the part of Schnabel
10 means *a fortiori* that Mr. Blatt's liability could not arise out of Schnabel's
11 operations;

12

13       3. The attorneys fees and costs paid to the underlying plaintiffs
14 awarded weeks or months after the jury returned its verdict and established
15 that there was no liability arising out of Schnabel's operations;

16

17       4.   The attorneys fees were awarded to the underlying plaintiffs
18 because of the terms of the contract between them and Mr. Blatt;

19

20       5. The attorneys fees and costs awarded to the underlying plaintiffs
21 were paid under the supplementary payments section of the Liberty Mutual
22 policy as an element of the costs of defense;

23

24       6. Liberty Mutual properly reserved its right to seek reimbursement
25 from Mr. Blatt; and

26

27       7. Liberty Mutual is entitled to prejudgment interest on those sums
28 recovered from defendant.

2

KRING & CHUNG
ATTORNEYS LLP

1
2
3

## I. LIBERTY MUTUAL IS ENTITLED TO FULL REIMBURSEMENT OF ALL SUMS PAID TO THE UNDERLYING PLAINTIFFS.

4

5   Liberty Mutual was only obliged to defend and indemnify Mr. Blatt to
6   the extent that his liability arose out of the operations of Schnabel.  The jury
7   verdict, which established that there was no liability to any party arising out of
8   Schnabel's operations, was returned on February 27, 2004.  (Exhibit E.)  As
9   of that date, as a matter of law Liberty Mutual had no further obligation to
10  defend or indemnify Mr. Blatt.[1]  As the California Supreme Court made clear
11  in Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287, 295, 24
12  Cal.Rptr.2d 46 (1993), the carrier's duty to defend continues "until the
13  underlying lawsuit is concluded . . . or until it has been shown that there is *no*
14  potential for coverage."  (Emphasis in original.)  Even defendant concedes
15  that Liberty Mutual had no further or "prospective" defense obligation going
16  forward after the jury verdict.  (Opposition p. 2, ll. 6-21.)

17

18  The underlying plaintiffs' court costs and attorney's fees were awarded
19  after a hearing on May 4, 2004, and the judgment including the award of
20  costs and fees was signed by the trial court on June 30, 2004.  (Exhibit F.)
21  Liberty Mutual later made payments to the underlying plaintiffs for their costs
22  and attorney's fees.  (Baker declaration, para. 6.)  All of these events
23  occurred after the jury verdict had established that there was no duty to

24

25
26
27

---

[1] Of course, it is Liberty Mutual's position that the jury verdict established as a matter of law that there had *never* been a duty to defend, and that issue is addressed below. However, there is no argument – and none offered by defendant – that the jury verdict at a minimum established that there was no further or prospective obligation to defend Mr. Blatt after February 27, 2004.

28

1 defend.

2

3 Once the facts demonstrate that a carrier has no potential for coverage,
4 the carrier is free to withdraw from the defense of the insured.  See, for
5 example, Ringler Associates Inc., v. Maryland Casualty Co., 80 Cal.App.4th
6 1165, 1186-87, 96 Cal.Rptr.2d 136 (2000).  On the other hand, a carrier is
7 not obliged to withdraw its defense as a predicate for seeking reimbursement
8 from its insured.[2]   The Ringler court noted that "in order to avoid any
9 possibility of liability for bad faith . . . it may be prudent for an insurer to obtain
10 a declaratory judgment that it has no duty before unilaterally withdrawing
11 from a defense. . . ."  Id. at 1192.  The carrier may instead reserve its rights,
12 defend the insured, and then seek reimbursement from the insured of sums
13 the carrier was not ultimately obliged to spend.  Scottsdale Ins. Co. v. MV
14 Transportation, 36 Cal.4th 643, 649, 31 Cal.Rptr.3d 147 (2005).  That is
15 *exactly* what Liberty Mutual did in this case.  Defendant's suggestion that
16 Liberty Mutual's payment somehow bars its Buss reimbursement claim would
17 render the Buss decision completely meaningless.

18

19 Moreover, this very issue – the payment of attorney's fees and costs to
20 a claimant when it has been determined that there is no duty to defend the
21 insured – was resolved by the Court of Appeal in Golden Eagle v. Cen-Fed,
22 Ltd., 148 Cal.App.4th 976, 56 Cal.Rptr.3d 279 (2007).  It is on all fours and
23 establishes Liberty Mutual's right to seek reimbursement for the fees and

24

25 [2] Defendant suggests in his opposition that Liberty Mutual's decision not to withdraw is
26 somehow demonstrative of its ultimate duty to defend.  "Significantly, Liberty Mutual never
withdrew their [sic] defense of the case.  It necessarily follows that Liberty Mutual
27 determined that the damages were covered under the terms of the policy."  (Opposition,
page 14, ll. 17-19.)

