Ronald D. Foreman (SBN 61148)
**FOREMAN & BRASSO**
930 Montgomery Street, Suite 600
San Francisco, CA 94133
Telephone: (415) 433-3475
Facsimile:  (415) 781-8030
Email: foremanandbrasso@foremanandbrasso.com

Attorneys for Defendant
MICHAEL T. BLATT.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL T. BLATT,<br><br>　　　　Defendant. | Case No. C 06 2022 SC<br><br>**DEFENDANT MICHAEL T. BLATT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM ADMISSIONS**<br><br>Date: October 26, 2007<br>Time: 10:00 a.m.<br>Courtroom: 1, Hon. Samuel Conti, Sr.<br><br>Trial Date: November 19, 2007 |

　　　　Defendant MICHAEL T. BLATT ("Blatt") submits the following memorandum of points and authorities in support of his motion for relief from admissions.

### STATEMENT OF FACTS

　　　　This is an insurance coverage action that arises out of Liberty Mutual's defense of defendant Michael Blatt in an underlying construction defect action. The matter has been fully briefed in Liberty Mutual's Motion For Summary Judgment. This Motion For Relief From Admissions should be

---

**DEFENDANT'S MPA ISO FOR RELIEF FROM ADMISSIONS**　　　　CASE NO.: C 06 2022 SC

1  decided by the Court as part of Defendant's Opposition to the Motion For
2  Summary Judgment.
3        In its Reply Brief in support of its Motion For Summary Judgment,
4  Liberty Mutual attached Requests for Admissions as evidence in support of its
5  motion. Liberty Mutual did not rely upon these purported admissions at the
6  time of filing its Motion for Summary Judgment, as its supporting evidence.
7  As described in the supporting declaration of attorney Ronald D. Foreman,
8  Blatt served verified responses to the Request For Admissions and a Special
9  Interrogatory on October 4, 2007. As such, Blatt has complied with the
10 discovery requests. However, Blatt seeks relief from the claimed admissions as
11 plaintiff is taking the position that the Request For Admissions have been
12 deemed admitted. Blatt seeks relief based upon Fed. R. Civ. Pro. 36 (b) and
13 Fed. R. Civ. Pro. 60.
14       Liberty Mutual served Request for Admissions, Set One and Special
15 Interrogatory, Set One on July 18, 2007. As explained in the declaration of
16 attorney Ronald D. Foreman, Liberty Mutual agreed to extend the time for
17 responses and then unilaterally declared, without warning, that the admissions
18 were deemed admitted on October 4, 2007. Counsel for Blatt relied upon the
19 agreed to discovery extensions and once notified of the declared default in
20 responding to the Request For Admissions (and Special Interrogatory), served
21 verified responses within *5 hours* of the declare of default. (See **Exhibit 1** and
22 **Exhibit 2** to the supporting Declaration of attorney Ronald D. Foreman)
23       Although Fed R. Civ. Pro. 36 (b) states that admissions are deemed
24 admitted if not timely responded to, it is clear from the exchange of emails
25 attached to the declaration of Ronald D. Foreman that the parties mistakenly
26 treated plaintiff's Request For Admissions as though they were served in
27 accord with Calif. Code of Civil Procedure 2033.010 in which parties can
28 stipulate to extend the time for making discovery responses, with impunity.

That mutual mistake is now being used as a sword by Liberty Mutual against Michael Blatt. Consequently, the requested Relief From Admissions is soundly based upon the authorities set forth hereinafter and Fed. R. Civ. Pro. 60, which provides for relief based upon a mistake, inadvertence and excusable neglect.

## LEGAL ARGUMENT

An admission may be amended or withdrawn by leave of court on noticed motion. This applies both to express admissions and those resulting from a failure to respond. Fed. R. Civ. Proc. 36(b); *999 C.I.T. Corp.* (9th Cir. 1985) 776 F.2d 866, 869.

The Court will allow relief if the withdrawal will aid in presentation of the merits of the case; no substantial prejudice to the requesting party will result from allowing the admission to be withdrawn and the Request For Relief is timely made[1]. Fed. R. Civ. Proc. 36(b).

Although it is anticipated that plaintiff may claim a form of prejudice by the delayed service of the responses to Request For Admissions and Special Interrogatory, that is truly not the case, as the verified responses were served on October 4, 2007, *5 hours* after defendant received notice that plaintiff was endeavoring to declare a default. (See the Declaration of Ronald D. Foreman in support of this Motion, Paragraphs 2-6.)

The defendant cannot assert "substantial prejudice" simply because an admitted fact will have to be proven at trial. A party must show some increased difficulty in proving the previously admitted fact, such as the unavailability of a witness. *Sonoda v. Cabrera* (9th Cir. 2001) 255 F.3d 1035, 1039; *Farr Man & Co. v. M/V Rozita* (1st Cir. 1990) 903 F.2d 871, 876; *Perez v. Miami-Dade County* (11th Cir. 2002) 297 F.3d 1255, 1264–[error to deny leave where no

---

[1] This Motion For Relief From Admissions was made 15 days after defendant received notice that it was declaring the Request For Admissions deemed admitted and on the last day for hearing of regularly scheduled motions as entered by the Court on August 30, 2007.

substantial prejudice shown, even if motion untimely]; *Raiser v. Utah County* (10th Cir. 2005) 409 F.3d 1243, 1246–["preparing a summary judgment motion in reliance upon erroneous admission does not constitute prejudice"].

Most courts hold that the prejudice must relate to the difficulty the opposing party may face in proving its case at trial. Therefore, reliance on a deemed admission in preparing a summary motion does not, by itself, constitute sufficient prejudice to justify denial of a motion to withdraw the admission. *Conlon v. United States* (9th Cir. 2006) 474 F.3d 616.

As set forth in the Declaration of Ronald D. Foreman in support of this Motion, Paragraphs 8-13, it is demonstrated why plaintiff cannot meet the legally mandated prejudice contemplated by Fed. R. Civ. Pro 36 (b). On the other hand, defendant Michael Blatt definitively demonstrates the prejudice he will suffer if the automatic admissions are not deemed withdrawn and the October 4, 2007 responses deemed operative. The recent decisions in *Salisbury v. Detective Michael Ward* (2007) U.S. Dist. LEXIS 51375 and *Allen v. The Ghoulish Gallery* (2007) U.S. Dist. Lexis 54197 support defendant Michael Blatt's Request For Relief.

The Court has broad discretion in granting relief. The Motion For Relief should be granted because upholding the automatic admissions would practically eliminate any presentation of the merits of the case or the affirmative defenses. And as established in the supporting Declaration of Ronald D. Foreman, it is apparent that the parties were operating under a stipulation extending the time within which to respond to discovery, which was unilaterally terminated by plaintiff's counsel without warning. Once plaintiff's counsel terminated the extension, defendant promptly served verified responses on October 4, 2007.

## CONCLUSION

Based on the foregoing, it is respectfully requested that defendant's

1 motion for Relief From Admissions be granted, that defendant's automatic
2 admissions be deemed withdrawn and the responses to Request to Admit Nos.
3 1-14 served on October 4, 2007, be deemed operative

DATED: October 19, 2007                    FOREMAN & BRASSO

                                    By:    /s/
                                           Ronald D. Foreman
                                           Attorneys for Defendant
                                           Michael T. Blatt