1  Ronald D. Foreman (SBN 61148)
   **FOREMAN & BRASSO**
2  930 Montgomery Street, Suite 600
   San Francisco, CA 94133
3  Telephone:  (415) 433-3475
   Facsimile:   (415) 781-8030
4  Email: foremanandbrasso@foremanandbrasso.com

5  Attorneys for Defendant
   MICHAEL T. BLATT.
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  LIBERTY MUTUAL INSURANCE          )   Case No. C 06 2022 SC
    COMPANY,                          )
12                                    )   **DECLARATION OF**
              Plaintiff,              )   **RONALD D. FOREMAN IN**
13                                    )   **SUPPORT OF DEFENDANT**
    v.                                )   **MICHAEL T. BLATT'S**
14                                    )   **MOTION AND MOTION**
    MICHAEL T. BLATT,                 )   **FOR RELIEF FROM**
15                                    )   **AUTOMATIC ADMISSIONS**
              Defendant.             )
16                                    )   Date:   October 26, 2007
                                      )   Time:  10:00 a.m.
17  _____   )   Courtroom: 1, Hon. Samuel
                                          Conti, Sr.
18

19                                        Trial Date: November 19, 2007

20

21       I, RONALD D. FOREMAN, DECLARE:

22       1.    I am an attorney licensed to practice before all of the courts of the

23  state of California. I am also admitted to the Northern District. I am counsel

24  for defendant Michael Blatt in this litigation. I could competently testify as to

25  the following matters if called upon to do so by the Court.

26       2.    Attached hereto as **Exhibit 1** is a true and correct copy of Mr.

27  Blatt's verified responses to defendant's Request for Admissions, Set One.

28  Attached hereto as **Exhibit 2** is a true and correct copy of Mr. Blatt's verified

1   responses to defendant's Special Interrogatory, Set One. The responses to the
2   Request to Admit and the answer to the Special Interrogatory were served on
3   October 4, 2007, by email, fax and mail. As explained hereinafter, the service
4   of these discovery responses was made *5 hours* after plaintiff's counsel
5   unilaterally terminated the extension of time granted to respond.

6   3.   Plaintiffs served it's Request For Admission by mail on July 18,
7   2007, and it's Special Interrogatory on the same date. As is established by the
8   email traffic between counsel's office for the parties, the time within which to
9   respond to discovery was extended by the parties at least through the close of
10  business on Tuesday, October 2, 2007 and arguably beyond that date. Attached
11  hereto as **Exhibit 3** is the email communication from August 31, 2007,
12  through October 4, 2007. The email communications confirm that the parties
13  were cooperating with discovery, working out the terms of stipulated facts,
14  setting deposition dates by stipulation and conducting themselves in a cordial
15  and collaborative manner so as to address discovery matters.

16  4.   However, on October 4, 2007, and without warning, counsel for
17  Liberty Mutual declared that the Request For Admissions were now deemed
18  admitted. This October 4, 2007 email unilaterally terminated the extension
19  although counsel had just two days before, on October 2, 2007, agreed to
20  extend the time, arguably through Friday, October 5, 2007.

21  5.   In addition to the emails, there were multiple telephone
22  conversations between counsel regarding discovery. While counsel for
23  plaintiff may argue that the emails were limited to stipulated facts and
24  depositions, that was not the case with respect to "discovery responses."
25  Discovery responses only related to the fourteen Request For Admissions and
26  one Special Interrogatory, as that is the only discovery which plaintiff served
27  in this case (no depositions have been taken in this case). Indeed, in a phone
28  call with Chris Bennington somewhere between October 2, 2007 and October

1  4, 2007, the service of the responses to the Request to Admit and Special

2  Interrogatory were specifically the topic of conversation. It was agreed that the

3  making of stipulations for stipulated facts and discovery responses would be

4  addressed by the close of business on Friday, October 5, 2007, or at the latest

5  on Monday, October 8, 2007. (At the same time that discovery was being

6  addressed, defendant Michael Blatt was preparing his opposition to the Motion

7  For Summary Judgment, filed on October 9, 2007.)

8      6.    Upon receipt of the October 4, 2007 email, I stopped working on

9  the opposition to the Motion For Summary Judgment and served the attached

10  responses to Request to Admit and the Special Interrogatory. That evening I

11  spoke with Chris Bennington to confirm that he had received the responses.

12  He had. When I asked whether the responses would dispense with his claim

13  that the Request For Admit were automatically admitted, he responded by

14  asking what was the *quid pro quo*? As of the making of this motion, the parties

15  have been unable to negotiate the *quid pro quo*.

16      7.    It is clear from the course of conduct between counsel that there

17  was a mistaken belief that the time to respond to the Request to Admit could

18  be extended, absent a Court Order. That is not the case. Nevertheless, the

19  conduct and agreements indicate a belief to the contrary. Fed. R. Civ. Pro. 60,

20  provides for relief based upon a mistake, inadvertence and excusable neglect.

21  As counsel for Blatt, I functioned under the good faith belief that there was

22  time to respond to the Request to Admit and that I would timely serve

23  responses without objection from opposing counsel. Apparently, my belief was

24  mistaken as counsel sent his October 4, 2007 email setting forth his objection

25  and declaring the Request to Admit admitted. Based upon the reasons set forth

26  hereinabove, I believe good cause exists for relief from automatic admissions

27  of the Request to Admit in accord with Fed. R. Civ. Pro. 60.

28      8.    Plaintiff cannot make a showing of prejudice while the prejudice

1  to defendant Blatt is great. If the Request's to Admit are deemed automatically
2  admitted, it would practically eliminate the presentation of the defense of the
3  case and bar the presentation of evidence supporting defendant's affirmative
4  defenses. Some of the claimed automatic admissions go to core issues in the
5  case, like Blatt being obligated to reimburse Liberty Mutual $300,303.85
6  (**Exhibit 1**, Request For Admission No. 13) or Blatt being obligated to
7  reimburse Liberty Mutual $198,344.88 (**Exhibit 1**, Request For Admission
8  No. 14). The first test of Rule 36 (b) is met.

9      9.    As to the second prong of the Rule 36 (b) test, there is slight
10  prejudice to plaintiff if the admissions are withdrawn and the October 4, 2007
11  Request to Admit responses are deemed operative. There are fourteen
12  Request's to Admit, seven of which defendant Blatt admitted and seven of
13  which he denied in his responses. There is no new evidence which plaintiff
14  will have to obtain as a result of the seven denials. (The answer to the Special
15  Interrogatory assist plaintiff in explaining the denial).

