Ronald J. Skocypec, Bar No. 72690
J. Christopher Bennington, Bar No. 105432
KRING & CHUNG, LLP
920 Hampshire Road
Suite A15
Westlake Village, CA 91361
Telephone: (805) 494-3892
Facsimile: (805) 494-3914

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL T. BLATT,<br><br>Defendant. | ) Case No. C 06 2022 SC<br>)<br>) Date:        October 26, 2007<br>) Time:        10:00 a.m.<br>) Courtroom:  1<br>)<br>) **OPPOSITION TO MOTION FOR**<br>) **RELIEF FROM ADMISSIONS**<br>) **DEEMED ADMITTED;**<br>) **DECLARATION OF J.**<br>) **CHRISTOPHER BENNINGTON**<br>)<br>) Trial Date: November 19, 2007 |

Plaintiff Liberty Mutual Insurance Company submits the following opposition to defendant's motion for relief from requests deemed admitted.

Dated: October 23, 2007

KRING & CHUNG, LLP

By: _____
J. Christopher Bennington
Ronald J. Skocypec
Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE
COMPANY



1

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2  Defendant Michael Blatt seeks relief from requests for admissions
3  deemed admitted under the provisions of Rule 36(a) of the Federal Rules of
4  Civil Procedure.  Defendant mistakenly argues that the admissions were
5  "declared" admitted by counsel for plaintiff.  (Foreman declaration, p. 2, ll. 17-
6  18.)  This is not correct.  The requests are deemed admitted automatically
7  under the Rule because extensions to respond granted by plaintiff had
8  expired and no timely responses had been served.

9  Throughout the motion, defendant offers no excuse or reason for the
10  failure to respond to the discovery.  And, as is outlined in more detail below,
11  defendant was repeatedly reminded that responses were due or that the
12  responses were *overdue*.  Yet, defendant made no attempt to seek the
13  court's assistance until after the (extended) close of discovery and after the
14  last day to file motions.  The fact that defendant was able to generate
15  responses five hours after plaintiff's "declaration" that the matters had been
16  deemed admitted underscores the fact that there was no excuse for
17  defendant's failure to respond in a timely fashion.

18  Plaintiff will suffer prejudice if the requested relief is granted.  Plaintiff's
19  counsel has prepared for trial based on the existence of the admissions or
20  the understanding that the defendant would agree to a set of stipulated facts.
21  Defense counsel repeatedly stated that such stipulated facts – which would
22  leave the court with only a few legal issues to resolve at trial – were a good
23  idea and that defendant was in favor of the idea in order to avoid the costs
24  and inconvenience of significant discovery.  Again, it was not until after the
25  close of discovery that counsel for defendant first indicated that his client
26  would not agree to any version of the stipulated facts.

27  Now that discovery has closed (with the exception two depositions
28  being taken by stipulation on October 25 for the convenience of defendant

1 and his counsel), plaintiff will be seriously prejudiced if the relief is granted.
2 There is no longer time or opportunity for plaintiff to do the discovery
3 necessary to replace the admitted responses or stipulated facts.

## TIMELINE OF EVENTS

5 A chronology of the events concerning makes clear that Liberty Mutual
6 will suffer serious prejudice if the requested relief is granted.

7 Spring 2007 – Counsel for the parties begin discussing the use of
8 stipulated facts to obviate the need for expensive discovery;

9 July 18, 2007: Liberty Mutual propounds a set of 14 requests for
10 admissions and a single interrogatory on defendant;

11 August 13, 2007: Counsel for Liberty Mutual sends an email again
12 raising the issue of stipulated facts and asking for available dates for the
13 depositions of Mr. Blatt and his attorney, Mr. Foreman;

14 August 20, 2007: The case is mediated before Richard Warren, Esq.;

15 August 24, 2007: Plaintiff seeks and is granted an additional week to
16 prepare responses to the written discovery outstanding. Responses are now
17 due August 31, 2007;

18 August 28, 2007: Counsel for Liberty Mutual prepares and sends a
19 draft set of stipulated facts for defendant's consideration;

20 August 29, 2007: The parties jointly request a continuance of the
21 discovery cutoff and the last date for the hearing of motions. The request is
22 granted by the court on August 30 (Docket # 35). As a result, the last
23 hearing date for motions is pushed back to October 26 and the discovery
24 cutoff is moved to September 28, 2007;

