Ronald J. Skocypec, Bar No. 072690
J. Christopher Bennington, Bar No. 105432
KRING & CHUNG, LLP
200 North Westlake Blvd., Suite 207
Westlake Village, CA 91362
(805) 494-3892
(805) 494-3914 – Facsimile

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Liberty Mutual Insurance Company, ) | Case No.: C 06 2022 SC |
| ) | |
| Plaintiff, ) | STATUS CONFERENCE |
| ) | STATEMENT |
| vs. ) | |
| ) | Date: January 11, 2008 |
| Michael T. Blatt, ) | Time: 10:00 a.m. |
| ) | Courtroom: 1 |
| Defendant. ) | |
| ) | |

    Upon completion of the court-ordered mediation on January 7, 2008, Plaintiff, Liberty Mutual Insurance Company, submits the following status conference statement for use at the conference scheduled for January 11, 2008. This statement could not be meaningfully completed until after the conclusion of the court-ordered mediation.

STATUS CONFERENCE STATEMENT

**DESCRIPTION OF THE CASE**

1.      Brief description of the events underlying the action.

This is an insurance coverage action relating to Liberty's defense of defendant Michael Blatt in an underlying construction defect action. Defendant was an additional insured under a policy issued by Liberty to Schnabel Foundation.  Subject to a reservation of rights, Liberty defended Blatt under the terms of an endorsement which provided that Blatt was an additional insured under the Liberty policy, but "only with respect to liability arising out of [Schnabel's] operations . . . ."  Schnabel obtained a defense verdict in the underlying action.  Blatt paid the judgment entered against him.  However, Liberty paid, under a reservation of rights, the amount of $300,303.85 which reflected that portion of the judgment representing the fees and costs taxed against Blatt in the underlying action. Liberty filed the instant action to recover that amount, plus additional fees and costs which are not covered under the policy.

2.      The principal factual issues which the parties dispute.

Plaintiff Liberty - No material facts are in dispute.

Defendant Blatt – Accounting for monies claimed by Liberty Mutual.

3.      The principal legal issues which the parties dispute.

Plaintiff Liberty - The primary legal issues are Liberty's duty to defend Blatt in light of the defense verdict rendered in Schnabel's favor and Liberty's recovery of its payment, under a reservation of rights, of the fees and costs assessed against Blatt in the underlying action and any additional costs and fees which are not covered under the Liberty policy.

STATUS CONFERENCE STATEMENT

Defendant Blatt - Blatt alleges that Liberty had a duty to pay the $300,303.85 awarded against the defendant due to a prevailing party attorney-fee clause as such attorneys' fees award are statutorily defined as costs.  Blatt alleges that Liberty had a duty to pay $303,303.85 as a "supplementary payment" under the terms of their policy, as a cost taxed against the insured and in accord with <u>Prichard v. Liberty Mutual Ins. Co</u>. (2000) 84 Cal.App.4th 890.

The court has recently ruled on a summary judgment filed by Liberty which has effectively limited trial to the determination of the fees generated after the verdict in the underlying action.

4.    <u>Additional factual issues (e.g. service of process, etc.) which remain unresolved</u>.

Defendant was in default on answers to requests for admissions.  As consideration for stipulating to relief from the default, and in further consideration of taking off-calendar the motions of defendant and his counsel, defendant agreed to sign a stipulated set of facts.  To date, defendant has refused to sign those facts, facts which will be of import to the Court of Appeal and/or upon the hearing of any possible motion to reconsider.  If defendant refuses to sign the stipulated facts, plaintiff will move the court for an order finding defendant in default of the requests for admissions.

5.    <u>Parties which have not been served in this action</u>.
None.

STATUS CONFERENCE STATEMENT

6.     <u>Additional parties intended to join</u>.

None.

