# FOREMAN & BRASSO
ATTORNEYS AT LAW

Ronald D. Foreman
Russell F. Brasso

930 Montgomery Street, Suite 600
San Francisco, California 94133
Tel: 415.433.3475
Fax: 415.781.8030
www.foremanandbrasso.com

Marin Office
21 Tamal Vista Boulevard, Suite 174
Corte Madera, CA 94925

January 15, 2008

The Honorable Judge Samuel Conti
United States District Court
450 Golden Gate Avenue
Courtroom 1, 17th Floor
San Francisco, CA 94102

  Re: *Liberty Mutual Insurance Company v. Blatt*
    USDC Northern District, Case No. C062022SC

Dear Judge Conti:

  The parties are working hard to resolve various factual disputes to come together with a Stipulated Set of Facts. Presently there are 16 facts which the parties have agreed to. A dispute has arisen over the proposed language for proposed stipulated Fact 15 and 17. Attached to this letter are proposed Stipulated Facts for Trial. The tension between the parties relates to two competing versions of Fact, 15 and 17. Two versions of the proposed stipulated facts are set forth below. It is the intent of the parties to discuss those two proposals with the Court at the 10:00 a.m. hearing, unless further progress is made before then.

  Defendants' Version:

> "15. The parties agree that if it is determined that direct defense expenses were incurred that were unrelated to Schnabel's work then the amount is $99,172.44. (Blatt contends that all direct defense expenses were all interrelated and Liberty Mutual contends that the direct defense expenses are allocable to covered and none covered claims.)"
>
> "17. Of the $23,045.71 in direct defense expenses incurred after the verdict, $8,755.19 was paid by Liberty Mutual after the verdict."

  Plaintiff's Version:

> "15. The parties agree that $99,172.44 of the direct defense expenses were incurred in the defense of claims completely unrelated to Schnabel's work or the Schnabel retaining wall. Blatt reserves the right to argue that Liberty Mutual is not legally entitled to recover some or all of this amount."

Honorable Samuel Conti
January 15, 2008
Page 2

**FOREMAN & BRASSO**

      "17. Of the $23,045.71 in direct defense expenses incurred after the verdict in the Gabbert action, at least $8,755.19 has been paid by Liberty Mutual. Liberty Mutual reserves the right to introduce evidence of additional payments of direct defense expenses incurred and paid after the verdict in the Gabbert action."

      The parties will appear at 10:00 a.m on Wednesday, January 16, 2008 to address these issues.

Very truly yours,
FOREMAN & BRASSO

Ronald D. Foreman, Esq.

cc: Client
    All Counsel (via fax)

L:\FAB\Blatt\Liberty Mutual\Correspondence\Conti011508.wpd

Ronald D. Foreman (SBN 61148)
**FOREMAN & BRASSO**
930 Montgomery Street, Suite 600
San Francisco, CA 94133
Telephone:   (415) 433-3475
Facsimile:   (415) 781-8030
Email: foremanandbrasso@foremanandbrasso.com

Attorneys for Defendant
MICHAEL T. BLATT.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Liberty Mutual Insurance Company, <br><br> Plaintiff, <br><br> v. <br><br> Michael T. Blatt, <br><br> Defendant. | Case No. C062022 <br><br> **STIPULATED FACTS FOR TRIAL (II)** <br><br> Trial Date: Not Set |

Plaintiff Liberty Mutual Insurance Company and Defendant Michael. T. Blatt hereby stipulate to the following facts for all purposes, including trial:

1.   Michael T. Blatt ("Blatt") was an additional insured under the terms of policy no. TB1-131-011670-397 issued by Liberty Mutual Insurance Company ("Liberty Mutual") in favor of Schnabel Foundation Company ("Schnabel").

2. Blatt was not a named insured under the terms of policy no. TB1-131-011670-397.

3. As an additional insured under the terms of policy no. TB1- 131-011670-397, Blatt was covered only against "liability arising out of

