

Kyle D. Kring
Kenneth W. Chung
Paul T. McBride
Robert P. Mougin
David C. Weber
John R. Blakely
Kathleen Elder-Blakely
Timothy J. Broussard
David P. Ramirez
Suzanne M. Rehmani
Ronald J. Skocypec
John R. Bell

Marvin Amoroso
J. Christopher Bennington
Brendan J. Coughlin
June Yang Cutter
Joanna L. Darvish
Anna Greenstin
Laura C. Hess
Alyssa L. Morrison
Allyson K. Myers
Kathleen J. Patterson
Justin G. Reden
Matthew A. Reynolds
Shane Singh
Arie L. Weedman
Michelle L. Wiederhold
Anthony M. Wright

OF COUNSEL
Timothy J. Schafer
David M. Griffith
Paul A. Rianda

WESTLAKE VILLAGE
200 N. Westlake Blvd.
Suite 207
Westlake Village, CA 91362
T (805) 494-3892
F (805) 800-1950

IRVINE
INLAND EMPIRE
SACRAMENTO
SAN DIEGO
LAS VEGAS
CHINO
WESTLAKE VILLAGE

www.kringandchung.com

January 15, 2008

The Hon. Samuel Conti, Senior Judge
United States District Court, Northern District of California
450 Golden Gate Avenue
Courtroom 1, 17th Floor
San Francisco, CA 94102

      **Re:**    **Liberty Mutual Insurance Company v. Michael Blatt**
              K&C Client:     Liberty Mutual Insurance Company
              K&C File No.:   8000.0006
              USDC Case No.:  C 062022 SC

Dear Judge Conti:

      The parties have arrived at an impasse about the proposed stipulated facts. From the standpoint of Liberty Mutual, defendant has now backtracked from the agreement in principle the parties reached months ago.

      The disagreement hinges on Fact 15, which was designed to save a great deal of time and money on discovery aimed at determining what defense costs were related to the work of the named insured, Schnabel Foundation, and those which were not. As an additional insured under the policy, Mr. Blatt was only entitled to coverage to the extent that claims arose out the named insured's work.

      A review of Mr. Foreman's bills makes it clear that at least some of the defense fees and costs were spent on claims and damages completely unrelated to the Schnabel wall. Whether the unrelated claims consumed more than half of the defense costs or something less, the determination of that ratio would have taken a great deal of time and money.

      In order to save that effort, the parties agreed to split the difference. The parties stipulated that half of the defense costs – roughly $100,000 – were spent on items unrelated to Schnabel.

      This was a stipulation about a *factual* issue only. Mr. Blatt reserved the right argue that Liberty Mutual was not entitled to recover any fees pursuant to <u>Buss v. Superior Court</u>, but he did not reserve the right to dispute the division

The Hon. Samuel Conti, Senior Judge
January 15, 2008
K&C File No.: 8000.0006
Page 2

---

between fees spent on claims related to Schnabel's work and fees spent on claims not related to Schnabel's work.

The parties clearly contemplated that the there would be one of three results at trial concerning the fees and costs spent on Mr. Blatt's defense (as opposed to the fees and costs paid to counsel for the underlying plaintiffs): (1) the court would agree with Liberty's position that the jury's verdict in the underlying case which exonerated Schnabel also established that there was never any potential for coverage for Mr. Blatt under the policy, and that Liberty was entitled to a full recovery (roughly $200,000); (2) the court would agree with Mr. Blatt's position and find that Liberty was entitled to no recovery because the jury verdict only relieved Liberty of a defense obligation on a "going-forward" basis; or (3) that Liberty was entitled to recover under <u>Buss</u> only those fees and costs incurred in the defense of claims not potentially covered under the policy, in which case Liberty would be entitled to recover one-half of the defense fees and costs. The result had to be one of those three numbers.

This agreement was memorialized in my email to Mr. Foreman of October 24, 2007. In that email, I wrote:

> "Let me confirm my understanding of our conversation this morning. The crux of the matter is the division of defense costs incurred on behalf of Mr. Blatt. We have agreed that half of the defense fees and costs were spent on issues unrelated to the wall or Schnabel's work at the condominium site. Liberty Mutual reserves the right to argue that it is entitled to reimbursement of all fees and costs because of the jury verdict. Mr. Blatt reserves the right to argue that for various legal reasons Liberty Mutual is not even entitled to a <u>Buss</u> recovery of a portion of the defense costs. If the court decides that Liberty Mutual is entitled only to the <u>Buss</u> recovery of defense fees and costs spent on uncovered claims, then the amount of the recovery will be one-half of the approximately $198k spent on the defense.
>
> "If this is the deal, then we can proceed with the stipulated facts, take the depositions off-calendar, and eliminate the default concerning the requests for admissions. Please let me know immediately if I have misstated our agreement."

The Hon. Samuel Conti, Senior Judge
January 15, 2008
K&C File No.: 8000.0006
Page 3

     Before the stipulated facts were reduced to a final version, the court issued its order on the motion for summary judgment. With that ruling in hand, Mr. Blatt now seeks to change the nature of the agreement about the stipulated facts.

     The agreement about the stipulated facts was the consideration for Liberty Mutual taking off-calendar the depositions of Mr. Blatt and Mr. Foreman and for agreeing to relief for Mr. Blatt from his default in responding to requests for admissions. If the parties cannot agree to a set of stipulated facts that reflect the actual agreement between the parties, Liberty Mutual will be forced to bring a motion asking that the default as to the requests for admissions be reinstated for failure of consideration.

                                              Respectfully submitted,

                                              Kring & Chung, LLP

                                              Ronald J. Skocypec
                                              J. Christopher Bennington

(rskocypec@kringandchung.com)
(cbennington@kringandchung.com)
RJS/JCB/mb

cc:    Ronald D. Foreman