Ronald J. Skocypec, Bar No. 72690
J. Christopher Bennington, Bar No. 105432
KRING & CHUNG, LLP
200 N. Westlake Blvd., Suite 207
Westlake Village, CA 91362
Telephone:  (805) 494-3892
Facsimile:  (805) 800-1950

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY,

   Plaintiff,

  vs.

MICHAEL T. BLATT,

   Defendant.

)  Case No. C 06 2022 SC
)
)  **STIPULATED FACTS**
)
)
)
)
)
)
)

  Plaintiff Liberty Mutual Insurance Company and Defendant Michael T. Blatt hereby stipulate to the following facts:

  1.  Michael T. Blatt ("Blatt") was an additional insured under the terms of policy no. TB1-131-011670-397 issued by Liberty Mutual Insurance Company ("Liberty Mutual") in favor of Schnabel Foundation Company ("Schnabel").

  2.  Blatt was not a named insured under the terms of policy no. TB1-131-011670-397.

  3.  As an additional insured under the terms of policy no. TB1-131-



1 011670-397, Blatt was covered only against "liability arising out of
2 [Schnabel's] operations or out of premises owned by or rented to [Schnabel]."
3 A copy of the endorsement is attached to these stipulated facts as Exhibit 1.
4
5    4.  Blatt was sued on or about January 29, 2002 by James Gabbert and
6 Michael Lincoln in an action denominated Gabbert v. Blatt, Marin County
7 Superior Court case CV 020477 (the "Gabbert action").
8
9    5.  The Gabbert action arose out of the construction of two
10 condominiums in Sausalito, California.  Blatt was the owner of the property.
11 The plaintiffs, Gabbert and Lincoln, were the purchasers of the
12 condominiums.  Copies of the real estate purchase agreements are attached
13 as Exhibits 2 and 3.
14
15    6.  In the complaint in the Gabbert action, Gabbert and Lincoln alleged
16 that there were numerous defects in the condominiums, including damage
17 related to water intrusion.  A copy of the complaint is attached as Exhibit 4.
18
19    7.  Liberty Mutual's named insured, Schnabel, had been hired by Blatt
20 to construct a soil nail retaining wall to stabilize the hillside behind the
21 condominiums.  A copy of the Schnabel-Blatt contract is attached as Exhibit
22 5.
23
24    8.  Schnabel was not named as a defendant in the Gabbert action. Blatt
25 sued Schnabel in a cross-complaint, a copy of which is attached as Exhibit 6.
26
27    9.  On or about March 21, 2002, Blatt tendered his defense in the
28 Gabbert action to Liberty Mutual under the terms of policy no. TB1-131-

1  011670-397.  A copy of the tender letter is attached as Exhibit 7.

2

3      10.   In a letter dated September 4, 2002, Liberty Mutual agreed to
4  defend Blatt against the claims made in the Gabbert action.   The defense
5  was offered under a reservation of rights.  A copy of the reservation of rights
6  letter is attached as Exhibit 7.

7

8      11.  The Gabbert action was tried in February 2004.  Blatt and plaintiffs
9  Gabbert and Lincoln maintained at trial that the wall constructed by Schnabel
10 was responsible, in whole or in part, for the water intrusion into the
11 condominiums.  The jury found that Schnabel was not responsible for any of
12 the damages.  A copy of the February 27, 2004 jury verdict form is attached
13 as Exhibit 8.

14

15     12.   The court in the Gabbert action awarded attorney's fees in the
16 amount of $286,669.00 and costs in the amount of $13,634.85 in favor of
17 plaintiffs and against Blatt, for a total of $300,303.85 ("fee award").  The fee
18 award was made pursuant to paragraph 28 of the real estate purchase
19 agreements between Blatt and Gabbert and Lincoln, and under the
20 provisions of California Civil Code section 1717.  The cost award was made
21 under the provisions of Code of Civil Procedure section 1032.  A copy of the
22 amended judgment as entered is attached as Exhibit 9.

