IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL BLATT,<br><br>    Defendant.<br>_____/ | No. C 06-02022 CW<br><br>CLERK'S NOTICE SETTING PRETRIAL CONFERENCE AND COURT TRIAL |

The above-captioned case having been reassigned to the Honorable Claudia Wilken,

Notice is hereby given that a pretrial conference will be held on **March 4, 2008, at 2:00 p.m.,** in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612.  A one day court trial will commence on **March 10, 2008, at 8:30 a.m.**  Counsel shall comply with the attached Order for Pretrial Preparation.

Dated: 2/5/08

*Sheilah Cahill*
_____
SHEILAH CAHILL
Deputy Clerk

ORDER FOR PRETRIAL PREPARATION

PRETRIAL CONFERENCE

1. Not less than 30 days prior to the pretrial conference, counsel shall **exchange** (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

2. At least 20 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

    (a) Preparation and content of the joint pretrial conference statement;

    (b) Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation. To the extent such differences are not resolved, parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and

    (c) Settlement of the action.

3. Not less than 10 days prior to the pretrial conference, counsel shall submit the following.

    (a) Pretrial Conference Statement. The parties shall file a joint pretrial conference statement containing the following information:

        (1) The Action.

        (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

        (B) Relief Prayed. A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

        (2) The Factual Basis of the Action.

2

       (A) Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

       (B) Disputed Factual Issues.  A plain and concise statement of all disputed factual issues which remain to be decided.

       (C) Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

       (D) Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

   (3) Disputed Legal Issues.  Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

   (4) Further Discovery or Motions.  A statement of all remaining discovery or motions.

   (5) Trial Alternatives and Options.

       (A) Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

       (B) Consent to Trial Before a Magistrate Judge.  A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

       (C) Bifurcation, Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

   (6) Miscellaneous.  Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

  (b) Exhibit List and Objections.  The exhibit list shall list each proposed exhibit by its number (see Civil L.R. 30-2(b)), description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and

3

the date on which it is admitted into evidence. **No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave of the Court for good cause shown.** Parties shall also deliver a set of premarked exhibits to the Courtroom Deputy. The exhibit markers shall each contain the name and number of the case, the number of the exhibit, and blanks to accommodate the date admitted and the Deputy Clerk's initials. (Appropriate sample forms are available on the Court's website at www.cand.uscourts.gov). Any objections to exhibits which remain after the pretrial meeting shall be indicated in the pretrial statement.

     (c) Witness List. In addition to the requirements of FRCivP 26(a)(3)(A), a brief statement describing the substance of the testimony to be given by each witness who may be called at trial. **No party shall be permitted to call any witness in its case-in-chief that is not disclosed in its pretrial statement without leave of Court for good cause shown.**

     (d) Use of Discovery Responses. In addition to the requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from interrogatory answers or from responses for admissions intended to be offered at trial. Counsel shall indicate any objections to use of these materials and that counsel have conferred respecting such objections.

     (e) Trial briefs. Briefs on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, which remain after the pretrial meeting.

     (f) Motions in Limine. Any motions in limine that could

1 not be settled at the pretrial meeting shall be filed with the
2 pretrial statement.  All motions in limine shall be contained
3 within one document, limited to 25 pages pursuant to Civil L.R. 7-
4 2(b), with each motion listed as a subheading.  Opposition to the
5 motions in limine shall be contained within one document, limited
6 to 25 pages, with corresponding subheadings, and filed five (5)
7 days thereafter.

8      (g)  Joint Proposed Voir Dire.  The attached voir dire
9 questionnaire will be given to the venire members, and copies of
10 the responses will be made available to counsel at the beginning of
11 voir dire.  Counsel may submit a set of additional requested voir
12 dire, to be posed by the Court, to which they have agreed at the
13 pretrial meeting.  Any voir dire questions on which counsel cannot
14 agree shall be submitted separately.  Counsel may be allowed brief
15 follow-up voir dire after the Court's questioning.

16      (h)  Joint Proposed Jury Instructions.  As applicable,
17 jury instructions §1.1A, §1.1C, §1.2 through §1.17, §1.19, §2.1
18 through §2.13, §3.1 through §3.3 from the <u>Manual of Model Civil</u>
19 <u>Jury Instructions for the Ninth Circuit</u> (2007 Edition) will be
20 given absent objection.  Counsel shall jointly submit one set of
21 additional proposed jury instructions, to which they have agreed at
22 the pretrial meeting.  The instructions shall be ordered in a
23 logical sequence, together with a table of contents.  Any
24 instruction on which counsel cannot agree shall be marked as
25 "disputed," and shall be included within the jointly submitted
26 instructions and accompanying table of contents, in the place where
27 the party proposing the instruction believes it should be given.

28

5

Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction.

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk in WordPerfect or ASCII format.  The disk label should include the name of the parties, the case number and a description of the document.

    (i) Proposed Verdict Forms, Joint or Separate.

    (j) Proposed Findings of Fact and Conclusions of Law (Court Trial only).  Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their proposed findings of fact and conclusions of law on a computer disk in WordPerfect or ASCII format.  The disk label should include the name of the parties, the case number and a description of the document.

<u>JURY SELECTION</u>

  The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

  Voir dire will be asked of sufficient venire persons so that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

  The Court will then take cause challenges, and discuss hardship claims from the individual jurors, outside the presence of the venire.  The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce

those dismissals until the process is completed.  Each side may then list in writing up to three peremptory challenges.  The attorneys will review each other's lists and then submit them to the Courtroom Deputy.

Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily, and call the first eight people in numerical sequence remaining.  Those people will be the jury.

All jurors remaining at the close of the case will deliberate. There are no alternates.

SANCTIONS

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

IT IS SO ORDERED.

Dated: 2/5/08

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. The city where you live: _____

4. Your place of birth: _____

5. Do you rent or own your own home? _____

6. Your marital status: (circle one)

   single   married   separated   divorced   widowed   live with partner

7. What is your occupation, and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).

   _____

   _____

8. Who is (or was) your employer?

   _____

9. How long have you worked for this employer? _____

10. Please list the occupations of any adults with whom you live.

    _____

11. If you have children, please list their ages and sex and, if they are employed, please give their occupations.

    _____

    _____

8

12. Please describe your educational background:

    Highest grade completed: _____

    College and/or vocational schools you have attended:

    _____

    _____

    _____

    _____

    Major areas of study:_____

13. Have you ever served on a jury before? _____  How many times?_____

    If yes:  State/County Court _____  Federal Court _____

    When? _____

    Was it a civil or criminal case? _____

    Did the jury(ies) reach a verdict? _____

(rev. 10/10/07)

9