Ronald J. Skocypec, Bar No. 72690
J. Christopher Bennington, Bar No. 105432
KRING & CHUNG, LLP
200 N. Westlake Blvd.
Suite 207
Westlake Village, CA 91362
Telephone: (805) 494-3892
Facsimile: (805) 800-1950

Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br>vs.<br><br>MICHAEL T. BLATT,<br><br>Defendant. | Case No. C 06 2022 CW<br><br>**OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 1**<br><br>Hon. Claudia Wilken<br>Dept.: Courtroom 2<br><br>Trial Date: March 10, 2008 |

Plaintiff Liberty Mutual Insurance Company submits the following opposition to defendant's first motion in limine:

Defendant seeks to be prevent the admission of any evidence unrelated to the three matters highlighted in Judge Conti's prior order concerning the motion for summary judgment. But this is a misreading of both Judge Conti's order and California law. For that reason, Liberty Mutual should be allowed to introduce evidence on all the elements of its case.

In ruling on this motion, it is important for the court to bear in mind that Liberty Mutual is seeking to recover three separate elements with its suit against Mr. Blatt: 1) some or all of the fees and costs incurred in defending Mr. Blatt against the underlying litigation ("direct defense costs"); 2) the sums paid for the attorneys fees and costs incurred by the underlying plaintiffs, which were awarded pursuant to the



contracts between them and Mr. Blatt, and which were paid, subject to a reservation of rights, under the supplementary payments provisions of the Liberty Mutual policy ("supplementary payments"); and 3) prejudgment interest on the first two elements.

**1. JUDGE CONTI'S ORDER DOES NOT PRECLUDE INTRODUCTION OF EVIDENCE ON ALL OF LIBERTY MUTUAL'S CLAIMS.**

In his order (Docket No. 60) concerning Liberty Mutual's motion for summary judgment/adjudication, Judge Conti concluded:

> "In the interest of judicial economy and for the benefit of both parties, the Court FINDS that the following issues remain to be decided *by the jury*:
>
> 1) Whether the attorneys fees' and/or costs were generated, in the defense of Blatt, after the jury verdict;
>
> 2) Whether Liberty paid any of these fees and/or costs;
>
> 3) The amount, if any, of these fees and costs." (Italicized emphasis added.)

On its face, the court has laid out three factual issues to be resolved *by the jury*. This does not preclude the fact that there may be legal arguments yet to be resolved *by the court*.

Second, the order does not suggest that these are the *only* factual issues which remain to be decided. If the court had intended to limit the trial to these three factual issues alone, there would be no need for a trial at all because all three issues are now the subject of a stipulation between the parties.

Third, Judge Conti himself recognized that his ruling on the summary judgment was subject to being revisited at trial. As he said during a hearing in open court on January 11, 2008: "If you both agree to something, what difference whether I made a ruling or not? I'll just set that ruling aside and take what you do. . . . Just because I made a ruling doesn't mean that it's set in concrete. I can put a little water



on it and dissolve it and then we'll have a new deal." (Reporter's Transcript, January 11, 2008, p. 10, ll. 5-11.)[1] The stipulated facts referenced by Judge Conti's comments were subsequently filed by the parties on January 24, 2008 (Docket Nos. 76 and 77). Obviously, the stipulated facts were not available to the court at the time the summary judgment order was entered.

Fourth, the order itself is conspicuously silent on the issue of Liberty Mutual's second claim for recovery of the supplementary payments made to the underlying plaintiffs. Nowhere in that order does Judge Conti directly address the issue of the fees and costs paid as a result of the contract between the underlying plaintiffs and Mr. Blatt. He appears to simply lump them together with the direct defense costs. As is explained in detail in Liberty Mutual's trial brief, it had no obligation to pay those fees and costs incurred by the underlying plaintiffs, but did so – consistent with California law – at the behest of Mr. Blatt's counsel and to protect itself against claims of bad faith. It is now clearly entitled as a matter of California law to recoup those sums from Mr. Blatt, and it should be able to rely upon the stipulated facts and otherwise introduce testimonial evidence on the issue.