28

4

1  costs paid to the underlying plaintiffs.[3]

2

3      Defendant argues that Liberty Mutual has either waived its claim for
4  reimbursement or is estopped from seeking such relief.[4]  But to hold that
5  there has been a waiver, a court must find "the intentional relinquishment of a
6  known right after knowledge of the facts.  The burden . . . is on the party
7  claiming a waiver of a right to prove it by clear and convincing evidence that
8  does not leave the matter to speculation, and doubtful cases will be decided
9  against a waiver."  Waller v. Truck Ins. Exchange, 11 Cal.4th 1, 31, 44
10 Cal.Rptr.2d 370 (1995).  That burden cannot be met in the present case
11 where  Liberty  Mutual  fully  reserved  its  rights  in  writing  to  seek
12 "reimbursement" from Mr. Blatt.

13

14     The estoppel argument must also fail.  An equitable estoppel requires a
15 showing of "detrimental reliance."  Id. at 34.  Defendant suggests that Liberty
16 Mutual "never notified Blatt . . . that it would seek reimbursement" of the
17 amounts paid to the underlying plaintiffs. (Opposition p. 13, ll. 8-10.)  But this
18 ignores the fact that Liberty Mutual provided its defense under an express
19 reservation of its right to seek reimbursement.   How could Blatt have
20 detrimentally relied on Liberty Mutual's actions and concluded that plaintiff
21 would not seek reimbursement when it expressly reserved its right to do so?

22

23  [3]  Defendant suggests that Liberty Mutual's reliance on Cen-Fed is "misplaced," and
24  insists that the Cen-Fed "trial court found that there was no duty to defend under the
    policy, yet held that the insurer had to pay attorneys fees pursuant to contract."
25  (Opposition, p. 9, ll. 20-22.)  That is what the Cen-Fed trial court found, and that ruling
    was reversed by the Court of Appeal.  How that result allegedly supports defendant's
26  position in this case is unclear.

    [4]  Defendant appears to use the terms "waiver" and "estoppel" interchangeably.  The
27  heading in the Opposition points and authorities refers to estoppel, but defendant cites his
    affirmative defenses of estoppel and waiver.  (Opposition, p. 12, ll. 26-28.)

28

REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION

1 Blatt asserts that he could have negotiated with the underlying plaintiffs for
2 some discount of the fees and costs, but this assertion is offered without one
3 whit of evidence or support.

4

5      Finally, defendant's waiver/estoppel position is disingenuous since Mr.
6 Blatt *demanded* that Liberty Mutual pay the entire judgment against him,
7 including the attorney's fees and costs awarded to the underlying plaintiffs.
8 (Bennington supplemental declaration.)    How can defendant accept a
9 defense under a reservation of rights, fail to establish the predicate for any
10 coverage whatsoever (liability arising from the operations of the named
11 insured, Schnabel), demand that the carrier nevertheless pay for an award of
12 attorney's fees and costs, and then argue in *equity* that the carrier is
13 estopped from seeking reimbursement because it acceded to defendant's
14 demands and advanced the payment?

15

16      In summary, Liberty Mutual reserved its right to seek reimbursement of
17 all defense costs spent on uncovered claims.  The jury verdict established –
18 at a minimum – that Liberty Mutual had no obligation to defend defendant
19 going forward.  The attorney's fees and costs awards were made *after* the
20 jury verdict was returned.  The awards were an element of the costs of
21 defense.[5]  Defendant demanded that Liberty Mutual pay the attorney's fees
22 and costs awards.   Liberty Mutual advanced the payments, but never
23 withdrew its reservation of rights.

24

25

26
27 [5]   This fact is established by the holdings in <u>Prichard v. Liberty Mutual Ins. Co.</u>, 84
Cal.App.4th 890, 101 Cal.Rptr.2d. 298 (2000) and <u>Cen-Fed</u>, and it is never challenged by
defendant in his opposition.
28

REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION

1    Under the circumstances, Liberty Mutual is clearly entitled to
2 reimbursement of all defense costs incurred after the jury's verdict in the
3 underlying case, including the awards to the underlying plaintiffs.  It had no
4 obligation to make the payments, and it properly reserved its right to seek
5 repayment from defendant.

6

7    **II.    LIBERTY   MUTUAL   IS   ENTITLED   TO   FULL**
8          **REIMBURSEMENT OF ALL FEES AND COSTS PAID TO**
9          **DEFEND MR. BLATT IN THE UNDERLYING LITIGATION.**

10

11    Liberty Mutual maintains that it is entitled to a full reimbursement of all
12 defense fees and costs incurred on behalf of Mr. Blatt because the jury
13 verdict in the underlying case established – as a matter of law – that there
14 had never been a potential for coverage under the Liberty Mutual policy.
15 Defendant does not challenge that in some cases at least, a carrier is entitled
16 to a full reimbursement of all defense fees and costs.  This was made clear in
17 Scottsdale and Cen-Fed, where events demonstrated that there was never
18 any coverage in the first place.

19

20    This is one of those cases.  Notably, this is not a "standard"
21 construction defect case where a carrier defends its own named insured
22 against claims of negligence.  Mr. Blatt was an additional insured under the
23 policy issued to Schnabel, and he was only entitled to coverage to the extent
24 that liability arose out of Schnabel's operations.  Thus, to demonstrate even a
25 potential for coverage, defendant had to establish that the claims were
26 generally covered under the terms of the policy *and* that the claims arose out
27 of something that Schnabel did.  The jury verdict established as a matter of
28 law that Mr. Blatt could never have met that second requirement because

7

1 while the jury found Mr. Blatt was liable, none of the damages that were
2 awarded related to Schnabel's operations.  Thus, defendant has failed to
3 meet the threshold test for coverage under the Liberty Mutual policy.[6]

4

5 Defendant never really comes to grips with this argument.  He asserts
6 only that there must have been potential for coverage at the outset because
7 Liberty Mutual agreed to defend him, and that the duty to defend is only
8 extinguished prospectively.  In many cases, he would be correct.  But not in
9 this case, where the jury verdict established as a matter of law that there was
10 no coverage or potential for coverage from the outset.

11

12 Defendant argues, "A jury verdict is necessarily later in times that the
13 insurer's determination of its duty to defend.  The fact that the insured is later
14 exonerated does not alter whether the facts triggered a duty to defend in
15 advance of the jury verdict."  (Opposition, p. 2, ll. 8-11.)  As to the *named*
16 insured, Schnabel, this is a correct statement of the law.  But Mr. Blatt was
17 not a named insured; rather he was an *additional* insured whose coverage
18 was conditioned on establishing that his liability arose out of Schnabel's
19 operations.  Compared with the named insured, there is an additional hurdle
20 that Mr. Blatt, as the additional insured, must surmount to establish even a
21 potential for coverage under the policy – that the claim stemmed from
22 something Schnabel did.

23

24

---

25 [6] The burden to establish that a claim is covered in the first instance under the insuring
clause of a policy rests with the insured.  Aydin Corp. v. First State Ins. Co., 18 Cal.4th
26 1183, 1188, 77 Cal.Rptr.2d 537 (1998).  The burden only shifts to the insurer once the
insured has made that demonstration of coverage.  Montrose, supra, 6 Cal.4th at 304.
27 Defendant cannot make that demonstration because of the jury verdict in the underlying
case.

28



REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION

1   The jury verdict exonerated Schnabel.  It did not exonerate Mr. Blatt.
2  But by exonerating Schnabel, the jury eliminated that condition precedent for
3  any coverage for Mr. Blatt under the policy.

4

5       Mr. Blatt implicitly insists that he should be treated in the same manner
6  as the named insured.  He says, in essence, "I am an insured, the policy
7  covers property damage, there is a claim for property damage, so defend
8  me."  But this position ignores the limiting language in the additional insured
9  endorsement, which restricts coverage to claims for "liability arising out of
10 [Schnabel's] operations. . . ."  It is a basic tenet of policy interpretation that a
11 court should interpret a policy in context and give effect to *all* parts of the
12 policy.  See, for example, Palmer v. Truck Ins. Exchange, 21 Cal.4th 1009,
13 1115, 90 Cal.Rptr.2d 647 (1999).   Defendant's interpretation makes the
14 limiting language of the additional insured endorsement meaningless.

15

16      Finally, the duty to defend "rests on the fact that the insurer has been
17 paid premiums by the insured for a defense."  Buss, supra, 16 Cal.4th at 47.
18 In this case, Mr. Blatt has paid nothing.  Schnabel paid premium to buy a
19 defense for claims made against it, and, arguably, it paid premium to buy a
20 defense for additional insureds against claims "arising out of [Schnabel's]
21 operations. . . ."  *But nobody paid any premium to defend Mr. Blatt against*
22 *claims that had nothing to do with Schnabel's operations.*  Where "none of
23 the claims is even potentially covered, the insurer does not have a duty to
24 defend." Id.

25

26      The jury verdict in the underlying case has established as a matter of
27 law that there was never a potential for coverage for the claims made against
28 Mr. Blatt.  Thus, Liberty Mutual never had a duty to defend, and it is entitled

9

1  to reimbursement of all the costs of defense incurred on behalf of the
2  defendant.

3

4  **III.    SOLELY IN THE ALTERNATIVE, LIBERTY MUTUAL IS**
5  **ENTITLED   TO   FULL   REIMBURSEMENT   OF   ALL**
6  **DEFENSE FEES AND COSTS SPENT ON CLAIMS**
7  **UNRELATED TO SCHNABEL'S OPERATIONS.**

8

9       Even if the court were to find that Liberty Mutual had an obligation to
10  defend some of the claims made against Blatt prior to the date of the jury's
11  verdict, that does not mean that there was a duty to defend all of the claims.
12  It is the basic holding of Buss that a carrier can recover that portion of the
13  fees and costs spent on the defense of uncovered *claims*.[7]

14

15       Defendant argues that Liberty Mutual must pay all of the costs of
16  defense – or at least those incurred before the jury's verdict – because
17  Schnabel was allegedly responsible for the water damage and claims of
18  water damage appeared in all of the *causes of action*.  If such allegations
19  appear in all causes of action, defendant reasons that all *claims* must be
20  potentially covered.[8]  This reading is not tenable.

21

22  _____

23  [7] "As to the *claims* that are not even potentially covered, . . . the insurer may seek
    reimbursement for defense costs. . . .   The reason is this.   Under the policy, the insurer
24  does not have a duty to defend the insured as to *claims* that are not even potentially
    covered.   With regard to defense costs for these *claims*, the insurer has not been paid
25  premiums by the insured.   It did not bargain to bear these costs." Buss, supra, 16 Cal.4th
    at 50-51, emphasis added.

26  [8] ". . . [A]s the court can plainly see from the Gabbert and Lincoln complaint in the
    underlying action, the allegations of water intrusion applied to *all* causes of action and
27  thus *all* claims were potentially covered in this case, preventing Liberty Mutual from
    collecting any amount paid for Blatt's attorneys fees." (Opposition, p. 3, ll. 4-8.)

28

REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION

1       The Supreme Court in <u>Buss</u> took pains to describe the difference
2  between covered and uncovered "claims."   It did not distinguish between
3  covered and uncovered "causes of action."   The instant case is a classic
4  illustration of why the Court chose to use the term "claims."

5

6       Schnabel built a wall.   It was apparently alleged that the wall was in
7  some way defective and this led to some water intrusion.   Yet, water damage
8  was not the only claim at issue in the underlying case.   At a minimum,
9  defendant concedes that he was facing claims that his condominiums failed
10 to comply with applicable building codes, did not have proper ventilation, and
11 were not structurally sound.   (Opposition, p. 4, n.1.)   Schnabel's work had
12 nothing to do with building codes, ventilation or structural integrity of the
13 condominiums themselves, as is clear from a review of the Schnabel-Blatt
14 contract.   (Exhibit 1 to Blatt declaration.)[9]   Moreover, it is clear from the
15 underlying pleadings that the Schnabel wall was not the only alleged source
16 of water intrusion.

17

18      None of these additional claims arose out of Schnabel's operations.

19

20 [9]  In his own cross-complaint, Blatt alleged that the underlying plaintiffs had made a
21 lengthy list of claims against him:   "Plaintiffs allege, among other things, that [the
   condominiums] had the following defects: required hold-downs were missing from the
22 elevator shaft as was required shear wall; walls were missing sill plates and were not built
   to plan; steel beaming used [sic] that failed to comply with design plans; through bolts
23 were missing as was wood beam packing; steel beams were not correctly packed; welded
   bolts were used instead of through bolts; hold down straps for shear to beam attachment
24 missing; excess plywood packing caused 'speedbumps'; missing beam bolts; improper
   stair risers; shear walls incorrectly connected to joist blocking; garage walls not built to
25 plans but built too low; no foundations installed as required in plans; tie downs incorrectly
   installed; missing deck flashing; missing ceiling vents [sic] roof showed signs of failure;
26 improper number of roof drains; vapor barriers missing; insufficient drainage because of
   the lack of exit routes; stair cases did not meet code requirements; fire sprinkler system
27 failed to meet code and other defects unknown at this time."   (Exhibit 8 to Foreman
   declaration, p. 9, para. 40.)

28

KRING & CHUNG
ATTORNEYS LLP

1 None of these claims was even potentially covered under the policy, and
2 Liberty Mutual is now entitled to reimbursement for the defense costs
3 incurred to defend those claims.

4

5 The fact that factual allegations are incorporated from one cause of
6 action into the next does not transubstantiate an uncovered *claim* into a
7 covered one. If that were the case, there would be no call for the distinctions
8 made in Buss; every lawsuit would be potentially covered in its entirety if
9 there was but a single potentially-covered claim incorporated from cause of
10 action to cause of action. Besides the fact that such a result is simply silly, it
11 flies in the face of the well-settled authority that coverage is not determined
12 by the manner in which the plaintiff frames the complaint against the insured.
13 The third party cannot be the arbiter of the policy's coverage. Montrose,
14 supra, 6 Cal.4th at 295.

15

16 Liberty Mutual is entitled to a summary adjudication that it had no
17 obligation to pay for "claims" not arising out of Schnabel's operations, and
18 that it is entitled to reimbursement from Mr. Blatt for any sums spent
19 defending such claims. This is the essence of the holding in Buss, and the
20 underlying pleadings make it readily apparent that there were many
21 uncovered claims.

22

23 **IV. LIBERTY MUTUAL IS ENTITLED TO RECOVER**
24 **PREJUDGMENT INTEREST.**

25

26 Defendant does not challenge the fact that Liberty Mutual is entitled to
27 prejudgment interest on the amounts recovered from Mr. Blatt. Thus, the
28 court should summarily adjudicate Liberty Mutual's right to recover such



12

1 prejudgment interest.

2

3 **V. LIBERTY MUTUAL'S CLAIMS HAVE BEEN**
4 **ESTABLISHED BY REQUESTS FOR ADMISSION NOW**
5 **DEEMED ADMITTED.**

6

7 Liberty Mutual served Mr. Blatt with requests for admissions in July.
8 Responses to those requests for admissions became overdue in September.
9 (Supplemental Bennington Declaration.)   Under the provisions of Rule 36,
10 they were deemed admitted at that time.   Defendant has not sought relief
11 from his default.

12

13 The requests deemed admitted establish that Blatt is "legally obligated
14 to reimburse Liberty Mutual for the $300,303.85 in attorney's fees and costs
15 awarded against Blatt in the Gabbert action," and that " Blatt is legally
16 obligated to reimburse Liberty Mutual for the $198,344.88 in fees and costs it
17 incurred while defending Blatt against the claims made in the Gabbert
18 action."

19

20 **CONCLUSION**

21

22 The jury verdict in the underlying case established that none of the
23 claimed damages arose out of Schnabel's operations.   Moreover, the
24 attorney's fees awarded against Mr. Blatt were based on his breach of his
25 contract with the underlying plaintiffs, and did not arise out of any tortious
26 conduct by Schnabel.   Thus, Liberty Mutual had no duty to defend Mr. Blatt
27 or to pay any defense costs, including the awards to the underlying plaintiffs,
28 incurred after the verdict was rendered.

13

The jury verdict also established, as a matter of law, that there had never been a potential for coverage under the policy for any of the claims made against Mr. Blatt. Liberty Mutual is therefore entitled to reimbursement of *all* defense fees and costs incurred in Mr. Blatt's defense. Solely in the alternative, Liberty Mutual is entitled to recover those fees and costs incurred in the defense of uncovered claims not arising from Schnabel's operations.

Finally, Liberty Mutual is entitled to prejudgment interest on all amounts it recovers.

Plaintiff respectfully asks that the court grant the motion and enter judgment in favor of Liberty Mutual for the amounts requested.

Dated:  October 16, 2007                         KRING & CHUNG, LLP

By: _____
                                                J. Christopher Bennington
                                                Ronald J. Skocypec
                                                Attorneys for Plaintiff
                                                LIBERTY MUTUAL INSURANCE
                                                COMPANY



REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION

1

## PROOF OF SERVICE

2 | STATE OF CALIFORNIA, COUNTY OF ORANGE

3
4
5

I, the undersigned, am employed in the County of Orange, State of California.  I am over the age of eighteen (18) years and not a party to the within action.  My business address is 38 Corporate Park, Irvine, CA 92606-5105.

6
7
8

On October 16, 2007, I served true copies of the foregoing document(s) described as **REPLY BRIEF IN SUPPORT OF LIBERTY MUTUAL'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION** on the interested parties in this action, addressed as follows:

9
10
11
12

Ronald D. Foreman, Esq.
Russell F. Brasso, Esq.
Foreman & Brasso
930 Montgomery St., Ste. 600
San Francisco, CA 94133

13

|X|   BY E-MAIL:  By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth on the attached mailing list.

14
15

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

Executed on October 16, 2007, at Irvine, California.

17
18
19

_M. Bennett_
MICHELLE BENNETT

20

21

22

23

24

25

26

27

28



1

F:\8000\0006\POS\PROOF OF SERVICE.doc

1 Ronald J. Skocypec, Bar No. 72690
  J. Christopher Bennington, Bar No. 105432
2 KRING & CHUNG, LLP
  920 Hampshire Road
3 Suite A15
  Westlake Village, CA 91361
4 Telephone:  (805) 494-3892
  Facsimile:  (805) 494-3914
5
  Attorneys for Plaintiff
6 LIBERTY MUTUAL INSURANCE COMPANY

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11 LIBERTY MUTUAL INSURANCE ) Case No. C 06 2022 SC
   COMPANY,                  )
12                           ) Date: October 26, 2007
          Plaintiff,         ) Time: 10:00 a.m.
13                           ) Courtroom: 1
       vs.                   )
14                           ) **SUPPLEMENTAL DECLARATION**
   MICHAEL T. BLATT,         ) **OF J. CHRISTOPHER**
15                           ) **BENNINGTON SUBMITTED IN**
          Defendant.         ) **SUPPORT OF MOTION FOR**
16                           ) **SUMMARY JUDGMENT**
                             )
17 _____  ) Hon. Samuel Conti
                             ) Trial: November 19, 2007
18

19
       J. Christopher Bennington declares:
20

21
       1.  I am an attorney licensed to practice before all of the courts of the
22
   state of California.   I am also admitted to the Northern District.   I am
23
   associated with the firm of Kring & Chung, counsel for Plaintiff Liberty Mutual
24
   Insurance Company in the instant litigation.   I could competently testify as to
25
   the following matters if called upon to do so by the court.
26
   ///
27
   ///
28



_____
**SUPPLEMENTAL DECLARATION OF J. C. BENNINGTON IN SUPPORT OF MOTION FOR**
**SUMMARY JUDGMENT**

1    2. Attached as Exhibits G and H are copies of letters from defendant's
2  counsel, Ronald Foreman.  The letters are dated June 1, 2004 and June 15,
3  2004 respectively.  In these letters, Mr. Foreman demands on behalf of Mr.
4  Blatt that Liberty Mutual pay all parts of the judgment entered against Mr.
5  Blatt in the underlying litigation, including the awards for attorneys fees and
6  costs.

7

8    3. On or about July 18, 2007, I had served on Mr Blatt's counsel a set
9  of requests for admissions and corresponding interrogatory.  Attached as
10 Exhibit I is a true and correct copy of the requests for admissions.

11

12    4. The last extension of time to respond to the requests for admission
13 expired on or about September 7, 2007.  I reminded Mr. Foreman by email of
14 the need to respond to the discovery or otherwise resolve the discovery
15 situation on August 31, 2007, September 14, 2007, September 18, 2007,
16 September 19, 2007, October 2, 2007 and October 4, 2007.  In that last
17 email, I told Mr. Foreman that the requests were deemed admitted under the
18 federal rules.  We also spoke about the issue during a number of telephone
19 conversations, yet no responses to the discovery was sent to this office until
20 late on October 4, 2007.

21

22    I declare under penalty of perjury under the laws of the United States of
23 America that foregoing is true and correct.  Executed October 16, 2007 at
24 Westlake Village, California.

25

26

27                                                J. Christopher Bennington

28

2

**SUPPLEMENTAL DECLARATION OF J.C. BENNINGTON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Exhibit "G"

# FOREMAN & BRASSO

### ATTORNEYS AT LAW

Ronald D. Foreman
Russell F. Brasso
Jacqueline C. Hamilton

930 Montgomery Street, Suite 600
San Francisco, California 94133 .
Tel: 415.433.3475
Fax: 415.781.8030
www.foremanandbrasso.com

Marin Office
21 Tamal Vista Boulevard, Suite 174
Corte Madera, CA 94925

June 1, 2004

<u>Via Facsimile and U.S. Mail</u>
925.224.9976    Page 1

Michael Barnette, Sr. Technical Claims Specialist
Liberty Mutual Insurance Company
P.O. Box 9118
Pleasanton, CA 94566

> Re:    Your Insured:  Schnabel Foundation Co.
>        Your File No.: P602-070876-01
>        Policy No.    TB1-131-011670-397

Dear Mike,

Last week, I received a Proposed Judgment from James Gabbert and Michael Lincoln.  I believe the form of the Proposed Judgment is incorrect.  I wrote Mr. Anolik the enclosed letter and forwarded the enclosed Proposed Amended Judgment.  Ultimately, the Court will enter judgment against defendants Michael and Catherine Blatt.  As you are aware, the Court found that the damages awarded by the jury were property damage, even though we argued to the contrary.  In denying our Motion for Judgment Notwithstanding the Verdict, the Court stated that the Verdict was supported by the facts and rejected our argument that the plaintiffs did not meet the *Aas* test.

The plaintiffs have a judgment for damages in the amount of $144,428.60, attorneys fees in the amount of $286,669 and costs in the amount of $13,634.85, totaling $444,730.25.  Michael and Catherine Blatt hereby make demand, that under the terms of the Liberty Mutual insurance policy, that it pay $444,730.25, to plaintiffs James Gabbert and Michael Lincoln, including any interest which has accrued thereon.

Very truly yours,
FOREMAN & BRASSO

Ronald D. Foreman

RDF/dlm
cc: Clients
E:\FAB\Blatt\Correspondence\Barnette_060104.wpd

Exhibit "H"

# FOREMAN & BRASSO

### ATTORNEYS AT LAW

930 Montgomery Street, Suite 600
San Francisco, California 94133
Tel: 415.433.3475
Fax: 415.781.8030
www.foremanandbrasso.com

Ronald D. Foreman
Russell F. Brasso
Jacqueline C. Hamilton

Marin Office
21 Tamal Vista Boulevard, Suite 174
Corte Madera, CA 94925

June 15, 2004

**Via Facsimile Only**
925-734-0916    Pages: 1
Michael Barnette, Sr. Technical Claims Specialist
Liberty Mutual Insurance Company
P.O. Box 9118
Pleasanton, CA 94566

Re:  Your Insured: Schnabel Foundation Co.
Your File No.: P602-070876-01
Policy No.    TB1-131-011670-397

Dear Mike,

As you know, I wrote to you on June 1, 2004 making demand that the Judgment, attorney's fees and costs be paid pursuant to the terms of the insurance policy. I have not had a reply. Last week the plaintiffs filed their Court Orders arising out of the denial of the JNOV Motion and the granting and denial in part of the attorney's fees and costs bill motions. The recording of the Judgment in favor of the plaintiffs and against my clients will have adverse repercussions on their real estate business and their ability to borrow money. They don't want the Judgment recorded, but if it is recorded they want it satisfied promptly. I have not heard from the insurer or from you regarding the June 1, 2004 demand for payment of the Judgment, attorney's fees and costs. Please let me know the status of the company's review, when the plaintiffs can expect payment and, please provide a certified copy of the Schnabel Foundation Co.'s insurance policy issued by Liberty Mutual Insurance Company.

Very truly yours,
FOREMAN & BRASSO

Dictated, but not read

Ronald D. Foreman

RDF/dlm
cc: Clients - Via Facsimile Only - 415.331.9377

S:\FAB\Blatt\Correspondence\Barnette 061504.wpd

Exhibit "I"

1 | Ronald J. Skocypec, Bar No. 72690
J. Christopher Bennington, Bar No. 105432
2 | KRING & CHUNG, LLP
920 Hampshire Road
3 | Suite A15
Westlake Village, CA 91361
4 | Telephone: (805) 494-3892
Facsimile: (805) 494-3914
5 |
Attorneys for Plaintiff
6 | LIBERTY MUTUAL INSURANCE COMPANY

7

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11 | LIBERTY MUTUAL INSURANCE          ) Case No. C 06 2022 SC
COMPANY,                          )
12 |                                 ) **REQUEST FOR ADMISSIONS**
                                     ) **(SET ONE) PROPOUNDED BY**
      Plaintiff,                     ) **PLAINTIFF LIBERTY MUTUAL**
13 |  vs.                            ) **INSURANCE COMPANY TO**
                                     ) **DEFENDANT MICHAEL T.**
14 | MICHAEL T. BLATT,                ) **BLATT**
                                     )
15 |      Defendant.                  )
                                     )
16 |

17 | PROPOUNDING PARTY:        Liberty Mutual Insurance Company

18 | RESPONDING PARTY:         Michael T. Blatt

19 | SET NO.:                  One

20 |   Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiff Liberty

21 | Mutual Insurance Company hereby requests that defendant Michael T. Blatt admit

22 | the truth of the following statements:

23 | **REQUEST FOR ADMISSION NO. 1**:

24 |   That Michael T. Blatt ("Blatt") tendered his defense in the case of Gabbert v.

25 | Blatt, Marin County Superior Court case CV 020477 ("Gabbert action") under the

26 | terms of policy TB1-131-011670-397 issued by Liberty Mutual Insurance Company

27 | ("Liberty Mutual") in favor of Schnabel Foundation Company ("Schnabel").

28 | ///

1  **REQUEST FOR ADMISSION NO. 2**:

2      That Blatt was an additional insured under the terms of policy TB1-131-

3  011670-397.

4  **REQUEST FOR ADMISSION NO. 3**:

5      That Blatt was not a named insured under the terms of policy TB1-131-

6  011670-397.

7  **REQUEST FOR ADMISSION NO. 4**:

8      That as an additional insured under the terms of policy TB1-131-011670-397,

9  Blatt was only covered against claims that arose out of the operations of Schnabel or

10  out of premises owned by or rented to Schnabel.

11  **REQUEST FOR ADMISSION NO. 5**:

12      That the jury in the Gabbert action found that Schnabel was not liable to any

13  other party.

14  **REQUEST FOR ADMISSION NO. 6**:

15      That the court in the Gabbert action awarded attorney's fees and costs in favor

16  of plaintiffs and against Blatt in the amount of $300,303.85.

17  **REQUEST FOR ADMISSION NO. 7**:

18      That Liberty Mutual paid on behalf of Blatt the $300,303.85 in attorney's fees

19  and costs awarded in favor of plaintiffs in the Gabbert action.

20  **REQUEST FOR ADMISSION NO. 8**:

21      That Liberty Mutual paid at least $198,344.88 in fees and costs while

22  defending Blatt against the claims made in the Gabbert action.

23  **REQUEST FOR ADMISSION NO. 9**:

24      That in accepting Blatt's tender of defense in the Gabbert action, Liberty

25  Mutual reserved its rights to seek reimbursement of all fees and costs incurred in

26  defending Blatt against claims not covered by policy TB1-131-011670-397.

27  ///

28  ///

KC
KRING & CHUNG LLP
ATTORNEYS LLP

1 **REQUEST FOR ADMISSION NO. 10**:

2     That because Schnabel was found not liable to any party in the Gabbert action,

3 the claims against Blatt did not arise out of Schnabel's operations or out of premises

4 owned by or rented to Schnabel.

5 **REQUEST FOR ADMISSION NO. 11**:

6     That because Schnabel was found not liable to any party in the Gabbert action,

7 Liberty Mutual had no obligation to defend Blatt against the claims raised in that

8 litigation.

9 **REQUEST FOR ADMISSION NO. 12**:

10     That because Schnabel was found not liable to any party in the Gabbert action,

11 Liberty Mutual is entitled to reimbursement for sums incurred in defending Blatt

12 against the claims raised in that litigation.

13 **REQUEST FOR ADMISSION NO. 13**:

14     That Blatt is legally obligated to reimburse Liberty Mutual for the $300,303.85

15 in attorney's fees and costs awarded against Blatt in the Gabbert action.

16 **REQUEST FOR ADMISSION NO. 14**:

17     That Blatt is legally obligated to reimburse Liberty Mutual for the $198,344.88

18 in fees and costs it incurred while defending Blatt against the claims made in the

19 Gabbert action.

20 Dated:  July 18, 2007           KRING & CHUNG, LLP

21

22                       By:  _____

23                          J. Christopher Bennington

                           Ronald J. Skocypec

24                          Attorneys for Plaintiff

                           LIBERTY MUTUAL INSURANCE

25                          COMPANY

26

27

28

REQUEST FOR ADMISSIONS (SET ONE)

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF ORANGE

3        I, the undersigned, am employed in the County of Orange, State of California. I am over
the age of eighteen (18) years and not a party to the within action. My business address is 38
4    Corporate Park, Irvine, CA 92606-5105.

5        On July 18, 2007, I served true copies of the foregoing document(s) described as
**REQUEST FOR ADMISSIONS (SET ONE) PROPOUNDED BY PLAINTIFF LIBERTY**
6    **MUTUAL INSURANCE COMPANY TO DEFENDANT MICHAEL T. BLATT** on the
interested parties in this action, addressed as follows:

7
        Ronald D. Foreman, Esq.
8        Russell F. Brasso, Esq.
        FOREMAN & BRASSO
9        930 Montgomery St., Suite 600
        San Francisco, CA 94133
10       Tel.: (415) 433-3475
        Fax: (415) 781-8030
11

12    [X]    BY U.S. MAIL: The documents were placed in sealed, addressed envelopes on the above
        date and placed for collection and mailing at my place of business. I am "readily familiar"
13       with the firm's practice of collecting and processing correspondence for mailing. Under
        that practice, it would be deposited with the U.S. Postal Service on that same day with
14       postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am
        aware that on motion of the party served, service is presumed invalid if postal cancellation
15       date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

17        Executed on July 18, 2007, at Irvine, California.

18

19                                          
20                                          JERI HALL

21

22

23

24

25

26

27

28    

1

Ronald J. Skocypec, Bar No. 72690
J. Christopher Bennington, Bar No. 105432
KRING & CHUNG, LLP
920 Hampshire Road
Suite A15
Westlake Village, CA 91361
Telephone: (805) 494-3892
Facsimile: (805) 494-3914

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

LIBERTY MUTUAL INSURANCE COMPANY,

        Plaintiff,

vs.

MICHAEL T. BLATT,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. C 06 2022 SC

**INTERROGATORIES (SET ONE) PROPOUNDED BY PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY TO DEFENDANT MICHAEL T. BLATT**

PROPOUNDING PARTY:    Liberty Mutual Insurance Company

RESPONDING PARTY:    Michael T. Blatt

SET NO.:    One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 33-2 of the local rules of the Northern District of California, plaintiff Liberty Mutual Insurance Company hereby requests that defendant Michael T. Blatt answer the following interrogatory:

///
///
///
///
///



1 | **INTERROGATORY NO. 1**:

2 |    1.    With regard to the requests for admissions served concurrently with this

3 | interrogatory, please set forth the basis for denying any such request in whole or in

4 | part.

5 | Dated:  July 18, 2007                          KRING & CHUNG, LLP

6 |

7 |                                                By: _____

8 |                                                J. Christopher Bennington
   |                                                Ronald J. Skocypec
9 |                                                Attorneys for Plaintiff
   |                                                LIBERTY MUTUAL INSURANCE
10 |                                               COMPANY

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF ORANGE

3       I, the undersigned, am employed in the County of Orange, State of California.  I am over the age of eighteen (18) years and not a party to the within action.  My business address is 38

4   Corporate Park, Irvine, CA 92606-5105.

5       On July 18, 2007, I served true copies of the foregoing document(s) described as **INTERROGATORIES (SET ONE) PROPOUNDED BY PLAINTIFF LIBERTY MUTUAL**

6   **INSURANCE COMPANY TO DEFENDANT MICHAEL T. BLATT** on the interested parties in this action, addressed as follows:

7

     Ronald D. Foreman, Esq.

8      Russell F. Brasso, Esq.

     FOREMAN & BRASSO

9      930 Montgomery St., Suite 600

10     San Francisco, CA 94133

     Tel.: (415) 433-3475

11     Fax: (415) 781-8030

12   [X]   BY U.S. MAIL:  The documents were placed in sealed, addressed envelopes on the above date and placed for collection and mailing at my place of business.  I am "readily familiar"

13      with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with

14      postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation

15      date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17

     Executed on July 18, 2007, at Irvine, California.

18

19

20                 JERI HALL

21

22

23

24

25

26

27

28

KRING & CHUNG
ATTORNEYS LLP

1 | **PROOF OF SERVICE**

2 | STATE OF CALIFORNIA, COUNTY OF ORANGE

3 |     I, the undersigned, am employed in the County of Orange, State of
4 | California. I am over the age of eighteen (18) years and not a party to the
    within action. My business address is 38 Corporate Park, Irvine, CA 92606-
5 | 5105.

6 |     On October 16, 2007, I served true copies of the foregoing
    document(s) described as **SUPPLEMENTAL DECLARATION OF J.**
7 | **CHRISTOPHER BENNINGTON SUBMITTED IN SUPPORT OF MOTION**
    **FOR SUMMARY JUDGMENT** on the interested parties in this action,
8 | addressed as follows:

9 |     Ronald D. Foreman, Esq.
10 |     Russell F. Brasso, Esq.
    Foreman & Brasso
11 |     930 Montgomery St., Ste. 600
    San Francisco, CA 94133
12 |

13 | ☒    BY E-MAIL: By transmitting a true copy of the foregoing document(s)
    to the e-mail addresses set forth on the attached mailing list.

14 |     I declare under penalty of perjury under the laws of the State of
15 | California that the foregoing is true and correct.

16 |     Executed on October 16, 2007, at Irvine, California.

17 |

18 |     *M. Bennett*
19 |     MICHELLE BENNETT

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |



1