16      10.   The facts surrounding the denial and the law relied upon by Blatt
17  are well known to the plaintiff. The pending lawsuit seeks reimbursement from
18  Blatt for the cost of defense made by Liberty Mutual in an underlying lawsuit.
19  Liberty Mutual paid defense attorney's fees and knew what it was paying for.
20  The bills were presented to Liberty Mutual in accordance with it's procedures.
21  The bills were reviewed and approved by Liberty Mutual before payment to
22  defense counsel. Melodee Yee, an attorney for Liberty Mutual stated in her
23  Declaration of July 21, 2006, submitted in support of Liberty Mutual's
24  Application For Default Judgment that she spent "significant time reviewing
25  and analyzing the attorney billings relating to the defense of Michael Blatt."
26  (Attached hereto as **Exhibit 4** is Declaration of Melodee A. Yee in Support of
27  Liberty Mutual Company's Application For Default Judgment By Court). The
28  denial to the Request's to Admit causes no surprise evidence nor prejudice to

1 | Liberty Mutual.

2 |   11. With respect to the denial regarding the $300,303.85 attorney's
3 | fees award in favor of prevailing party attorney, Alexander Anolik, Michael
4 | Barnett, a Senior Technical Claims Specialist set forth his personal knowledge
5 | regarding the award of fees, costs and payment in his July 19, 2006
6 | Declaration in Support of Liberty Mutual Companies Motion For Default
7 | Judgment, attached hereto as **Exhibit 5**. The denial to the Request's to Admit
8 | causes no surprise evidence nor prejudice to Liberty Mutual.

9 |   12. Defendant Michael Blatt was sandbagged by Liberty Mutual
10 | when the Request to Admit were declared admitted on October 4, 2007.
11 | Liberty Mutual did not rely upon the Request's to Admit as part of it's moving
12 | papers for the Motion For Summary Judgment. However, after Liberty Mutual
13 | declared the default, it then attached the Request to Admit to it's Reply Brief.
14 | While Liberty Mutual may attempt to claim prejudice as it relates to it's
15 | Motion For Summary Judgment if the automatic admissions are deemed
16 | withdrawn, the claim is insincere for the reasons set forth herein. Further, the
17 | Motion For Summary Judgment does not heavily or principally rely on the
18 | admissions or the claimed admitted matters.

19 |   13. Finally, plaintiff knew that defendant Blatt would deny the
20 | Request to Admit as they are the core issues of the case. If Blatt was going to
21 | admit the Request to Admit, there would have been no need to file an answer
22 | to the complaint, attend the ADR, oppose the Motion For Summary Judgment
23 | or prepare for and attend the Trial.

24 |   14. The Court has broad discretion in granting relief. The motion
25 | should be granted because upholding the admissions would practically
26 | eliminate any presentation of the merits and the admissions resulted from an
27 | delay due to the agreement of counsel. Once plaintiff's counsel terminated the
28 | extension, plaintiff promptly served verified responses on October 4, 2007.

1  For all the reasons set forth hereinabove, it is respectfully requested that the

2  Motion For Relief From Admissions be granted, that the automatic admissions

3  be withdrawn, and that the responses of October 4, 2007, be deemed operative.

4         I declare under penalty of perjury under the laws of the United States of

5  America that the foregoing is true and correct. Executed October __, 2007 at

6  San Francisco, California.

7                                             /s/ _____

8                                             Ronald D. Foreman

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1   Ronald D. Foreman (SBN 61148)
    **FOREMAN & BRASSO**
2   930 Montgomery Street, Suite 600
    San Francisco, CA 94133
3   Telephone:     (415) 433-3475
    Facsimile:      (415) 781-8030
4   Email: foremanandbrasso@foremanandbrasso.com

5   Attorneys for Defendant
    MICHAEL T. BLATT.

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11  Liberty Mutual Insurance Company,          )    Case No. C062022
                                               )
12                      Plaintiff,             )
                                               )
13  v.                                         )    **DEFENDANT MICHAEL T.**
                                               )    **BLATTS' RESPONSES TO**
14  Michael T. Blatt,                          )    **PLAINTIFF LIBERTY MUTUAL**
                                               )    **INSURANCE COMPANY'S**
15                      Defendant.             )    **FIRST SET OF REQUESTS FOR**
                                               )    **ADMISSIONS**
16  _____          )

17

18          PROPOUNDING PARTY:    Liberty Mutual Insurance Company

19          RESPONDING PARTY:     Michael T. Blatt

20          SET. NO.:             One

21  <u>**REQUEST FOR ADMISSION NO. 1:**</u>

22          That Michael T. Blatt ("Blatt") tendered his defense in the case of Gabbert v. Blatt,

23  Marin County Superior Court case CV 020477 ("Gabbert action") under the terms of policy

24  TB1-131-011670-397 issued by Liberty Mutual Insurance Company ("Liberty Mutual") in

25  favor of Schnabel Foundation Company ("Shnabel").

26  //

27  //

28
    _____
    DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY MUTUAL INSURANCE
    COMPANY'S FIRST SET OF REQUESTS FOR ADMISSIONS

1    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

2      Admit.

3    **REQUEST FOR ADMISSION NO. 2:**

4      That Blatt was an additional insured under the terms of policy TB-131-011670-397.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

6      Admit.

7    **REQUEST FOR ADMISSION NO. 3:**

8      That Blatt was not a named insured under the terms of policy TB1-131-011670-397.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

10      Admit.

11    **REQUEST FOR ADMISSION NO. 4:**

12      That as an additional insured under the terms of policy TB1-131-011670-397, Blatt

13 was only covered against claims that arose out of the operations of Schnabel or out of

14 premises owned by or rented to Schnabel.

15    **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

16      Deny.

17    **REQUEST FOR ADMISSION NO. 5:**

18      That the jury in the Gabbert action found that Schnabel was not liable to any other

19 party.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

21      Admit.

22    **REQUEST FOR ADMISSION NO. 6:**

23      That the court in the Gabbert action awarded attorney's fees and costs in favor of

24 plaintiffs and against Blatt in the amount of $300,303.85.

25    **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

26      Admit.

27    //

28

**REQUEST FOR ADMISSION NO. 7:**

That Liberty Mutual paid on behalf of Blatt the $300,303.85 in attorney's fees and costs awarded in favor of plaintiffs in the Gabbert action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admit.

**REQUEST FOR ADMISSION NO. 8:**

That Liberty Mutual paid at least $198,344.88 in fees and costs while defending Blatt against the claims made in the Gabbert action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admit.

**REQUEST FOR ADMISSION NO. 9:**

That in accepting Blatt's tender of defense in the Gabbert action, Liberty Mutual reserved its rights to see reimbursement of all fees and costs incurred in defending Blatt against claims not covered by policy TB1-131-011670-397.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Deny.

**REQUEST FOR ADMISSION NO. 10:**

That because Schnabel was found not liable to any party in the Gabbert action, the claims against Blatt did not arise out of Schnabel's operations or out of premises owned by or rented to Schnabel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Deny.

**REQUEST FOR ADMISSION NO. 11:**

That because Schnabel was found not liable to any party in the Gabbert action, Liberty Mutual had no obligation to defend Blatt against the claims raised in that litigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Deny.

1    **REQUEST FOR ADMISSION NO. 12:**

2        That because Schnabel was found not liable to any party in the Gabbert action,

3    Liberty Mutual is entitled to reimbursement for sums incurred in defending Blatt against the

4    claims raised in that litigation.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

6        Deny.

7    **REQUEST FOR ADMISSION NO. 13:**

8        That Blatt is legally obligated to reimburse Liberty Mutual for the $300,303.85 in

9    attorney's fees and costs awarded against Blatt in the Gabbert action.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

11       Deny.

12   **REQUEST FOR ADMISSION NO. 14:**

13       That Blatt is legally obligated to reimburse Liberty Mutual for the $198,344.88 in

14   fees and costs it incurred while defending Blatt against the claims made in the Gabbert

15   action.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

17       Deny.

18

19   DATED: October ⬥, 2007                    FOREMAN & BRASSO

20

21                      By:   _____

22                            Ronald D. Foreman
                              Attorneys for Defendant
                              Michael T. Blatt

23   L:\FAB\Blatt\Liberty Mutual\Discovery\Resp to RFA1.wpd

24

25

26

27

28

---

**DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR ADMISSIONS**

**VERIFICATION**

I, MICHAEL BLATT, declare:

I am the defendant in the above-entitled action; I have read the foregoing DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR ADMISSIONS and know the contents thereof, and the same is true of my own knowledge, except as to those matters which are therein stated on my information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 3, at Sausalito, California.

Michael Blatt

1

## PROOF OF SERVICE

2        I am a resident of the United States, over 18 years of age, and not a party to the
within entitled action; I am employed at and my business address is 930 Montgomery Street,
3   Suite 600,  San Francisco, California.  On this date I caused to be served the following
document(s):

4

DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY
5   MUTUAL INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR
ADMISSIONS

6

7   xxx     by placing a true copy thereof enclosed in a sealed envelope with postage fully
prepaid in the United States mail at San Francisco addressed as shown below.

8   xxx     by facsimile to the facsimile number(s) shown below.

9   ___     by causing a true copy thereof enclosed in a sealed envelope to be hand delivered.

10  ___     by causing a true copy thereof enclosed in a sealed envelope to be delivered by
FEDEX at the address shown below.

11

12       I declare under penalty of perjury that the foregoing is true and correct.

         Executed at San Francisco, California on October 4, 2007.

13

14                                          _____
                                            Halden Meigs

15

16  **SERVICE LIST**
    Ronald Skocypec
17  Kring & Chung LLP
    920G Hampshire Road, Suite A-15
18  Westlake Village, CA 91361

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY MUTUAL INSURANCE
COMPANY'S FIRST SET OF REQUESTS FOR ADMISSIONS

# EXHIBIT 2

Ronald D. Foreman (SBN 61148)
**FOREMAN & BRASSO**
930 Montgomery Street, Suite 600
San Francisco, CA 94133
Telephone:    (415) 433-3475
Facsimile:    (415) 781-8030
Email: foremanandbrasso@foremanandbrasso.com

Attorneys for Defendant
MICHAEL T. BLATT.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Liberty Mutual Insurance Company, | Case No. C062022 |
| Plaintiff, | |
| v. | **DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S INTERROGATORIES, SET ONE** |
| Michael T. Blatt, | |
| Defendant. | |

PROPOUNDING PARTY:    Liberty Mutual Insurance Company

RESPONDING PARTY:    Michael T. Blatt

SET. NO.:    One

**INTERROGATORY NO. 1:**

1.    With regard to the requests for admissions served concurrently with this interrogatory, please set forth the basis for denying any such request in whole or in part.

//

//

//

DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S INTERROGATORIES, SET ONE

1  **RESPONSE TO INTERROGATORY NO. 1:**

2      With respect to the denial to Request For Admission No. 4, Blatt was covered against

3  claims in accord with the Additional Insured-Blanket Endorsement, attached to the Liberty

4  Mutual insurance policy, Exhibit B to the Declaration of Christopher Bennington in Support

5  of Motion For Summary Judgment. The Request to Admit omits language contained in the

6  Additional Insured-Blanket Endorsement.

7      With respect to the denial to Request For Admission No. 9, Liberty Mutual Insurance

8  Company reserved it's rights pursuant to the September 4, 2002 letter of Michael Barnette,

9  senior technical claims specialist. The Request to Admit omits language contained in the

10  September 4, 2002 letter of Michael Barnette.

11      With respect to the denial to Request For Admission No. 10, the claims against Blatt

12  arose out of the allegations in the lawsuit in the underlying action and the evidence produced

13  at trial proved that the claims arose out of the work and operations of Schnabel.

14      With respect to the denial to Request For Admission No. 11, the obligation for

15  Liberty Mutual Insurance Company to defend and/or indemnify it's additional named

16  insured, Michael Blatt, is independent of it's obligation to it's named insured, Schnabel, and

17  the liability of Schnabel does not determine the obligation to defend or indemnify Blatt. See

18  *Acceptance Insurance Company v. Syufy Enterprises*, (1999) 69 Cal.App.4th 321, 328 and

19  *Vitton Construction v. Pacific Insurance Co.,* (2003) 110 Cal.App.4th 762.

20      With respect to the denial to Request For Admission No. 12,  the right of

21  reimbursement by Liberty Mutual Insurance Company is independent of Schnabel's liability,

22  see *Acceptance Insurance Company v. Syufy Enterprises*, (1999) 69 Cal.App.4th 321, 328

23  and *Vitton Construction v. Pacific Insurance Co.,* (2003) 110 Cal.App.4th 762. Further,

24  Blatt was required to defend all causes of action as the lawsuit in the underlying action made

25  various allegations, including water intrusion damage which arose out of the work and

26  operations of Schnabel. This is confirmed by the testimony of Paul Weir, Bret Ferrari, Jack

27  Scott, Michael Blatt and the observations of Ronald Chapman, Joseph Ryan, Haig Harris and

28

**DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S INTERROGATORIES, SET ONE**

1   others. The testimony and observations of these witnesses will prove that Blatt needed to

2   defend himself against the claims the plaintiffs in the underlying lawsuit, which provided in

3   part:

4   "On or about September 1998, defendants negligently, and with lack of ordinary care,

5   constructed houses for plaintiff such that, among other things, water penetrated the Property,

6   the Property failed to comply with applicable building and safety codes, the Property was not

7   properly ventilated, and the Property was not structurally sound." (Complaint, para. 17).

8   These allegations were incorporated into every cause of action. (See Complaint, para. 22

9   (Fraud), para. 32 (Negligent Misrepresentation), para. 44 (Suppression and Concealment of

10  Facts) and para. 49 (Breach of Implied Warranty. These allegations of water intrusion were

11  also stated in the first cause of action for breach of contact.

12          With respect to the denial to Request For Admission No. 13, Liberty Mutual

13  Insurance Company voluntarily made the payment in September, 2004, seven months after

14  the verdict was rendered in the underlying State Court case on February 27, 2004, upon

15  which Liberty Mutual claims it's obligation to defend and indemnify terminated. Liberty

16  Mutual has waived it's right to seek reimbursement and it estopped to seek reimbursement.

17  Further, the payment of the attorney's fees and costs award was made after Blatt paid the

18  balance of the judgment which Liberty Mutual  refused to pay even after written demand was

19  made upon it on June 1, 2004, and June 15, 2004.

20          With respect to the denial to Request For Admission No. 14, see the answers to

21  questions 11 and 12, above.

22  DATED: October  , 2007                          FOREMAN & BRASSO

23

24                                          By:

25                                                  Ronald D. Foreman
                                                    Attorneys for Defendant
                                                    Michael T. Blatt

26  L:\FAB\Blatt\Liberty Mutual\Discovery\Resp to Interrogatories1.wpd

27

28

**DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S INTERROGATORIES, SET ONE**

1

**VERIFICATION**

2      I, MICHAEL BLATT, declare:

3      I am the defendant in the above-entitled action; I have read the foregoing

4   DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY

5   MUTUAL INSURANCE COMPANY'S INTERROGATORIES, SET ONE and know the

6   contents thereof; and the same is true of my own knowledge, except as to those matters

7   which are therein stated on my information and belief, and as to those matters I believe them

8   to be true.

9      I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct. Executed on October 3, at Sausalito, California.

11

12  _____

13  Michael Blatt

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2      I am a resident of the United States, over 18 years of age, and not a party to the
within entitled action; I am employed at and my business address is 930 Montgomery Street,

3   Suite 600,  San Francisco, California.  On this date I caused to be served the following
document(s):

4

**DEFENDANT MICHAEL T. BLATTS' RESPONSES TO PLAINTIFF LIBERTY**

5   **MUTUAL INSURANCE COMPANY'S  INTERROGATORIES, SETONE**

6   xxx    by placing a true copy thereof enclosed in a sealed envelope with postage fully
prepaid in the United States mail at San Francisco addressed as shown below.

7

8   xxx    by facsimile to the facsimile number(s) shown below.

9   ___    by causing a true copy thereof enclosed in a sealed envelope to be hand delivered.

10  ___    by causing a true copy thereof enclosed in a sealed envelope to be delivered by
FEDEX at the address shown below.

11      I declare under penalty of perjury that the foregoing is true and correct.

12      Executed at San Francisco, California on October 4, 2007.

13

14                                  _____
                                    Halden Meigs

15

16  **SERVICE LIST**
    Ronald Skocypec
    Kring & Chung LLP
17  920G Hampshire Road, Suite A-15
    Westlake Village, CA 91361

18

19

20

21

22

23

24

25

26

27

28

---

# EXHIBIT 3

LAST - OR TOP

**Main Identity**

| | |
|---|---|
| **From:** | "Christopher Bennington" <cbennington@kringandchung.com> |
| **To:** | <rdf@foremanandbrasso.com> |
| **Cc:** | "Ronald J. Skocypec" <rskocypec@kringandchung.com> |
| **Sent:** | Thursday, October 04, 2007 10:57 AM |
| **Attach:** | ATT00139.htm; kclogo.jpg |
| **Subject:** | LMIC v. Blatt |

Ron:

For several months now, we have been working with you to try to amicably resolve this lawsuit, or at least trim the amount of discovery or other preparation the parties needed to complete before trial. Although we served you with written discovery in mid-July, I did grant you extensions up through the first week of September to respond to our requests for admissions and interrogatories. I also agreed several times to postpone the depositions of you and Mr. Blatt because of 1) our attempts to settle, 2) your busy schedule in September, and 3) our plan to finalize a set of stipulated facts that would have obviated the need for the depositions in the first place.

Ron Skocypec first proposed stipulated facts to you outside the courthouse on March 23, 2007, at which time you represented that you would get back to him. Ron discussed it with you again at the mediation at which time you expressed your desire to minimize the expense to our respective clients, if the case was not going to settle. You and I have been discussing the idea of stipulated facts for many weeks. I again proposed the idea at least as early as my email of August 13. I sent a proposed set of facts to you by email on August 28.

I followed up with you about the stipulated facts in another email dated August 31. I also pointed out in that message that your last extension on the written discovery was up that day, but I offered to grant you another week to respond.

On September 14, I wrote to you once again asking for your position on the stipulated facts. I also pointed out that your responses to the written discovery were now overdue.

I wrote again on September 18 seeking your position on the stipulated

facts. After our telephone conversation that same day, and at your request, I sent you another copy of the proposed stipulated facts.

I wrote again on September 19 asking for your position.

We spoke by telephone last week, as the discovery cutoff was fast approaching, and you reconfirmed for me that you and Mr. Blatt would arrange a date with me for your depositions, and that you would waive any time limit on those proceedings.

But it was not until this week, in your email of October 2, that you first told us that you would be unable to agree to the use of stipulated facts. You have now apparently decided that all of the time spent on the defense was "interrelated," and thus you cannot agree to any division of the defense fees between covered and uncovered claims.

This, of course, is the only real fact in dispute, and it would be the topic of discussion at your deposition and that of Mr. Blatt. We have discussed this on numerous occasions over the last several months, and you initially approved the idea because otherwise it would take many hours for you and your staff to go through the bills to determine the division. I fail to understand how you could not have made your current decision back when we first broached the idea of the stipulated facts.

I would also point out that neither side concedes anything by agreeing to the proposed division. We argue that Liberty is entitled to a full reimbursement because the jury's verdict in the underlying case established that there was never any duty to defend Mr. Blatt from the outset. You are free to argue that Liberty is entitled to no reimbursement. But if we have agreed upon a division of the defense costs between covered and uncovered claims, and the court takes the middle view that Liberty is entitled to only a Buss recovery for fees and costs spent on claims unrelated to the Schnabel wall, we can save ourselves much time and our clients a lot of money in foregoing discovery and time at trial combing through each billing entry. I thought we had agreed on this concept long ago, and that we were only debating what the division should be. I had suggested a two-thirds/one-third split, but we were willing to at least consider some other figure you might propose. Clearly, some of the defense costs must have been unrelated to Schnabel.

Given this week's developments, I must ask you once again for dates for your deposition and that of Mr. Blatt. As part of that deposition, we will need complete copies of all the bills generated by your office for the underlying litigation. Given that we need to meet and hold the pre-trial conference no later than October 30, I would suggest depositions some time in the next couple of weeks at the latest.

Finally, with the discovery deadline past and the deadline for discovery motions fast approaching, we must take the position that the requests for admissions served July 18 are now deemed admitted under the provisions of FRCP 36(a). As I have pointed out at least since September 14, these responses are overdue. Under the rule, they are deemed admitted. To the extent your client wants relief from the default on any of the requests which have now been deemed admitted, the onus is on you and your client to seek relief under Rule 36(b).

We have tried very hard to cooperate and reach accommodation in this case. But you have successfully delayed this matter to such a degree that we still don't have a full set of your bills and we have no discovery responses and no deposition testimony. With trial looming, we must take the steps necessary to protect our client's interests.

Please let me know about deposition dates, and please let me know if you want to reconsider the use of stipulated facts. If we can agree on a set of facts, we are willing to further discuss your client's default on the requests for admissions.

Chris


Chris Bennington
KRING & CHUNG, LLP
920G Hampshire Road, Suite A-15
Westlake Village, CA 91361
(805) 494-3892
(805) 494-3914 Fax
cbennington@kringandchung.com
http://www.kringandchung.com <http://www.kringandchung.com/>

Irvine * Ontario * San Diego * Las Vegas * Chino * Sacramento

This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.

Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Further, do not rely upon this e-mail for legal advice unless you have a signed retention agreement to receive legal advice from the Law Offices of Kring & Chung LLP. Thank you.

**Main Identity**

| | |
|---|---|
| **From:** | "Christopher Bennington" <cbennington@kringandchung.com> |
| **To:** | <rdf@foremanandbrasso.com> |
| **Cc:** | "Ronald J. Skocypec" <rskocypec@kringandchung.com> |
| **Sent:** | Friday, August 31, 2007 12:08 PM |
| **Attach:** | ATT00225.htm; kclogo.jpg |
| **Subject:** | Liberty v. Blatt |

Ron:

I don't know if you have checked the court's website, but Judge Conti has granted the joint motion and has signed the order continuing the discovery cutoff to September 28 and the last motion hearing date to October 26.

This obviously gives a little bit of time, but I don't want to lose any momentum because we have received a reprieve. I would like to reach an agreement about the stipulated facts by early next week. If we can do that, particularly as to the matter of defense costs attributable to non-Schnabel matters, I think we can dispense with your deposition and that of Mr. Blatt. If we cannot reach an agreement, then we need to set some dates for those two depositions that are convenient for our calendars.

I am fairly open next month, but Thursdays are hard because of a family commitment on Thursday evenings. Let me know how you want to proceed.

Thanks,

Chris

PS -- Let me know where you are on the written discovery. In speaking with Halden last week, I granted you an extension through today pending the court's decision about the request for more time. Now that we have the extension, I can give you another week if you need it, but let me know what you want to do.


  Chris Bennington
KRING & CHUNG, LLP
920G Hampshire Road, Suite A-15
Westlake Village, CA 91361
(805) 494-3892
(805) 494-3914 Fax
cbennington@kringandchung.com
http://www.kringandchung.com <http://www.kringandchung.com/>

Irvine * Ontario * San Diego * Las Vegas * Chino * Sacramento

10/18/2007

This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.

Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Further, do not rely upon this e-mail for legal advice unless you have a signed retention agreement to receive legal advice from the Law Offices of Kring & Chung LLP. Thank you.

## Main Identity

**From:**    "Christopher Bennington" <cbennington@kringandchung.com>
**To:**    <rdf@foremanandbrasso.com>
**Sent:**    Tuesday, October 02, 2007 6:26 PM
**Attach:**    ATT00176.htm; kclogo.jpg
**Subject:**    RE: Liberty Mutual Insurance Co. v. Michael T. Blatt - Motion for Summary Judgment

I'll look for the stip.

If we are not going to have stipulated facts, then I need your client to respond to the written discovery that was sent out months ago. Under the local rules, I have to file any motion to compel by Friday. Please get back to me immediately about this issue.

Chris

From: rdf@foremanandbrasso.com [mailto:rdf@foremanandbrasso.com]
Sent: Tuesday, October 02, 2007 6:01 PM
To: Christopher Bennington
Subject: Re: Liberty Mutual Insurance Co. v. Michael T. Blatt - Motion for Summary Judgment

I will bang it out in the am. We may need to pick depo dates. The more I work on the MSJ, the more I know that the defense was interrelated. What to stipulate to that? R

----- Original Message -----
From: Christopher Bennington
<mailto:cbennington@kringandchung.com>
To: rdf@foremanandbrasso.com
Cc: Ronald J. Skocypec <mailto:rskocypec@kringandchung.com>
Sent: Tuesday, October 02, 2007 5:47 PM
Subject: RE: Liberty Mutual Insurance Co. v. Michael T. Blatt - Motion for Summary Judgment

Hi Ron:

Ron S. and I are both fine with this. Do you want to draft a stipulation to this effect?

In the meantime, where are we on the stipulated facts? I would like to get that resovled this week, or else we need to pick some depo times for you and Mr. Blatt.

Thanks,

## Main Identity

**From:**     "Christopher Bennington" <cbennington@kringandchung.com>
**To:**       <rdf@foremanandbrasso.com>
**Cc:**       "Ronald J. Skocypec" <rskocypec@kringandchung.com>
**Sent:**     Tuesday, October 02, 2007 7:03 PM
**Attach:**   ATT00187.htm; kclogo.jpg
**Subject:**  RE: Liberty Mutual Insurance Co. v. Michael T. Blatt - Motion for Summary Judgment

My concern is that the court is not going to extend our time beyond
Friday.  I'm not sure I can rely on a stip from you alone.  Why you take
another look at the stipulated facts and see if we cannot reach some
middle ground on the only fact that should be in dispute.

Chris

_____

From: rdf@foremanandbrasso.com [mailto:rdf@foremanandbrasso.com]
Sent: Tuesday, October 02, 2007 6:35 PM
To: Christopher Bennington
Subject: Re: Liberty Mutual Insurance Co. v. Michael T. Blatt - Motion
for Summary Judgment


I'll get you responses or I'll extend time to file a motion to compel. R

----- Original Message -----
From: Christopher Bennington
<mailto:cbennington@kringandchung.com>
To: rdf@foremanandbrasso.com
Sent: Tuesday, October 02, 2007 6:26 PM
Subject: RE: Liberty Mutual Insurance Co. v. Michael T. Blatt -
Motion for Summary Judgment

I'll look for the stip.

If we are not going to have stipulated facts, then I need your
client to respond to the written discovery that was sent out months ago.
Under the local rules, I have to file any motion to compel by Friday.
Please get back to me immediately about this issue.

Chris

_____

From: rdf@foremanandbrasso.com [mailto:rdf@foremanandbrasso.com]

Sent: Tuesday, October 02, 2007 6:01 PM
To: Christopher Bennington
Subject: Re: Liberty Mutual Insurance Co. v. Michael T. Blatt -

**Main Identity**

| | |
|---|---|
| **From:** | "Christopher Bennington" <cbennington@kringandchung.com> |
| **To:** | <rdf@foremanandbrasso.com> |
| **Cc:** | "Ronald J. Skocypec" <rskocypec@kringandchung.com> |
| **Sent:** | Friday, September 14, 2007 10:12 AM |
| **Attach:** | ATT00214.htm; kclogo.jpg |
| **Subject:** | LMIC v. Blatt |

Ron:

There are several items we need to resolve almost immediately.

First, are you going to sign the stipulated facts that I prepared, or do you have a counter-proposal?

Second, if we are not going to use the stipulated facts, then I need to schedule your deposition and that of Mr. Blatt. I will set them for September 27 and 28 or some other date before the 28th that is convenient for your calendars. But I cannot let the time pass if we are not going to use the stipulated facts.

Third, where are we on the responses to the written discovery? Those responses are now overdue.

Thanks,

Chris


  Chris Bennington
KRING & CHUNG, LLP
920G Hampshire Road, Suite A-15
Westlake Village, CA 91361
(805) 494-3892
(805) 494-3914 Fax
cbennington@kringandchung.com
http://www.kringandchung.com <http://www.kringandchung.com/>

Irvine * Ontario * San Diego * Las Vegas * Chino * Sacramento

This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax

advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.

Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Further, do not rely upon this e-mail for legal advice unless you have a signed retention agreement to receive legal advice from the Law Offices of Kring & Chung LLP. Thank you.

10/18/2007

## Main Identity

**From:** "Christopher Bennington" <cbennington@kringandchung.com>
**To:** <rdf@foremanandbrasso.com>
**Cc:** "Ronald J. Skocypec" <rskocypec@kringandchung.com>
**Sent:** Tuesday, October 02, 2007 5:47 PM
**Attach:** ATT00165.htm; kclogo.jpg
**Subject:** RE: Liberty Mutual Insurance Co. v. Michael T. Blatt - Motion for Summary Judgment

Hi Ron:

Ron S. and I are both fine with this. Do you want to draft a
stipulation to this effect?

In the meantime, where are we on the stipulated facts? I would like to
get that resovled this week, or else we need to pick some depo times for
you and Mr. Blatt.

Thanks,

Chris

---

From: rdf@foremanandbrasso.com [mailto:rdf@foremanandbrasso.com]
Sent: Tuesday, October 02, 2007 2:43 PM
To: Christopher Bennington
Subject: Re: Liberty Mutual Insurance Co. v. Michael T. Blatt - Motion
for Summary Judgment

Chris, As you know, I agreed to make your job of serving me easy, by
agreeing to have your motion served by email or fax. Unfortunately, I
lost several days of time as the motion was emailed to wrong addresses
and not faxed. I actually got the service on Wednesday, the 26th. I'm
requesting that we agree to extend your time to reply from October 12 to
October 16 and you agree to extend our time to oppose the motion from
October 5 to October 9. The court may accept this proposal so long as it
is stipulated to and the proposal is submitted to the court now, or at
least 10 days before the hearing, see Rule 6-1. Please advise. R

----- Original Message -----
From: Christopher Bennington
<mailto:cbennington@kringandchung.com>
To: rdf@foremanandbrasso.com ;
foremanandbrasso@foremanandbrasso.com
Cc: Ronald J. Skocypec <mailto:rskocypec@kringandchung.com>
Sent: Wednesday, September 26, 2007 12:00 PM
Subject: FW: Liberty Mutual Insurance Co. v. Michael T. Blatt -
Motion for Summary Judgment

Chris

_____

From: rdf@foremanandbrasso.com [mailto:rdf@foremanandbrasso.com]

Sent: Tuesday, October 02, 2007 2:43 PM
To: Christopher Bennington
Subject: Re: Liberty Mutual Insurance Co. v. Michael T. Blatt -
Motion for Summary Judgment

Chris, As you know, I agreed to make your job of serving me
easy, by agreeing to have your motion served by email or fax.
Unfortunately, I lost several days of time as the motion was emailed to
wrong addresses and not faxed. I actually got the service on Wednesday,
the 26th. I'm requesting that we agree to extend your time to reply
from October 12 to October 16 and you agree to extend our time to oppose
the motion from October 5 to October 9. The court may accept this
proposal so long as it is stipulated to and the proposal is submitted to
the court now, or at least 10 days before the hearing, see Rule 6-1.
Please advise. R

----- Original Message -----
From: Christopher Bennington
<mailto:cbennington@kringandchung.com>
To: rdf@foremanandbrasso.com ;
foremanandbrasso@foremanandbrasso.com
Cc: Ronald J. Skocypec
<mailto:rskocypec@kringandchung.com>
Sent: Wednesday, September 26, 2007 12:00 PM
Subject: FW: Liberty Mutual Insurance Co. v. Michael T.
Blatt - Motion for Summary Judgment

_____

From: Michelle Bennett
Sent: Friday, September 21, 2007 2:56 PM
To: ron@foremanandbrasso.com;
brasso@foremanandbrasso.com
Cc: Christopher Bennington; Ronald J. Skocypec
Subject: Liberty Mutual Insurance Co. v. Michael T.
Blatt - Motion for Summary Judgment

Attached please find Liberty Mutual Insurance Company's
Motion for Summary Judgment or in the Alternative Summary Adjudication.

Please let me know if you have any issues opening the

Motion for Summary Judgment

I will bang it out in the am.  We may need to pick depo dates.
The more I work on the MSJ, the more I know that the defense was
interrelated. What to stipulate to that? R

----- Original Message -----
From: Christopher Bennington
<mailto:cbennington@kringandchung.com>
To: rdf@foremanandbrasso.com
Cc: Ronald J. Skocypec
<mailto:rskocypec@kringandchung.com>
Sent: Tuesday, October 02, 2007 5:47 PM
Subject: RE: Liberty Mutual Insurance Co. v. Michael T.
Blatt - Motion for Summary Judgment

Hi Ron:

Ron S. and I are both fine with this.  Do you want to
draft a stipulation to this effect?

In the meantime, where are we on the stipulated facts?
I would like to get that resovled this week, or else we need to pick
some depo times for you and Mr. Blatt.

Thanks,

Chris

_____

From: rdf@foremanandbrasso.com
[mailto:rdf@foremanandbrasso.com]
Sent: Tuesday, October 02, 2007 2:43 PM
To: Christopher Bennington
Subject: Re: Liberty Mutual Insurance Co. v. Michael T.
Blatt - Motion for Summary Judgment

Chris, As you know, I agreed to make your job of serving
me easy, by agreeing to have your motion served by email or fax.
Unfortunately, I lost several days of time as the motion was emailed to
wrong addresses and not faxed.  I actually got the service on Wednesday,
the 26th.  I'm requesting that we agree to extend your time to reply
from October 12 to October 16 and you agree to extend our time to oppose
the motion from October 5 to October 9. The court may accept this
proposal so long as it is stipulated to and the proposal is submitted to
the court now, or at least 10 days before the hearing, see Rule 6-1.
Please advise. R

attachments.

Thank you,

Michelle Bennett
Secretary to J. Christopher Bennington and Ronald
Skocypec.


  Michelle Bennett
KRING & CHUNG, LLP
38 Corporate Park
Irvine, CA 92606
949.261.7700
949.261.8800 Fax
mbennett@kringandchung.com <mailto:umbennett@kringandchung.com>
http://www.kringandchung.com <http://www.kringandchung.com/>

Irvine * Ontario * San Diego * Las Vegas * Chino *
Sacramento

This e-mail message contains information that may be
confidential and privileged. Unless you are the addressee (or authorized
to receive messages for the addressee), you may not use, copy, or
disclose this message (or any information contained in it) to anyone. If
you have received this message in error, please advise the sender by
reply e-mail and delete this message.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements
imposed by recently issued treasury regulations, we inform you that any
U.S. tax advice contained in this communication (including any
attachments) is not intended or written by us, and cannot be used by
you, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another
person any transaction or matter addressed herein.

Nothing in this message should be interpreted as a
digital or electronic signature that can be used to authenticate a
contract or other legal document. Further, do not rely upon this e-mail
for legal advice unless you have a signed retention agreement to receive
legal advice from the Law Offices of Kring & Chung LLP. Thank you.

# EXHIBIT 4

Ronald J. Skocypec, Esq., Bar No.: 072690
Melodee A. Yee, Esq., Bar No.: 168541
PETERSON & BRADFORD, LLP
100 North First Street, Suite 300
Burbank, CA 91502
818.562.5800
818.562.5810 – Facsimile

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Liberty Mutual Insurance Company,<br><br>        Plaintiff,<br><br>vs.<br><br>Michael T. Blatt,<br><br>        Defendant. | Case No.: C 06 2022 SC<br><br>**DECLARATION OF MELODEE A. YEE IN SUPPORT OF LIBERTY MUTUAL INSURANCE COMPANY'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**<br><br>[Concurrently Filed With Application For Default Judgment By Court; Declaration Of Michael Barnette; Request For Judicial Notice; [Proposed] Order And [Proposed] Judgment]<br><br>DATE:  August 25, 2006<br>TIME:  10:00 A.M.<br>DEPT.:  Ctrm 1, 17th Floor |

I, Melodee A. Yee, declare:

I am an attorney licensed to practice before the United States District Court for the Northern District of California, all courts in the State of California and am a member of the law firm of Peterson and Bradford, LLP, attorneys of record for plaintiff Liberty Mutual Insurance Company ("Liberty") in the instant action. This declaration is filed in

1

support of Liberty's application for default judgment against defendant Michael Blatt. I have personal knowledge of the facts stated herein. If called and sworn as a witness, I could and would competently testify to the following:

1. I have spent significant time reviewing and analyzing the attorney billings relating to the defense of Michael Blatt in the suit entitled <u>Gabbert v. Michael Blatt, et al.</u>, Marin County Superior Court, case no. 020477 (the "Gabbert Action") . In reviewing these billing invoices, I have located the following charges which Liberty contends are not covered under its policy and which Liberty seeks reimbursement from defendant Blatt under <u>Buss v. Superior Ct.</u>, 16 Cal.4th 35 (1997) and <u>Scottsdale Ins. Co. v. MV Transportation,</u> 36 Cal. 4th 643 (2005).

2. On the billing summary titled "Detail Slip Listing" dated July 9, 2003, attached as Exhibit "2" to the concurrently filed declaration of Michael Barnette, at pages 11-14, there are a total of eight (8) listings, totaling $688.50, which reference legal work solely attributable to the pursuit of defendant Michael Blatt's cross-complaint in the Gabbert Action. These defense fees are marked by a <u>single underline</u>.

3. On the billing summary titled "Detail Slip Listing" dated July 9, 2003, attached as Exhibit "2" to the concurrently filed declaration of Michael Barnette, at pages 13-17, 21, 23, and 27-29, there are a total of seventeen (17) listings, totaling $1296.00, which reference legal work solely attributable to defendant Michael Blatt's pursuit of insurance coverage for the Gabbert Action. These defense fees are marked by a <u>double underline</u>.

4. On the billing statements dated March 1, 2004 though July 16, 2004, attached as Exhibit "2" to the concurrently filed declaration of Michael Barnette, at

2

pages 46-49, 51-53, and 55-56, there are numerous entries, totaling $13,121.63, which reference legal work performed after February 28, 2004, after the defense verdict was issued in Schnabel's favor in the Gabbert Action. These defense fees are circled.

5.    A few redactions on these bills were made out of an abundance of caution in order to protect any attorney-client privilege which may exist with respect to these bills in compliance with Clarke v. American Commerce National Bank (9th Cir. 1992) 974 F.2d 127, 129.

6.    Defendant Michael Blatt was properly served in this action yet has not appeared in this action. At no time has our office been contacted by Mr. Blatt or a representative of Mr. Blatt during the pendency of this declaratory relief action.

I declare under the laws of the United States of America, that the foregoing is true and correct and that this declaration was executed on July 21, 2006, in Burbank, California.

_____
MELODEE A. YEE

# EXHIBIT 5

1  Ronald J. Skocypec, Esq., Bar No.: 072690
   Melodee A. Yee, Esq., Bar No.: 168541
2  PETERSON & BRADFORD, LLP
   100 North First Street, Suite 300
3  Burbank, CA 91502
   818.562.5800
4  818.562.5810 – Facsimile

5
   Attorneys for Plaintiff
6  LIBERTY MUTUAL INSURANCE COMPANY

7

8              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
                        SAN FRANCISCO DIVISION
10

11 Liberty Mutual Insurance Company,        )   Case No.:  C 06 2022 SC
                                            )
12          Plaintiff,                      )   **DECLARATION OF MICHAEL**
                                            )   **BARNETTE IN SUPPORT OF LIBERTY**
13     vs.                                  )   **MUTUAL INSURANCE COMPANY'S**
                                            )   **APPLICATION FOR DEFAULT**
14 Michael T. Blatt,                        )   **JUDGMENT BY COURT;**
                                            )
15                                          )
            Defendant.                      )   **EXHIBITS**
16                                          )
                                            )   [Concurrently Filed With Application For
17                                          )   Default Judgment By Court; Declaration
                                            )   Of Melodee A. Yee; Request for Judicial
18                                          )   Notice; [Proposed] Order; and [Proposed]
                                            )   Judgment]
19                                          )
                                            )
20                                          )   DATE:  August 25, 2006
                                            )   TIME:  10:00 A.M.
21                                          )   DEPT.: Ctrm 1, 17th Floor
                                            )
22                                          )
                                            )
23 _____)

24     I, Michael Barnette, declare:

25     I am a Senior Technical Claim Specialist for Liberty Mutual Insurance Company

26 ("Liberty").   This declaration is filed in support of Liberty's application for default

27 judgment against defendant Michael Blatt.   I have personal knowledge of the facts

28

                                    1

stated herein.  If called and sworn as a witness, I could and would testify competently to the following:

1.      I was the claims person for Liberty primarily responsible for the handling of the underlying lawsuit entitled <u>Gabbert, et al. v. Michael Blatt, et al.</u>, Marin County Superior Court, case no. 020477 (the "Gabbert Action").  I am also currently the claims person responsible for the handling the instant declaratory relief action on behalf of Liberty.

2.      Liberty issued a policy of commercial general liability insurance to named insured Schnabel Foundation Company ("Schnabel") as policy no. TB1-131-011670-397, effective April 1, 1998 to April 1, 1999.  A true and correct copy of that policy is attached as Exhibit "A" to the Complaint filed in the instant action.

3.      Michael Blatt ("Blatt") was named as a defendant in the Gabbert Action and tendered his defense in the Gabbert Action to Liberty in or about March 21, 2002 as an additional insured under the Schnabel policy.  The additional insured endorsement to the Schnabel policy provides that Blatt was an additional insured under the policy but "only with respect to liability arising out of [Schnabel's] operations."  Liberty agreed to defend Blatt subject to a reservation of rights.  This reservation of rights letter stated, in relevant part, "We may withdraw our defense of this case if it is determined that the damages in question are not covered under the terms of our policy . . . . Our defense obligation is triggered only by allegations of 'property damage' arising out of our named insured's work.  We specifically reserve the right to seek allocation and/or reimbursement of any defense costs not associated with those allegations."  A true and correct copy of this reservation of rights letter is attached hereto as Exhibit "1."

4.      At the time of tender, Blatt had already retained attorney Ronald D. Foreman to defend his interests in the Gabbert Action.  Liberty agreed to allow attorney Foreman to continue to represent Blatt.

5.      Attorney Foreman forwarded his invoices with respect to the Gabbert Action directly to me on behalf of Liberty for payment.  Liberty paid a total of

2

$198,345.11 in the defense of Blatt in the Gabbert Action.  True and correct copies of the relevant defense bills, with certain redactions, are attached hereto as Exhibit "2." The items sought to be reimbursed from Blatt are marked.  True and correct copies of Liberty's payment screens reflecting the total defense fees and costs paid are attached hereto as Exhibit "3."

6.      Blatt also was defended in the Gabbert Action as an additional insured under a policy issued to Harold Bray Construction by Oregon Mutual Insurance Company for a certain amount of time.  Rand Chritton, Esq. was the attorney handling this matter on behalf of Oregon Mutual Insurance Company.

7.      The verdicts in the Gabbert Action were entered on February 27, 2004.  A defense verdict was obtained by Schnabel, Liberty's named insured.  In contrast, a verdict was rendered against Blatt.

8.      After the judgment was rendered in the Gabbert Action, Blatt personally paid the judgment against him in the amount of $144,428.60.  The plaintiffs in the Gabbert Action demanded that Liberty and/or Blatt pay the award of fees and costs of $300,303.85 taxed against Blatt and threatened to execute on Blatt's real property in order to satisfy this portion of the judgment.  Liberty, under a reservation of rights, agreed to pay the $300,303.85 on Blatt's behalf and then to pursue reimbursement of this amount directly from Blatt in a subsequent proceeding.  True and correct copies of the payment documents relating to this post-verdict payment are attached hereto as Exhibit "4."

9.      I have personally met defendant Michael Blatt in connection with the underlying Gabbert Action and know him to be an adult.  I estimate that he is approximately sixty years old.  I am aware that he has many years of experience as a real estate developer.

///

///

///

3

1        I declare under the laws of the United States of America, that the foregoing is

2 true and correct and that this declaration was executed on July 19, 2006, in

3 Pleasanton, California.

4

5

6                             MICHAEL BARNETTE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4