25 August 31, 2007: Counsel for Liberty Mutual sends an email to Mr.
26 Foreman asking for plaintiff's approval or amendments concerning the draft
27 of the stipulated facts. Mr. Foreman is specifically reminded that the
28 responses to the written discovery are due *that day*, and he is asked if he

2

1 needs a further extension of one week;

2 September 14, 2007: Having not heard from Mr. Foreman, counsel for
3 plaintiff sends another email asking about the proposed stipulated facts and
4 reminding Mr. Foreman that the responses to the written discovery were
5 "now overdue";

6 September 18, 2007 (noon): Having still not heard from Mr. Foreman,
7 counsel for plaintiff sends another email asking about the stipulated facts and
8 enclosing the September 14 email;

9 September 18, 2007 (1:53 p.m.): At Mr. Foreman's request, another
10 copy of the proposed stipulated facts is emailed to him;

11 September 19, 2007: Another email is sent by counsel to Mr. Foreman
12 asking about the stipulated facts in lieu of further discovery;

13 September 21, 2007: Plaintiff files its motion for summary judgment;

14 September 26, 2007: A duplicate of the summary judgment motion is
15 emailed to Mr. Foreman's new email address;

16 September 28, 2007: The discovery cutoff passes;

17 October 2, 2007 (5:47 p.m.): Counsel for Liberty Mutual agrees to Mr.
18 Foreman's request to ask the court for further time to prepare the opposition
19 and reply briefs since Mr. Foreman reportedly did not receive the summary
20 judgment motion at his new email address on September 21. Mr. Foreman is
21 asked once again about the stipulated facts;

22 October 2, 2007 (6:01 p.m.): Mr. Foreman sends an email and *for the*
23 *first time* indicates that defendant will *not* agree to a set of stipulated facts
24 that includes a Buss division of the underlying defense costs. By this date,
25 the discovery cutoff has passed;

26 October 4, 2007 (10:58 a.m.): Counsel for Liberty Mutual sends an
27 email to Mr. Foreman recounting the events related to the proposed
28 stipulated facts, reminding him that the admissions are deemed admitted

3

**OPPOSITION TO MOTION FOR RELIEF FROM ADMISSIONS DEEMED ADMITTED**

1 under the operation of Rule 36, and pointing out that the onus is on
2 defendant to seek relief from the admissions.  The email concludes: "We
3 have tried very hard to cooperate and reach accommodation in this case.
4 But you have successfully delayed this matter to such a degree that we still
5 don't have a full set of your bills and we have no discovery responses and no
6 deposition testimony.  With trial looming, we must take the steps necessary
7 to protect our client's interests.  Please let me know about deposition dates
8 and please let me know if you want to reconsider the use of stipulated facts.
9 If we can agree on a set of facts, we are willing to further discuss your client's
10 default on the requests for admissions";

11      October 4, 2007 (4:44 p.m.): Copies of the untimely discovery
12 responses are sent from Mr. Foreman's office by email;

13      October 17, 2007: Mr. Foreman asks for a meet and confer conference
14 call;

15      October 18, 2007: A conference call is held between Mr. Foreman and
16 plaintiff's counsel.  Settlement is discussed, and plaintiff's counsel stipulates
17 to a hearing of the instant motion on shortened time, despite the fact that
18 defendant has taken no steps to seek relief from the default for over a month.

19      October 25, 2007:  The depositions of Mr. Blatt and Mr. Foreman will
20 finally be taken.

21                          **LEGAL ARGUMENT**

22      **1.    THE REQUESTS ARE DEEMED ADMITTED UNDER RULE**
23           **36, AND DEFENDANT HAS OFFERED NO EXCUSE FOR**
24           **NOT RESPONDING IN A TIMELY FASHION.**

25      Under Rule 36(a) requests for admissions are automatically deemed
26 admitted when there is no timely responses.  Under rule 36(b), the trial court
27 "*may* permit withdrawal or amendment when the presentation of the merits of
28 the action will be subserved thereby *and* the party who obtained the

4

admissions fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." (Emphasis added.)

In ruling on a motion for relief under Rule 36(b), the trial court must engage in a two-prong analysis.  To properly grant relief, the court must find "(1) the presentation of the merits will be aided *and* (2) no prejudice to the party obtaining the admissions will result."  Conlon v. United States of America, 474 F.3d 616, 622 (9th Cir. 2007), emphasis in original.  The first half of the test is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case."  Id.

For purposes of this motion, plaintiff acknowledges that denying relief would all but obviate the need for a trial.  Thus, the court's decision will turn next on the issue of prejudice.

However, the Conlon court emphasized that Rule 36(b) is "permissive, not mandatory."  Id. at 621.  Even when the moving party satisfies the two-prong test, relief may be still be denied in the discretion of the trial court.  Id. at 624.  And in deciding whether "to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits."  Id. at 625.  The district court's decision will not be disturbed absent an abuse of discretion.  Id. at 621.

In this case, defendant has offered no excuse whatsoever for his failure to serve timely responses to the requests for admissions.  As demonstrated in the timeline, he was repeatedly reminded of the deadline to respond, and on September 14 he was specifically reminded that the responses were *overdue*.  Yet no responses were forthcoming before the close of discovery on September 28.

**OPPOSITION TO MOTION FOR RELIEF FROM ADMISSIONS DEEMED ADMITTED**

1      Defendant was specifically reminded that the requests were deemed
2 admitted on October 4, but this motion for relief was not made for more than
3 two weeks after that time.  Again, no excuse for the delay has been offered.

4      Clearly, in exercising its discretion, this court can take note of
5 defendant's dilatory actions.   Under Conlon, that factor militates against
6 granting the requested relief.

7      As for the strength of defendant's case, the court is in a position to
8 make that assessment based on plaintiff's motion for summary judgment,
9 which the court has taken under submission without argument.   Plaintiff
10 maintains that it is entitled to summary judgment even without the admitted
11 requests, for the reasons outlined in that motion.

12    **2.**    **PLAINTIFF WILL BE IRREPARABLY PREJUDICED IF**
13            **RELIEF IS GRANTED.**

14      This case is almost ready for trial.  The parties have less than a month
15 to prepare the various exhibits, jury instructions and other materials called for
16 by the court, yet only now is defendant seeking relief from admissions that
17 were deemed admitted more than six weeks ago.  Almost by definition,
18 plaintiff has been prejudiced by defendant's repeated failure to respond and
19 its delay in seeking relief.

20      This prejudice has been compounded by the fact that defendant
21 indicated he was willing to develop a stipulated set of facts that could be
22 used at trial and which would obviate the need for discovery on issues
23 related to the admissions.  Defendant never suggested he would be unwilling
24 to stipulate to a set of facts until *after* the discovery deadline had passed.
25 Because of defendant's delay, plaintiff has now been denied timely written
26 responses from Mr. Blatt, an agreed statement of facts that would have made
27 the discovery unnecessary, and any time to conduct third party discovery that
28 would have been used to prove the issues that were the subject of the

6

1   admissions and the proposed stipulated facts.

2       Defendant can hardly claim, in any equitable sense, that he has acted
3   properly.  Both parties discussed for months that stipulated facts would save
4   the court and both parties time and money.  In an effort to protect itself,
5   plaintiff served written discovery, which defendant then ignored.  Despite
6   repeated entreaties from mid-August through the extended discovery cutoff
7   at the end of September about the stipulated facts and the written discovery,
8   defendant essentially refused to respond until a week *after* the discovery
9   cutoff, when he finally notified plaintiff that he would not stipulate to any of the
10  facts after all.

11      Plaintiff has tried, at every turn, to be cooperative in preparing this case
12  for trial.  For its cooperation, Liberty Mutual has now been denied proper and
13  timely discovery on issues critical to the trial, and, to make matters worse,
14  defendant only now seeks relief from the requests deemed admitted six
15  weeks ago.  Simply stated, defendant should not be rewarded for his dilatory
16  tactics to the detriment of and prejudice to the plaintiff.

17      The heart of the question involves the amount of defense fees and
18  costs plaintiff may recover under Buss v. Superior Court, 16 Cal.4th 35
19  (1997).  As explained in the summary judgment motion now pending, the
20  holding in Buss allows a carrier such as Liberty Mutual to recover from its
21  insured those fees and costs incurred in the defense of claims that were
22  never potentially covered in the first instance by the relevant policy.  In this
23  case, Mr. Blatt was only covered under the Liberty Mutual policy for claims
24  arising out of the work of Liberty Mutual's named insured, Schnabel
25  Foundation.  But there were many claims in the underlying litigation that had
26  nothing to do with the work performed by Schnabel.  Liberty Mutual is entitled
27  to recover from Mr. Blatt all of the defense fees and costs spent on those
28  other claims.

7

KRING & CHUNG
ATTORNEYS LLP

The proposed stipulated facts, as well as the requests for admissions, dealt in part with the issue of defense fees and costs spent on uncovered claims. Had defendant timely responded to the requests for admissions, or had defendant indicated in a timely fashion that he was to going to assent to the stipulated facts, plaintiff would have conducted third party discovery of the attorneys and parties involved in the underlying litigation and taken other steps to establish the fees and costs spent on uncovered claims. Plaintiff cannot do that at this point because the discovery cutoff has passed. Since plaintiff has the burden of proof under Buss, it has been irreparably prejudiced by defendant's failure to respond timely to the discovery combined with his last-minute refusal to agree to the stipulated facts *after* the close of discovery. It is respectfully suggested that defendant is therefore *not* entitled to relief under the second prong of the test described in Conlon.[1]

## CONCLUSION

The requests for admissions were deemed admitted by operation of Rule 36(a). Despite repeated warnings, defendant made no attempt to serve timely responses or to seek timely relief under Rule 36(b).

Defendant's failure to respond to the written discovery, combined with his last-minute rejection of the proposed stipulated facts, has effectively denied Liberty Mutual the opportunity to conduct full discovery on the issue of attorneys fees incurred in the underlying lawsuit. It will be irreparably prejudiced by that lack of discovery occasioned by the sharp practices of defense counsel. Under the rule in Conlon, the court should exercise its

---

[1] In Conlon, plaintiff sought damages from the government related to an improper incarceration. The government served requests for admissions which were not answered in a timely fashion. In upholding the district court's denial of relief, the Conlon court emphasized that the discovery cutoff and last date for filing dispositive motions had pased before plaintiff sought any relief from the admissions. Id. at 624. The same is true in this case.

**OPPOSITION TO MOTION FOR RELIEF FROM ADMISSIONS DEEMED ADMITTED**

1  sound discretion and deny defendant's request for relief.

2  Solely in the alternative, Liberty Mutual will ask this court to predicate
3  any relief on a continuance of the trial and a reopening of the discovery
4  process so that plaintiff can pursue the issue of attorneys fees and costs
5  incurred in the underlying case.[2]

6  Dated:  October 23, 2007                    KRING & CHUNG, LLP

7

8                                         By: _____
                                               J. Christopher Bennington
9                                              Ronald J. Skocypec
                                               Attorneys for Plaintiff
10                                             LIBERTY    MUTUAL    INSURANCE
                                               COMPANY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27  [2]  Predicating relief on the reopening of discovery was approved by the court in Conlon.
    Id. at 624.

28



                                9
OPPOSITION TO MOTION FOR RELIEF FROM ADMISSIONS DEEMED ADMITTED

1

## DECLARATION OF J. CHRISTOPHER BENNINGTON

2     J. Christopher Bennington declares:

3     1.  I am an attorney licensed to practice before all of the courts of the
4 state of California.   I am also admitted to the Northern District.   I am
5 associated with the firm of Kring & Chung, counsel for Plaintiff Liberty Mutual
6 Insurance Company in the instant litigation.  I could competently testify as to
7 the following matters if called upon to do so by the court.

8     2.  My colleague, Ronald J. Skocypec, who will act as trial attorney in
9 this matter, has reported to me that he and Mr. Ronald Foreman first
10 discussed the possible use of stipulated facts, to obviate the need for
11 expensive discovery, at hearing in this matter in March 2007.

12     3.  On July 18, 2007, I served defendant with a set of 14 requests for
13 admissions and a single interrogatory on defendant.

14     4.  On August 13, 2007, I sent an email to Mr. Foreman again raising
15 the issue of stipulated facts and asking for available dates for the depositions
16 of Mr. Foreman and Mr. Blatt.  A copy of the email is attached as Exhibit A.

17     5.  A mediation in this matter was held on August 20, 2007 before
18 Richard Warren, Esq.

19     6.   On August 24, 2007, Mr. Foreman's assistant asked for an
20 additional week to prepare responses to the written discovery outstanding.  I
21 granted the request, and responses were than due August 31, 2007.

22     7.  Consistent with various conversations I had had with Mr. Foreman,
23 on August 28, 2007, I emailed to him a draft set of stipulated facts for
24 defendant's consideration.  A copy of the email is attached as Exhibit B.

25     8.  On August 29, 2007, the parties jointly requested a continuance of
26 the discovery cutoff and the last date for the hearing of motions.  The request
27 was granted by the court on August 30 (Docket # 35).  As a result, the last
28 hearing date for motions was pushed back to October 26 and the discovery

1

1 cutoff was moved to September 28, 2007.

2      9.   On August 31, 2007, I sent an email to Mr. Foreman asking for
3 plaintiff's approval or amendments concerning the draft of the stipulated
4 facts. I specifically reminded Mr. Foreman in the email that the responses to
5 the written discovery were due *that day*, and asked him if he needed a further
6 extension of one week. A copy of the email is attached as Exhibit C.

7      10. Having not heard from Mr. Foreman, on September 14, 2007 I sent
8 another email asking about the proposed stipulated facts and reminding Mr.
9 Foreman that the responses to the written discovery were "now overdue." A
10 copy of the email is attached as Exhibit D.

11     11. Having still not heard from Mr. Foreman, at noon on September
12 18, 2007 I sent another email asking about the stipulated facts and enclosing
13 the September 14 email. A copy of the email is attached as Exhibit E.

14     12. On September 18, 2007 at 1:53 p.m.. and at Mr. Foreman's
15 request, I emailed him another copy of the proposed stipulated facts.

16     13. On September 19, 2007, I sent another email to Mr. Foreman
17 asking about the stipulated facts in lieu of further discovery.

18     14. On September 21, 2007 plaintiff filed its motion for summary
19 judgment.

20     15. On September 26, 2007, a duplicate of the summary judgment
21 motion was emailed to Mr. Foreman's new email address.

22     16. On October 2, 2007 at 5:47 p.m., I agreed to Mr. Foreman's
23 request to ask the court for further time to prepare the opposition and reply
24 briefs since Mr. Foreman reportedly did not receive the summary judgment
25 motion at his new email address on September 21. In my email, I once again
26 asked Mr. Foreman about the stipulated facts.

27     17. On October 2, 2007 at 6:01 p.m., Mr. Foreman sent me an email
28 and *for the first time* indicated that defendant would *not* agree to a set of

2

1 stipulated facts that included a Buss division of the underlying defense costs.
2 By this date, the discovery cutoff had passed.

3       18.  On October 4, 2007 at 10:58 a.m., I sent an email to Mr. Foreman
4 recounting the events related to the proposed stipulated facts, reminding him
5 that the admissions were deemed admitted under the operation of Rule 36,
6 and pointing out that the onus was on defendant to seek relief from the
7 admissions.  The email concluded: "We have tried very hard to cooperate
8 and reach accommodation in this case.  But you have successfully delayed
9 this matter to such a degree that we still don't have a full set of your bills and
10 we have no discovery responses and no deposition testimony.  With trial
11 looming, we must take the steps necessary to protect our client's interests.
12 Please let me know about deposition dates and please let me know if you
13 want to reconsider the use of stipulated facts.  If we can agree on a set of
14 facts, we are willing to further discuss your client's default on the requests for
15 admissions."  A copy of the email was submitted with Mr. Foreman's
16 declaration in support of the motion.  (Exhibit 3.)

17       19.  On October 4, 2007 at 4:44 p.m., I received copies of the belated
18 discovery responses from Mr. Foreman's office via email.

19       20.  On October 17, 2007, Mr. Foreman asked for a meet and confer
20 conference call the following day.

21       21.   October 18, 2007, a conference call was held between Mr.
22 Foreman, Mr. Skocypec and me.   Settlement was discussed, and Mr.
23 Skocypec and I agreed to stipulate to a hearing of the instant motion on
24 shortened time, despite the fact that defendant had taken no steps to seek
25 relief from the default for over a month.

26 ///
27 ///
28 ///

1    I declare under penalty of perjury under the laws of the United States of
2  America that foregoing is true and correct.  Executed October 23, 2007 at
3  Westlake Village, California.

4



5

6    J. Christopher Bennington

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO MOTION FOR RELIEF FROM ADMISSIONS DEEMED ADMITTED**

Exhibit "A"

## Christopher Bennington

**From:** Christopher Bennington
**Sent:** Monday, August 13, 2007 1:44 PM
**To:** 'rdf@foremanandbrasso.com'; Ronald J. Skocypec
**Subject:** Liberty Mutual v. Blatt — Depositions

Dear Mr. Foreman:

In preparation for trial in this matter, we need to take your deposition and Mr. Blatt's deposition. As part of your deposition, we need to ensure that we have, or secure production of, a complete set of billing statements from your firm relevant to Mr. Blatt's defense in the underlying litigation.

In compliance with local rule 30-1, please let me know what dates might be convenient for your calendar and that of Mr. Blatt, bearing in mind the cutoff date of September 7, 2007. We would be willing to take the depositions at your office if you would like to make it available. Alternatively, our firm has an office in Sacramento.

Also, please let me know if you are willing to accept service of a subpoena for your deposition.

On another topic, it would seem reasonable that we might be able to stipulate to a number of facts in this matter and save ourselves some time and money if the case goes to trial. If you are amenable to that idea, please let me know, and I will prepare a list of suggested stipulate facts for your consideration.

I look forward to hearing from you at your very earliest convenience.

Thanks,

Chris Bennington



**Chris Bennington**
**KRING & CHUNG, LLP**
920G Hampshire Road, Suite A-15
Westlake Village, CA 91361
(805) 494-3892
(805) 494-3914 Fax
cbennington@kringandchung.com
http://www.kringandchung.com

*Irvine * Ontario * San Diego * Las Vegas * Chino * Sacramento*

*This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.*

*IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.*

*Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Further, do not rely upon this e-mail for legal advice unless you have a signed retention agreement to receive legal advice from the Law Offices of Kring & Chung LLP. Thank you.*

Exhibit "B"

## Christopher Bennington

**From:** Christopher Bennington
**Sent:** Tuesday, August 28, 2007 2:11 PM
**To:** 'rdf@foremanandbrasso.com'
**Cc:** Ronald J. Skocypec
**Subject:** LMIC v. Blatt -- Proposed Stipulated Facts

Ron:

Attached are the proposed stipulated facts we discussed.  Please let me know your comments ASAP.

Thanks,

Chris



**Chris Bennington**
**KRING & CHUNG, LLP**
920G Hampshire Road, Suite A-15
Westlake Village, CA 91361
(805) 494-3892
(805) 494-3914 Fax
cbennington@kringandchung.com
http://www.kringandchung.com

*Irvine * Ontario * San Diego * Las Vegas * Chino * Sacramento*

*This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.*

*IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.*

*Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Further, do not rely upon this e-mail for legal advice unless you have a signed retention agreement to receive legal advice from the Law Offices of Kring & Chung LLP. Thank you.*

Exhibit "C"

## Christopher Bennington

**From:** Christopher Bennington
**Sent:** Friday, August 31, 2007 12:09 PM
**To:** 'rdf@foremanandbrasso.com'
**Cc:** Ronald J. Skocypec
**Subject:** Liberty v. Blatt

Ron:

I don't know if you have checked the court's website, but Judge Conti has granted the joint motion and has signed the order continuing the discovery cutoff to September 28 and the last motion hearing date to October 26.

This obviously gives a little bit of time, but I don't want to lose any momentum because we have received a reprieve. I would like to reach an agreement about the stipulated facts by early next week. If we can do that, particularly as to the matter of defense costs attributable to non-Schnabel matters, I think we can dispense with your deposition and that of Mr. Blatt. If we cannot reach an agreement, then we need to set some dates for those two depositions that are convenient for our calendars.

I am fairly open next month, but Thursdays are hard because of a family commitment on Thursday evenings. Let me know how you want to proceed.

Thanks,

Chris

PS -- Let me know where you are on the written discovery. In speaking with Halden last week, I granted you an extension through today pending the court's decision about the request for more time. Now that we have the extension, I can give you another week if you need it, but let me know what you want to do.



**Chris Bennington**
**KRING & CHUNG, LLP**
920G Hampshire Road, Suite A-15
Westlake Village, CA 91361
(805) 494-3892
(805) 494-3914 Fax
cbennington@kringandchung.com
http://www.kringandchung.com

*Irvine * Ontario * San Diego * Las Vegas * Chino * Sacramento*

This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or

*authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.*

*IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.*

*Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Further, do not rely upon this e-mail for legal advice unless you have a signed retention agreement to receive legal advice from the Law Offices of Kring & Chung LLP. Thank you.*

Exhibit "D"

## Christopher Bennington

**From:** Christopher Bennington
**Sent:** Friday, September 14, 2007 10:13 AM
**To:** 'rdf@foremanandbrasso.com'
**Cc:** Ronald J. Skocypec
**Subject:** LMIC v. Blatt

Ron:

There are several items we need to resolve almost immediately.

First, are you going to sign the stipulated facts that I prepared, or do you have a counter-proposal?

Second, if we are not going to use the stipulated facts, then I need to schedule your deposition and that of Mr. Blatt. I will set them for September 27 and 28 or some other date before the 28th that is convenient for your calendars. But I cannot let the time pass if we are not going to use the stipulated facts.

Third, where are we on the responses to the written discovery? Those responses are now overdue.

Thanks,

Chris



**Chris Bennington**
**KRING & CHUNG, LLP**
920G Hampshire Road, Suite A-15
Westlake Village, CA 91361
(805) 494-3892
(805) 494-3914 Fax
cbennington@kringandchung.com
http://www.kringandchung.com

*Irvine \* Ontario \* San Diego \* Las Vegas \* Chino \* Sacramento*

*This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.*

*IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.*

*Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a*

*contract or other legal document. Further, do not rely upon this e-mail for legal advice unless you have a signed retention agreement to receive legal advice from the Law Offices of Kring & Chung LLP. Thank you.*

Exhibit "E"

## Christopher Bennington

**From:** Christopher Bennington
**Sent:** Tuesday, September 18, 2007 12:00 PM
**To:** 'rdf@foremanandbrasso.com'
**Cc:** Ronald J. Skocypec
**Subject:** FW: LMIC v. Blatt

Ron:

Where are we with this?  I can't wait much longer.  Are we going to use the stipulated facts?

Thanks,

Chris

---

**From:** Christopher Bennington
**Sent:** Friday, September 14, 2007 10:13 AM
**To:** 'rdf@foremanandbrasso.com'
**Cc:** Ronald J. Skocypec
**Subject:** LMIC v. Blatt

Ron:

There are several items we need to resolve almost immediately.

First, are you going to sign the stipulated facts that I prepared, or do you have a counter-proposal?

Second, if we are not going to use the stipulated facts, then I need to schedule your deposition and that of Mr. Blatt.  I will set them for September 27 and 28 or some other date before the 28th that is convenient for your calendars.  But I cannot let the time pass if we are not going to use the stipulated facts.

Third, where are we on the responses to the written discovery?  Those responses are now overdue.

Thanks,

Chris



Chris Bennington
**KRING & CHUNG, LLP**
920G Hampshire Road, Suite A-15

Westlake Village, CA 91361
(805) 494-3892
(805) 494-3914 Fax
cbennington@kringandchung.com
http://www.kringandchung.com

*Irvine * Ontario * San Diego * Las Vegas * Chino * Sacramento*

*This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.*

*IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein.*

*Nothing in this message should be interpreted as a digital or electronic signature that can be used to authenticate a contract or other legal document. Further, do not rely upon this e-mail for legal advice unless you have a signed retention agreement to receive legal advice from the Law Offices of Kring & Chung LLP. Thank you.*

10/23/2007

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA, COUNTY OF ORANGE

3     I, the undersigned, am employed in the County of Orange, State of
4 California.  I am over the age of eighteen (18) years and not a party to the
within action.  My business address is 38 Corporate Park, Irvine, CA 92606-
5 5105.

6     On October 23, 2007, I served true copies of the foregoing
document(s) described as **OPPOSITION TO MOTION FOR RELIEF FROM**
7 **ADMISSIONS DEEMED ADMITTED; DECLARATION OF J.**
**CHRISTOPHER BENNINGTON** on the interested parties in this action,
8 addressed as follows:

9     Ronald D. Foreman, Esq.
Russell F. Brasso, Esq.
10     Foreman & Brasso
11     930 Montgomery St., Ste. 600
San Francisco, CA 94133
12

13 ⬚X   BY E-MAIL:  By transmitting a true copy of the foregoing document(s)
to the e-mail addresses set forth on the attached mailing list.

14     I declare under penalty of perjury under the laws of the State of
15 California that the foregoing is true and correct.

16     Executed on October 23, 2007, at Irvine, California.

17
18                                         M. Bennett

19                              MICHELLE BENNETT

20

21

22

23

24

25

26

27

28