**ALERNATIVE DISPUTE RESOLUTION**

The parties completed a nonbinding mediation before Richard D. Warren, which was not successful. Following the court's ruling on Liberty's motion for summary judgment, the court ordered a further mediation of the case. This was accomplished this past Monday, January 7, 2008, before Margaret Corrigan, a mediator for the Ninth Circuit. The case did not settle.

**DISCLOSURES**

The parties have made the following disclosures:

1.     <u>Witnesses.</u>

    Michael Blatt

    Ronald Foreman

    Michael Barnette

    Experts in the underlying action

    Person Most Knowledgeable for Schnabel Foundation

    Rand L. Chritton

    Joseph D. Ryan

    Jacqueline Fagerlin

    Al Anolik

    Haig Harris

    Peter Kane

    Mary Kayglaspy

STATUS CONFERENCE STATEMENT

2.    Documents.

Foreman and Brasso's attorney billing statements

Foreman and Brasso's files relating to the underlying action

Transcripts in the underlying action relating to trial

Pleadings in the underlying action and all documents on file therewith Non-protected, non-privileged portions of Liberty's claims file re the defense of Gabbert

Schnabel Foundation files for the underlying action

Ryan and Lifter files for the underlying action

3.    Damage Computations.

Liberty's damage computations were set forth in its motion for default judgment, a copy of which was provided to defendant.    Additional calculations were set forth in the motion for summary judgment.

4.    Insurance Agreements.

A copy of the policy at issue is attached to the complaint filed herein and thus is already in the possession of defendant.

**DISCOVERY**

The parties agreed to and previously proposed the following discovery plan to the court:

1.    Documents.    To the extent relevant documents in the parties' possession, custody and control have not yet been exchanged by the parties, each party will produce the documents in its possession within sixty (60) days of the case management conference.    Documents obtained from the Marin County Superior Court, including trial transcripts, to the

STATUS CONFERENCE STATEMENT

extent requested by both parties, shall be obtained and the costs split evenly between the parties.

2.    <u>Written Discovery</u>.    Defendant was in default of requests for admissions.    Liberty agreed to set aside the default in exchange for a stipulated set of facts, and defendant has now refused to sign that set of facts.

3.    <u>Witnesses</u>.    This was made moot by the agreement of the parties concerning relief from the requests deemed admitted.

4.    <u>Expert Witnesses</u>.  This has been made moot.

**DISPOSITIVE MOTIONS**

The court has already heard Liberty's motion for summary judgment.

**TRIAL SCHEDULE**

The case is currently not set for trial as a result of the court's ruling on the summary judgment motion.    Any matter remaining to be tried should take less than a day.

DATED:  January 10, 2008          KRING & CHUNG, LLP

By: _____
Ronald J. Skocypec
J. Christopher Bennington
Attorneys for Plaintiff
Liberty Mutual Insurance Company

STATUS CONFERENCE STATEMENT

1

## PROOF OF SERVICE

2 | STATE OF CALIFORNIA, COUNTY OF ORANGE

3      I, the undersigned, am employed in the County of Orange, State of
California.  I am over the age of eighteen (18) years and not a party to the
4 | within action.  My business address is 38 Corporate Park, Irvine, CA 92606-
5105.
5

6      On January 10, 2008, I served true copies of the foregoing
document(s) described as **STATUS CONFERENCE STATEMENT** on the
7 | interested parties in this action, addressed as follows:

8      Ronald D. Foreman, Esq.
Russell F. Brasso, Esq.
9      Foreman & Brasso
930 Montgomery St., Ste. 600
10     San Francisco, CA 94133

11
[X]    BY E-MAIL:  By transmitting a true copy of the foregoing document(s)
12          to the e-mail addresses set forth on the attached mailing list.

13     I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.
14

15     Executed on January 10, 2008, at Irvine, California.

16

17                                                              _M. Bennett_____

                                                              MICHELLE BENNETT
18

19

20

21

22

23

24

25

26

27

28



1

F:\8000\0006\POS\PROOF OF SERVICE.doc