STIPULATED FACTS II

1  [Schnabel's] operations or out of premises owned by or rented to [Schnabel]."
2  A copy of the endorsement is attached to these stipulated facts as Exhibit A.
3      4. Blatt was sued on or about January 29, 2002 by James Gabbert and
4  Michael Lincoln in an action denominated <u>Gabbert v. Blatt</u>, Marin County
5  Superior Court case CV 020477 (the "<u>Gabbert</u> action").
6      5. The <u>Gabbert</u> action arose out of the construction of two
7  condominiums in Sausalito, California. Blatt was the owner of the property.
8  The plaintiffs, Gabbert and Lincoln, were the purchasers of the condominiums.
9  Copies of the real estate purchase agreements are attached as Exhibits B and
10 C.
11     6. In the complaint in the <u>Gabbert</u> action, Gabbert and Lincoln alleged
12 that there were numerous defects in the condominiums, including damage
13 related to water intrusion. A copy of the complaint is attached as Exhibit D.
14     7. Liberty Mutual's named insured, Schnabel, had been hired by Blatt to
15 construct a soil nail retaining wall to stabilize the hillside behind the
16 condominiums. A copy of the Schnabel-Blatt contract is attached as Exhibit E.
17     8. Schnabel was not named as a defendant in the <u>Gabbert</u> action. Blatt
18 sued Schnabel in a cross-complaint, a copy of which is attached as Exhibit F.
19     9. On or about March 21, 2002, Blatt tendered his defense in the
20 <u>Gabbert</u> action to Liberty Mutual under the terms of policy no. TB 1-131-
21 011670-397. A copy of the tender letter is attached as Exhibit G.
22     10. In a letter dated September 4, 2002, Liberty Mutual agreed to defend
23 Blatt against the claims made in the <u>Gabbert</u> action. The defense was offered
24 under a reservation of rights. A copy of the reservation of rights letter is
25 attached as Exhibit H.
26     11. The <u>Gabbert</u> action was tried in February 2004. Blatt and plaintiffs
27 Gabbert and Lincoln maintained at trial that the wall constructed by Schnabel
28 wag responsible, in whole or in part, for the water intrusion into the

**STIPULATED FACTS II**
- 2 -

condominiums. The jury found that Schnabel was not responsible for any of the damages. A copy of the February 27, 2004 jury verdict form is attached as Exhibit I.

12. In the Gabbert action attorney's fees were awarded in the amount of $286,669.00 and costs in the amount of $13,634.85 in favor of plaintiffs and against Blatt, for a total of $300,303.85 ("fee award"). The fee award was made pursuant to paragraph 28 of the "real estate purchase agreements between Blatt and Gabbert and Lincoln, and under the provisions of California Civil Code Section 1717. The cost award was made under the provisions of Code of Civil Procedure section 1032. A copy of the Amended Judgment as entered is attached as Exhibit J.

13. Liberty Mutual paid the fee award on behalf of Blatt in two payments. The first payment of $13,634.85 was made on or about July 16, 2004, and a second payment of $286,667.40 was made on or about September 10, 2004. Payment was made as a "supplementary payment" under the terms of policy TB1- 131- 011670-397. Copies of the policy describing "supplementary payments" are attached as Exhibit K.

14. Liberty Mutual also paid $198,344.88 in fees and costs ("direct defense expenses") to defend Blatt in the Gabbert action.

15. The parties agree that if it is determined that direct defense expenses were incurred that were unrelated to Schnabel's work then the amount is $99,172.44. (Blatt contends that all direct defense expenses were all interrelated and Liberty Mutual contends that the direct defense expenses are allocable to covered and none covered claims.)

16. Of the $198,344.88 in direct defense expenses, $23,045.71 was incurred on behalf of Blatt after the jury verdict in the Gabbert action.

17. Of the $23,045.71 in direct defense expenses incurred after the verdict, $8,755.19 was paid by Liberty Mutual after the verdict.

STIPULATED FACTS II
- 3 -

18. Of the $300,303.85 fee and cost award, $1,582.50 was incurred by counsel for Gabbert and Lincoln after the jury verdict in the <u>Gabbert</u> action (the amount was paid as set forth in no. 13, above).

DATED: January___, 2008         FOREMAN & BRASSO

                                By: _____
                                Ronald D. Foreman
                                Attorneys for Defendant
                                Michael T. Blatt

DATED: January___, 2008         KRING & CHUNG, LLP

                                By: _____
                                Ronald J. Skocypec
                                J. Christopher Benninton
                                Attorney for Plaintiff
                                LIBERTY MUTUAL
                                INSURANCE COMPANY

STIPULATED FACTS II

- 4 -

1 | Ronald J. Skocypec, Bar No. 72690
2 | J. Christopher Bennington, Bar No. 105432
  | KRING & CHUNG, LLP
  | 200 N. Westlake Blvd., Suite 207
3 | Westlake Village, CA 91362
  | Telephone: (805) 494-3892
4 | Facsimile: (805) 800-1950

5 | Attorneys for Plaintiff
  | LIBERTY MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| LIBERTY MUTUAL INSURANCE COMPANY, | Case No. C 06 2022 SC |
|---|---|
| Plaintiff, | **STIPULATED FACTS FOR TRIAL** |
| vs. | |
| MICHAEL T. BLATT, | Trial Date: Not Set |
| Defendant. | |

Plaintiff Liberty Mutual Insurance Company and Defendant Michael T. Blatt hereby stipulate to the following facts for all purposes, including trial:

1. Michael T. Blatt ("Blatt") was an additional insured under the terms of policy no. TB1-131-011670-397 issued by Liberty Mutual Insurance Company ("Liberty Mutual") in favor of Schnabel Foundation Company ("Schnabel").

2. Blatt was not a named insured under the terms of policy no. TB1-131-011670-397.

3. As an additional insured under the terms of policy no. TB1-131-



1  011670-397, Blatt was covered only against "liability arising out of
2  [Schnabel's] operations or out of premises owned by or rented to [Schnabel]."
3  A copy of the endorsement is attached to these stipulated facts as Exhibit 1.

5      4. Blatt was sued on or about January 29, 2002 by James Gabbert and
6  Michael Lincoln in an action denominated <u>Gabbert v. Blatt</u>, Marin County
7  Superior Court case CV 020477 (the "<u>Gabbert</u> action").

9      5. The <u>Gabbert</u> action arose out of the construction of two
10 condominiums in Sausalito, California. Blatt was the owner of the property.
11 The plaintiffs, Gabbert and Lincoln, were the purchasers of the
12 condominiums. Copies of the real estate purchase agreements are attached
13 as Exhibits 2 and 3.

15     6. In the complaint in the <u>Gabbert</u> action, Gabbert and Lincoln alleged
16 that there were numerous defects in the condominiums, including damage
17 related to water intrusion. A copy of the complaint is attached as Exhibit 4.

19     7. Liberty Mutual's named insured, Schnabel, had been hired by Blatt
20 to construct a soil nail retaining wall to stabilize the hillside behind the
21 condominiums. A copy of the Schnabel-Blatt contract is attached as Exhibit
22 5.

24     8. Schnabel was not named as a defendant in the <u>Gabbert</u> action. Blatt
25 sued Schnabel in a cross-complaint, a copy of which is attached as Exhibit 6.

27     9. On or about March 21, 2002, Blatt tendered his defense in the
28 <u>Gabbert</u> action to Liberty Mutual under the terms of policy no. TB1-131-

011670-397. A copy of the tender letter is attached as Exhibit 7.

10. In a letter dated September 4, 2002, Liberty Mutual agreed to defend Blatt against the claims made in the <u>Gabbert</u> action. The defense was offered under a reservation of rights. A copy of the reservation of rights letter is attached as Exhibit 7.

11. The <u>Gabbert</u> action was tried in February 2004. Blatt and plaintiffs Gabbert and Lincoln maintained at trial that the wall constructed by Schnabel was responsible, in whole or in part, for the water intrusion into the condominiums. The jury found that Schnabel was not responsible for any of the damages. A copy of the February 27, 2004 jury verdict form is attached as Exhibit 8.

12. The court in the <u>Gabbert</u> action awarded attorney's fees in the amount of $286,669.00 and costs in the amount of $13,634.85 in favor of plaintiffs and against Blatt, for a total of $300,303.85 ("fee award"). The fee award was made pursuant to paragraph 28 of the real estate purchase agreements between Blatt and Gabbert and Lincoln, and under the provisions of California Civil Code section 1717. The cost award was made under the provisions of Code of Civil Procedure section 1032. A copy of the amended judgment as entered is attached as Exhibit 9.

13. Liberty Mutual paid the fee award on behalf of Blatt in two payments. The first payment of $13,634.85 was made on or about July 16, 2004, and a second payment of $286,667.40 was made on or about September 10, 2004. Payment was made as a "supplementary payment" under the terms of policy TB1-131-011670-397. Copies of the policy

provisions describing "supplementary payments" are attached as Exhibit 11.

14. Liberty Mutual also paid $198,344.88 in fees and costs ("direct defense expenses") to defend Blatt in the Gabbert action.

15. The parties agree that $99,172.44 of the direct defense expenses were incurred in the defense of claims completely unrelated to Schnabel's work or the Schnabel retaining wall. Blatt reserves the right to argue that Liberty Mutual is not legally entitled to recover some or all of this amount.

16. Of the $198,344.88 in direct defense expenses, $23,045.71 was incurred on behalf of Blatt after the jury verdict in the Gabbert action.

17. Of the $23,045.71 in direct defense expenses incurred after the verdict in the Gabbert action, at least $8,755.19 has been paid by Liberty Mutual. Liberty Mutual reserves the right to introduce evidence of additional payments of direct defense expenses incurred and paid after the verdict in the Gabbert action.

18. Of the $300,303.85 fee and cost award, $1,582.50 was incurred by counsel for Gabbert and Lincoln after the jury verdict in the Gabbert action. This amount was paid as part of the payments described in Fact 13.

Dated: January 15, 2008                FOREMAN & BRASSO

                                       By: _____
                                       Ronald D. Foreman
                                       Attorneys for Plaintiff
                                       MICHAEL T. BLATT





Dated: January 15, 2008                KRING & CHUNG, LLP

By: _____
Ronald J. Skocypec
J. Christopher Bennington
Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

**STIPULATED FACTS**