23

24     13.   Liberty Mutual paid the fee award on behalf of Blatt in two
25 payments.  The first payment of $13,634.85 was made on or about July 16,
26 2004, and a second payment of $286,667.40 was made on or about
27 September 10, 2004.  Payment was made as a "supplementary payment"
28 under the terms of policy TB1-131-011670-397.   Copies of the policy

1  provisions describing "supplementary payments" are attached as Exhibit 11.

2

3      14.   Liberty Mutual also paid $198,344.88 in fees and costs ("direct
4  defense expenses") to defend Blatt in the Gabbert action.

5

6      15.   If it is determined that direct defense expenses were incurred in
7  the defense of claims unrelated to Schnabel's work, then the parties agree
8  that the amount is $99,172.44.   Blatt contends that all direct defense
9  expenses were interrelated.  Liberty Mutual contends that the direct defense
10  expenses are allocable to covered and non-covered claims.

11

12      16.   Of the $198,344.88 in direct defense expenses, $23,045.71 was
13  incurred on behalf of Blatt after the jury verdict in the Gabbert action.

14

15      17.   Of the $23,045.71 in direct defense expenses incurred after the
16  verdict in the Gabbert action, $8,755.19 has been paid by Liberty Mutual.
17  Payment of $7,304.21 was made to Foreman & Brasso by Liberty Mutual on
18  June 1, 2004.   Payment of $836.75 was made to Foreman & Brasso by
19  Liberty Mutual on July 12, 2004.  Payment of $884.23 was made to Foreman
20  & Brasso by Liberty Mutual on August 18, 2004.

21

22      18.   Of the $300,303.85 fee and cost award, $1,582.50 was incurred
23  by counsel for Gabbert and Lincoln as fees after the jury verdict in the
24  Gabbert action.  This amount was paid as part of the September 10, 2004
25  payment described in fact 13.

26

27

28

KRING & CHUNG
ATTORNEYS LLP

FROM :EL MONTE DA                    FAX NO. :                    Jan. 24 2008 05:20PM  P2
        01/24/2008  16:21   4157818830        FOREMAN&BRASSO                    PAGE  05/07

Dated:  January 24, 2008                    FOREMAN & BRASSO

                                            By: _____
                                                Ronald D. Foreman
                                                Attorneys for Plaintiff
                                                MICHAEL T. BLATT

Dated:  January 24, 2008                    KRING & CHUNG, LLP

                                            By: _____
                                                Ronald J. Okocypcc
                                                J. Christopher Bennington
                                                Attorneys for Plaintiff
                                                LIBERTY MUTUAL INSURANCE
                                                COMPANY



5
**STIPULATED FACTS**

1  Dated:  January 24, 2008                    FOREMAN & BRASSO

2

3                                        By:  _____

4                                             Ronald D. Foreman
                                              Attorneys for Plaintiff
5                                             MICHAEL T. BLATT

6
   Dated:  January 24, 2008                    KRING & CHUNG, LLP
7

8                                        By:  _____

9                                             Ronald J. Skocypec
                                              J. Christopher Bennington
10                                            Attorneys for Plaintiff
                                              LIBERTY MUTUAL INSURANCE
11                                            COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



28

                                    5
                              **STIPULATED FACTS**

1  ## PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF ORANGE

3      I, the undersigned, am employed in the County of Orange, State of
California.  I am over the age of eighteen (18) years and not a party to the
4  within action.  My electronic mail address is mbennett@kringandchung.com.
The document was served electronically and the transmission was reported
5  as complete and without error.

6      On January 24, 2008 at approximately 5:30 p.m., I served true copies
of the foregoing document(s) described as **STIPULATED FACTS** on the
7  interested parties in this action, addressed as follows:

8  ### Attorneys for Michael Blatt
Ronald D. Foreman, Esq.
9  rdf@foremanandbrasso.com

10  ☒   BY E-MAIL:  By transmitting a true copy of the foregoing document(s)
    to the e-mail address listed above.
11

12      I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

13      Executed on January 24, 2008, at Irvine, California.

14

15  _M. Bennett_

16            MICHELLE BENNETT

17

18

19

20

21

22

23

24

25

26

27  1



E:\8000\0006\POS\PROOF OF SERVICE.doc