**2. JUDGE CONTI'S ORDER IS SIMPLY ERRONEOUS ON THE QUESTION OF LIBERTY MUTUAL'S RIGHT TO RECOVER DIRECT DEFENSE COSTS SPENT ON CLAIMS NOT POTENTIALLY COVERED BY THE POLICY.**

In its motion for summary judgment (Docket No. 36), Liberty Mutual argued that the jury verdict in the underlying litigation in favor of its named insured, Schnabel Foundation, established that there had never been any potential for

---

[1] Liberty Mutual will ask the court to take judicial notice of Judge Conti's comments, and a copy of the relevant portion of the transcript is attached to these papers.



coverage in favor of Mr. Blatt under the Liberty Mutual policy. Mr. Blatt only had coverage to the extent that the claims against him arose "out of [Schnabel's] operations or out of premises owned by or rent to [Schnabel]." (Stipulated Fact 3, Docket No. 76.)

Solely in the alternative, Liberty Mutual sought to recover those fees and costs incurred in the defense of specific claims not potentially covered by the Liberty Mutual policy. This is a standard claim for reimbursement endorsed by the California Supreme Court in Buss v. Superior Court, 16 Cal.4th 35 (1997).

Unfortunately, in ruling on the motion for summary judgment, Judge Conti conflated the terms "claim" and "cause of action."[2] The California Supreme Court has allowed reimbursement of defense costs spent on uncovered claims.[3] Judge Conti reasoned that since there were property damage claims in each cause of action potentially covered by the policy, there was a duty to pay for all elements of the defense.

This ruling constitutes clear error under California law. Application of Judge Conti's version of Buss would mean that there could never be any such Buss recovery if the plaintiff in the underlying litigation simply incorporated all of his prior allegations into each succeeding cause of action. In that case, each cause of action – or "claim" from Judge Conti's perspective – would be potentially covered if *any* claim were potentially covered. Besides the fact that such a result is nonsensical, it flies in the face of the well-settled authority that coverage is not determined by the

---

[2] "Blatt was found liable under two claims: negligence and breach of contract. Both of these claims included allegations of property damage." Judge Conti's order, docket No. 60, p. 7, ll. 1-3.

[3] "As to the *claims* that are not even potentially covered, . . . the insurer may seek reimbursement for defense costs. . . . The reason is this. Under the policy, the insurer does not have a duty to defend the insured as to *claims* that are not even potentially covered. With regard to defense costs for these *claims*, the insurer has not been paid premiums by the insured. It did not bargain to bear these costs." Buss, supra, 16 Cal.4th at 50-51, emphasis added.

KRING & CHUNG ATTORNEYS LLP

manner in which the plaintiff frames the complaint against the insured. The third party cannot be the arbiter of the policy's coverage. Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287, 295 (1993).

An example easily explains the point. Assume that the day *before* liability coverage ends under a policy issued to a construction company, the construction company's activities damage a wall owned by a property owner located next to the construction site. Assume further that two days *after* the policy expires, the construction company accidentally floods the same adjacent property as the result of a separate mishap. If the property owner sues the construction company for both claims in one lawsuit, the construction company's carrier will be obliged to defend the entire suit. However, there is no potential coverage for the flood damage occurring *after* the policy expired, so the carrier could clearly reserve its rights and thereafter file a Buss action to recover those defense costs spent specifically on the defense of the flood damage allegations. California courts have expressly acknowledged that the carrier can recover for the fees and costs spent on post-policy claims. See, for example, Aerojet-General Corp. v. Transport Indemnity Co., 17 Cal.4th 38, 71 (1997).

Under Judge Conti's reading of the law, however, the carrier in the hypothetical could never get back the defense costs spent on the flood allegations so long as that claim was included in a single negligence cause of action with the claim for damage to the wall. On the other hand, the carrier *would* be allowed a recovery if the wall and flood claims were set forth in two separate causes of action. This absurd result illustrates the untenable nature of the earlier ruling.

In the underlying case here, there were claims against Mr. Blatt of water damage allegedly related to the wall built by Schnabel. There were also claims of water damage from causes unrelated to Schnabel's wall, and there were allegations of other types of damages which had nothing to do with water or the Schnabel wall. Liberty Mutual is entitled to present evidence of those unrelated claims and recover



the stipulated amount of defense fees and costs it spent defending Mr. Blatt against those unrelated claims. (Docket no. 76, fact 15.)

For these reasons, plaintiff Liberty Mutual will ask the court to allow it to present evidence and argue for each element of the recovery it seeks, notwithstanding Judge Conti's prior order. That would include evidence and argument concerning the supplementary payments made to the underlying plaintiffs, the direct defense costs spent on claims not potentially covered by the Liberty Mutual policy, and prejudgment interest on those amounts.

Dated: February 29, 2008

KRING & CHUNG, LLP

By: ***/s/ J. Christopher Bennington***

J. Christopher Bennington
Ronald J. Skocypec
Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY

