1  Ronald J. Skocypec, Bar No. 72690
   J. Christopher Bennington, Bar No. 105432
2  KRING & CHUNG, LLP
   200 N. Westlake Blvd., Suite 207
3  Westlake Village, CA 91362
   Telephone: (805) 494-3892
4  Facsimile: (805) 800-1950

5  Attorneys for Plaintiff
   LIBERTY MUTUAL INSURANCE COMPANY
6

7

8          **UNITED STATES DISTRICT COURT**

9   **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

10

11 LIBERTY MUTUAL INSURANCE          ) Case No. C 06 2022 CW
   COMPANY,                          )
12                                   ) **NOTICE OF APPEAL**
            Plaintiff,               )
13     vs.                           )
                                     ) Trial Date:  March 10, 2008
14 MICHAEL T. BLATT,                 )
                                     )
15          Defendant.               ) Judgment Entered: July 1, 2008
                                     )
16

17         NOTICE IS HEREBY GIVEN that Liberty Mutual Insurance Company,

18 plaintiff in the above-named case, hereby appeals to the United States Court of

19 Appeals for the Ninth Circuit from the judgment entered by the district court on July

20 1, 2008, and from the court's October 26, 2007 order denying plaintiff's motion for

21 summary judgment and granting in part and denying in part plaintiff's motion for

22 summary adjudication.

23

24         The order denying plaintiff's motion for summary judgment and granting in

25 part and denying in part plaintiff's motion for summary adjudication is attached as

26

27

28


KRING & CHUNG
ATTORNEYS LLP

1   Exhibit A.  The judgment is attached as Exhibit B.

2

3   Dated:  July 30, 2008                              KRING & CHUNG, LLP

4

5                                                      By: _____

6                                                      Ronald J. Skocypec

7                                                      J. Christopher Bennington
                                                       Attorneys for Plaintiff
8                                                      LIBERTY MUTUAL INSURANCE
                                                       COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Exhibit "A"

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | Case No. 06-2022 SC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION |
| v. | FOR SUMMARY JUDGMENT AND GRANTING IN PART |
| MICHAEL T. BLATT, | AND DENYING IN PART PLAINTIFF'S MOTION |
| Defendant. | FOR SUMMARY ADJUDICATION |

## I.   INTRODUCTION

This matter comes before the Court on a motion by plaintiff Liberty Mutual Insurance Company ("Plaintiff" or "Liberty") for Summary Judgment or, in the Alternative, For Summary Adjudication ("Motion"). See Docket No. 36. Defendant Michael T. Blatt ("Defendant" or "Blatt") filed an Opposition and Liberty submitted a Reply. See Docket Nos. 43, 45.

For the following reasons, the Court DENIES Liberty's Motion for Summary Judgment and GRANTS IN PART and DENIES IN PART Liberty's Motion for Summary Adjudication.

## II.   BACKGROUND

In September 1998, Blatt contracted to build and sell two high-end condominiums to James Gabbert and Michael Lincoln ("the

1   Buyers").[1]  Opp'n at 3; Mot. at 1.  Prior to the contract, on June

2   9, 1998, Blatt had contracted with a foundation contractor,

3   Schnabel Foundation Company ("Schnabel"), to build a retaining

4   wall in order to stabilize the hillside behind the two units.

5   Opp'n at 3.

6       At the time, Schnabel was insured by Liberty under a general

7   liability policy ("the Policy").  Opp'n at 3; Mot. at 3.  The

8   Policy covered property damage and stated that Liberty's "defense

9   obligation is triggered only by allegations of 'property damage'

10  arising out of our named insured's [Schnabel's] work."  Mot. at 6.

11  The policy included a blanket additional insured endorsement,

12  which expanded the policy definition of insured to include "any

13  person or organization for whom you have agreed in writing to

14  provide liability insurance, but coverage is limited to liability

15  arising out of your operations or premises owned by or rented to

16  you."  Id. at 3 (internal quotations omitted).

17      On June 20, 1997, Blatt was included as an additional insured

18  on the Policy and Liberty issued a certificate of insurance

19  stating that "[a]ll liability policies are . . . endorsed to

20  include Mike Blatt as an additional insured as their interest(s)

21  may appear."  Mot. at 3. (alterations in original).

22      Escrow on the condominiums closed in March 1999.  Opp'n at 3.

23  The Buyers then began remodeling the condominiums and discovered

24

25      [1]  Because Liberty has moved for summary judgment, "the
    evidence of [Blatt] is to be believed, and all justifiable
26  inferences are to be drawn in [his] favor."  Eastman Kodak Co. v.
    Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).  Any
27  disputed issue of fact is thus construed in favor of Blatt.  Id.

28                                  2

United States District Court
For the Northern District of California

1   construction defects, including problems associated with water

2   intrusion from the hillside.  Id.; Mot. at 1.  On January 29,

3   2002, the Buyers filed suit against Blatt in Marin County Superior

4   Court, CV 020477.  Opp'n at 1; Mot. at 2.  On March 21, 2002,

5   Blatt tendered his defense to Liberty and Liberty accepted the

6   defense subject to a September 4, 2002, reservation of rights

7   letter.  Opp'n at 5; Mot. at 2.  The letter reads, in part:

> This responds to your firm's letters to
> us [Liberty] in which you tendered the
> defense and indemnity of your client,
> Michael Blatt, as an additional insured
> under our policy for Schnabel . . . .  We
> have reviewed the subcontract and the
> certificates of insurance . . . and
> because the correspondence in this case
> can be read as alleging 'property damage'
> to which our policy would potentially
> apply, we will agree to share in the
> defense of Michael Blatt . . . .

14  Mot., Ex. C.

15      In the complaint filed in Superior Court the Buyers asserted

16  causes of action for breach of contract, negligence, fraud,

17  negligent misrepresentation, concealment of material facts and

18  breach of implied warranty against Blatt.  Opp'n at 4; Mot. at 2.

19  Among other construction defects, the Buyers alleged that water

20  from the hillside had penetrated the property and there was

21  insufficient drainage.  Compl., Ex. B ¶¶ 11, 17.  All of the

22  causes of action included allegations of property damage.  Id.

23  Blatt, in turn, cross-complained against Schnabel, alleging that

24  Schnabel failed to provide adequate retaining walls and drainage

25  and this failure, in part, caused the Buyers' damages.  Opp'n at

26  3, 5; Mot. at 2.

27      The matter proceeded to trial and the jury found Blatt liable

28

3

United States District Court
For the Northern District of California

1    under two theories: negligence and breach of contract. Mot.,
2    Bennington Decl., Ex. E. The Buyers were awarded damages of
3    almost $145,000.[2] Opp'n at 2, 5; Mot. at 2. Schnabel was found
4    not liable to any party. Mot. at 2. In addition to the damages
5    the court awarded the Buyers $286,669 in attorneys' fees and
6    $13,634.85 in costs, totaling $300,302.25. Opp'n at 6.

7        Because Schnabel was found not liable, Liberty declined to
8    pay any indemnity on behalf of Blatt and Blatt therefore paid the
9    damages of almost $145,000 directly to the Buyers. Mot. at 3;
10   Opp'n at 6. Liberty did, however, pay $300,302.25 in
11   reimbursement for the Buyers' attorneys' fees and costs and
12   $198,345.11 for Blatt's attorneys' fees and costs. Opp'n at 2, 6.
13   According to Liberty, payment of these fees and costs was pursuant
14   to a supplementary payments provisions of the Schnabel policy.
15   Mot. at 3. These payments were made subject to the September 4,
16   2002, reservation of rights letter. Id.

17       Liberty has filed the present suit in an effort to recoup the
18   payments associated with the defense of Blatt, which totaled
19   $498,648.

20

21   III. DISCUSSION

22       A.  Legal Standard

23       Entry of summary judgment is proper "if the pleadings,
24   depositions, answers to interrogatories, and admissions on file,

25

26       [2] Almost all of the damages were awarded under the negligence
27   claim; the jury only awarded one dollar in damages for the breach
     of contract claim. Mot., Bennington Decl., Ex. E.

28

4

United States District Court
For the Northern District of California

1  together with the affidavits, if any, show that there is no

2  genuine issue as to any material fact and that the moving party is

3  entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

4  "Summary judgment should be granted where the evidence is such

5  that it would require a directed verdict for the moving party."

6  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Thus,

7  "Rule 56(c) mandates the entry of summary judgment . . . against a

8  party who fails to make a showing sufficient to establish the

9  existence of an element essential to that party's case, and on

10  which that party will bear the burden of proof at trial."  Celotex

11  Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In addition, entry of

12  summary judgment in a party's favor is appropriate when there are

13  no material issues of fact as to the essential elements of the

14  party's claim.  Anderson, 477 U.S. at 247-49.

15       B.   Analysis

16            1.   Summary Judgment

17       Liberty argues that because a jury found Schnabel, the

18  original insured, not liable, Liberty never had a duty to defend

19  Blatt and may therefore recover the costs Liberty spent in

20  defending Blatt.  According to California state law, "[t]he duty

21  to defend depends on whether there is potential indemnity

22  liability based on facts pled in the complaint . . . .  There is

23  no duty where the only potential for liability turns on resolution

24  of a legal question."  Golden Eagle Ins. Corp. v. Cen-Fed. Ltd.,

25  148 Cal. App. 4th 976, 993 (Ct. App. 2007) (internal quotation

26  marks, citations and alterations omitted).  Thus, Liberty asserts

27  that "[t]he jury verdict in the underlying case has established as

28

5

United States District Court
For the Northern District of California

1    a matter of law that there was never a potential for coverage for

2    the claims made against Mr. Blatt."  Reply at 9.

3         "[T]he insurer's duty to defend arises whenever the third

4    party complaint and/or the available extrinsic facts suggest,

5    under applicable law, the possibility of covered claims."

6    Scottsdale Ins. Co. v. MV Transp., 36 Cal. 4th 643, 657 (2005)

7    (emphasis added).  "Determination of the duty to defend depends,

8    in the first instance, on a comparison between the allegations on

9    the complaint and the terms of the policy."  Id. at 654.

10        In the underlying Superior Court action, the Buyers raised

11   claims for breach of contract, negligence, fraud, negligent

12   misrepresentation, concealment of material facts and breach of

13   implied warranty against Blatt.  Opp'n at 4; Mot. at 2.  The

14   Buyers alleged that, among other construction defects, water from

15   the hillside had penetrated the property and there was

16   insufficient drainage.  Compl., Ex. B ¶¶ 11, 17.

17        The terms of the Policy issued to Schnabel by Liberty, as

18   reiterated in the September 4, 2002, reservation of rights letter

19   to Blatt, stated that Liberty's "defense obligation is triggered

20   only by allegations of 'property damage' arising out of our named

21   insured's [Schnabel's] work."  Mot. at 6.  The Policy defined

22   property damage "to mean: (a) physical injury to tangible

23   property, including all resulting loss of use of that property. .

24   . .  (b)  Loss of use of tangible property that is not physically

25   injured . . . ."  Mot., Ex. C at 3.  In addition, the policy

26   included a blanket additional insured endorsement, which expanded

27   the policy definition of insured to include Blatt.  Mot. at 3.

28

                                   6

United States District Court
For the Northern District of California

1    Blatt was found liable under two claims: negligence and

2    breach of contract. Both of these claims included allegations of

3    property damage. In comparing the allegations in the Buyers'

4    complaint with the terms of the Policy, the Court must determine

5    whether, as a matter of law, either claim was covered by the

6    insurance policy. See Golden Eagle, 149 Cal. App. 4th at 984

7    (holding that "interpretation of an insurance policy is a question

8    of law").

9    In their breach of contract claim, the Buyers asserted, in

10   part, the following:

11              Blatt . . . breached the Purchase
                Agreement by failing to deliver to
12              plaintiffs the Property in accordance
                with the original structural and
13              engineering plans. . . . Blatt . . .
                also breached the Purchase Agreement by
14              failing to disclose material defects as
                required by law. Among the defects are
15              the following: required hold-downs were
                missing . . .; walls were missing sill
16              plate [sic] and were not built to plain;
                . . . steel beams were not correctly
17              packed; welded bolts were used instead of
                through bolts; . . . improper stair
18              risers; . . . vapor barriers missing; and
                insufficient drainage because of lack of
19              exit routes . . . .

20   Sup. Ct. Complaint ¶¶ 10-11, Mot., Ex. D.

21   A review of this claim and theory of recovery shows that the

22   Buyers did allege physical injury to tangible property. Liberty's

23   Policy explicitly covered "physical injury to tangible property."

24   Mot., Ex. C at 3. At the very least, the allegations in the

25   breach of contract claim created the potential for coverage under

26   ///

27   ///

28

United States District Court
For the Northern District of California

1    the Policy.[3]  This potential is all that is required under

2    California law to trigger a duty to defend.  See Scottsdale, 36

3    Cal. 4th at 657 (stating "[t]he insurer's duty to defend arises

4    whenever the third party complaint and/or the available extrinsic

5    facts suggest, under applicable law, the possibility of covered

6    claims") (emphasis added).  Thus, the Court finds, as a matter of

7    law, that the Buyers' cause of action for breach of contract

8    constituted a claim for physical injury to tangible property and

9    therefore was a claim for property damage.

10        In their negligence claim, the Buyers asserted, in part, the

11    following:

12                 [Blatt] negligently . . . constructed
                   houses for plaintiffs such that, among
13                 other things, water penetrated the
                   Property, the Property failed to comply
14                 with applicable building and safety
                   codes, [and] the Property was not
15                 properly ventilated . . . . [Blatt] also
                   negligently and carelessly selected and
16                 engaged contractors and subcontractors
                   and others to perform portions of the
17                 work on the Property.

18    Sup. Ct. Complaint ¶ 17, Mot., Ex. D.

19        Again, upon review of this claim and theory of recovery, it

20    is clear that the Buyers alleged physical injury to tangible

21    property.  There was, at minimum, the potential for the claims to

22    be covered by the policy.  This potential is all that is required

23    to trigger a duty to defend.  Scottsdale, 36 Cal. 4th at 657.

24    _____

25        [3] Indeed, Liberty acknowledged this potential when it agreed
      to defend Blatt.  See September 4, 2002, Reservation of Rights
26    letter, Mot., Ex. C (stating "because the correspondence in this
      case can be read as alleging 'property damage' to which our policy
27    would potentially apply, we will agree to share in the defense of
      Michael Blatt . . .").

28

                                    8

United States District Court
For the Northern District of California

1  Thus, the Court finds, as a matter of law, that the Buyers' cause
2  of action for negligence constituted a claim for physical injury
3  to tangible property and therefore was a claim for property
4  damage.

5      Liberty's assertion that "[t]he jury verdict in the
6  underlying case has established as a matter of law that there was
7  never a potential for coverage for the claims made against Mr.
8  Blatt," Reply at 9, is, simply put, wrong.

9      The role of a jury is that of a fact-finder. See, e.g., 75A
10  Am. Jur. 2d Trial § 602 (2007) (stating "it is the function of the
11  jury to resolve conflicts in the evidence and determine issues of
12  fact . . . .  The jury hears the evidence and, by its verdict,
13  settles the issues of fact . . ."); Cal. Jury Instructions, Civil,
14  General Instructions, Pre-Trial Admonitions, at 2 (Fall, 2006 Ed)
15  (explaining that juries "must base [their] decisions . . . on the
16  facts and the law" and "must determine the facts from the evidence
17  received in trial"); 23B Am. Jur. Pleading & Practice Forms § 212
18  (2007) (stating that jury members "are the sole judges of the
19  facts in issue . . . .  It is the exclusive province of the jury
20  to weigh and consider all evidence . . . to determine the issues
21  of fact in the case").

22      In the underlying Superior Court action, the jury found that
23  the facts presented at trial did not give rise to any liability
24  for Schnabel.  That Schnabel's liability was put in front of a
25  jury in the first place indicates that there were triable issues
26  of fact.  As the California Court of Appeal has noted, where "the
27  potential for indemnity liability . . . turn[s] on disputed

28              9

1    factual issues," the insurer is "required to provide a defense at

2    least until the facts [are] conclusively decided to show that

3    there is no coverage and thus no duty to defend." Golden Eagle,

4    148 Cal. App. 4th at 993 (emphasis in original).  Therefore,

5    Liberty's duty to defend was triggered.

6         Liberty's reliance on Golden Eagle, 148 Cal. App. 4th, is

7    also misplaced.  In Golden Eagle, the court granted reimbursement

8    for defense costs because the court determined that the insured's

9    complaint and theory of recovery were premised on claims for

10   economic harm, not property damage.  Id. at 989.  Because the

11   insurance policy covered only property damage, and not economic

12   harm, the court found, as a matter of law, that there was no

13   potential coverage.  Id.  In addition, the court found that the

14   insurer's policy covering personal injury was outside the scope of

15   the insured's claim, which involved "a corporate organization, not

16   a person." Id. at 990.  Thus, in Golden Eagle, the court found

17   that as a matter of law, the claims raised by the insured did not

18   fall under the insurance policies.  As detailed above, the same

19   cannot be said for the claims in the present case.

20        For the foregoing reasons, the Court FINDS, as a matter of

21   law, that the Buyers' claims for breach of contract and negligence

22   constituted claims that were potentially covered by the insurance

23   Policy for property damage.  Therefore, Liberty's duty to defend

24   Blatt was triggered and Liberty cannot now seek reimbursement for

25   defense funds that accrued before the jury verdict.  Therefore,

26   Liberty's Motion for Summary Judgment is DENIED.

27   ///

28
                                    10

United States District Court
For the Northern District of California

### 2. Summary Adjudication

In the alternative to its Motion for Summary Judgment, Liberty moved for summary adjudication of three issues: (1) that Liberty is entitled to reimbursement by Blatt for any costs and fees paid to defend Blatt against claims not covered by the Policy; (2) that Liberty is entitled to reimbursement from Blatt for any costs and fees paid to defend Blatt after the jury verdict was returned; and (3) Liberty is entitled to prejudgment interest on any amounts recovered from Blatt. The Court addresses each in turn.

#### i. Reimbursement for Claims Not Covered by the Policy

Liberty argues that it is entitled to reimbursement of the funds used to defend Blatt against claims that were not covered by the Policy. "In a 'mixed' action, in which some of the claims are at least potentially covered and the other claims are not, the insurer has a duty to defend as to the claims that are at least potentially covered . . . but does not have a duty to defend as to those that are not . . . ." Buss, 16 Cal. 4th at 47-48. Nonetheless, because of policy concerns, the California Supreme Court has also held that "in a mixed action, the insurer has a duty to defend the action in its entirety." Id. at 48. In explaining this, the Court stated: "To defend meaningfully, the insurer must defend immediately. To defend immediately, it must defend entirely. It cannot parse the claims, dividing those that are at least potentially covered from those that are not." Id. at 49 (internal citations omitted).

11

United States District Court
For the Northern District of California

1     Thus, "[a]s to the claims that are at least potentially

2     covered, the insurer may not seek reimbursement for defense

3     costs." Id. "As to the claims that are not even potentially

4     covered, however, the insurer may indeed seek reimbursement for

5     defense costs." Id. at 50. In determining which costs may

6     actually be recovered, the California Supreme Court stated that

7     only "[d]efense costs that can be allocated solely to the claims

8     that are not even potentially covered" may be recovered. Id. at

9     52.

10    The Court further held that the insurer must demonstrate by a

11    preponderance of the evidence that certain defense costs were

12    allocated solely to claims that were not potentially covered. Id.

13    at 53. The Court noted the difficulty of this standard, stating

14    that to carry its burden, the insurer "must accomplish a task

15    that, if ever feasible, may be extremely difficult." Id. at 57-58

16    (internal quotation marks and citations omitted). "Hence, the

17    insurer will probably pursue the matter only in apparently

18    exceptional cases--for example, where the defense costs the

19    insurer may obtain in reimbursement are clear and substantial and

20    where the assets the insured has available for reimbursement are

21    themselves of the same sort." Id. at 58 (emphasis in original).

22    Blatt was found liable on two claims: breach of contract and

23    negligence. As stated above, however, the Court finds that both

24    of these claims were potentially covered by the insurance policy.

25    Thus, there are no remaining claims which might be "not even

26    potentially covered." Buss, 16 Cal. 4th at 52. Accordingly,

27    summary adjudication on this issue is DENIED.

28
                                      12

United States District Court
For the Northern District of California

ii.    Reimbursement for Costs and Fees Incurred
After the Jury Verdict

"When the duty [to defend], having arisen, is extinguished by
a showing that no claim can in fact be covered, 'it is
extinguished only prospectively and not retroactively.'"
Scottsdale Ins. Co., 36 Cal. 4th at 655 (citing Buss v. Super. Ct.,
16 Cal. 4th 287, 298 (1997)).  Thus, Liberty was "required to
provide a defense at least until the facts were conclusively
decided to show that there [was] no coverage and thus no duty to
defend."  Golden Eagle, 149 Cal. App. 4th at 993.

Once the jury returned a finding of no liability for
Schnabel, Liberty's duty to defend Blatt was extinguished.  Blatt
was insured only insofar as any claims against him arose under
Liberty's coverage of Schnabel.  Therefore, any attorneys' fees
and costs that were generated after the jury found no liability
for Schnabel may be recovered by Liberty.

Although the Court finds that Liberty is entitled to recover
the attorneys' fees and costs, if any, that arose after the jury
returned its verdict, neither Liberty nor Blatt indicates whether
any of these fees and costs were in fact generated after the
verdict.[4]  Thus, although Liberty would be entitled to any of
these fees, it is unclear from the parties' papers whether such
fees and costs even exist.  As detailed below, this issue is one
for the jury.  The Court therefore GRANTS Liberty's Motion for

_____

[4]  To be clear, the fees and costs generated by Blatt and the
Buyers during the trial and paid by Liberty after the verdict, are
not fees that were 'incurred after the jury verdict.'

13

United States District Court
For the Northern District of California

1    Summary Judgment on the issue of whether the fees and costs

2    generated after the jury verdict may be recovered by Liberty.

3    This holding, however, is contingent upon the finding, by the

4    jury, that such fees and costs even exist.

5                    iii. Prejudgment Interest

6         Finally, Liberty argues that it is entitled to prejudgment

7    interest of 10% on all amounts recovered from Blatt.  Blatt has

8    not contested this assertion.

9         California Civil Code section 3287 provides in pertinent

10   part:  "Every person who is entitled to damages certain, or

11   capable of being made certain by calculation, and the right to

12   recover which is vested in him upon a particular day, is entitled

13   also to recover interest thereon from that day . . . ."

14        The only issue on which the Court has granted summary

15   adjudication is in respect to Liberty's right to recover any

16   attorneys' fees and costs that were generated after the jury found

17   Schnabel not liable.  Thus, these fees are the only fees that

18   would be affected by the awarding of prejudgment interest.

19   Liberty, however, has failed to state what, if any, fees were

20   generated after the verdict.  One of the requirements of

21   California Civil Code section 3287, as interpreted by California

22   courts, is that section 3287 "does not authorize prejudgment

23   interest as a matter of law where the amount of damages depends

24   upon a judicial determination based upon conflicting evidence."

25   Hartford Accident & Indem. Co. v. Sequoia Ins. Co., 211 Cal. App.

26   3d 1285, 1307 (Ct. App. 1989) (internal quotation marks and

27   citations omitted).

28
                              14

Case 3:06-cv-02022-SC    Document 60    Filed 10/26/2007    Page 15 of 16

1    In the present case, Liberty has presented no evidence
2  pertaining to post-verdict fees.  Thus, the Court at this time
3  cannot say with any certainty that the amount of damages for which
4  Liberty requests prejudgment interest is, as it must be, certain.
5  See id. (stating that "[p]rejudgment interest runs from the date
6  when damages are certain or are capable of being calculated to a
7  certainty") (internal citations and quotation marks omitted).  For
8  these reasons, Liberty's Motion for Summary Adjudication on the
9  issue of prejudgment interest is DENIED.
10
11  IV.  **REMAINING ISSUES TO BE DECIDED BY JURY**
12    This matter is scheduled to go to trial on November 19, 2007.
13  In the interest of judicial economy and for the benefit of both
14  parties, the Court FINDS that the following issues remain to be
15  decided by the jury:
16    (1)  Whether any attorneys' fees and/or costs were generated,
17  in the defense of Blatt, after the jury verdict;
18    (2) Whether Liberty paid any of these fees and/or costs;
19    (3) The amount, if any, of these fees and costs.
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28                                    15

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

V.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED.    Plaintiff's Motion for Summary Adjudication is GRANTED IN PART and DENIED IN PART.


IT IS SO ORDERED.


Dated: October 26, 2007                    

UNITED STATES DISTRICT JUDGE

16

Exhibit "B

Case 4:06-cv-02022-CW   Document 97   Filed 07/01/2008   Page 1 of 2

1    Ronald D. Foreman (SBN 61148)
    **FOREMAN & BRASSO**
2    930 Montgomery Street, Suite 600
    San Francisco, CA 94133
3    Telephone: (415) 433-3475
    Facsimile:  (415) 781-8030
4    Email: foremanandbrasso@foremanandbrasso.com

5    Attorneys for Defendant
    MICHAEL T. BLATT.

6

7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11    LIBERTY MUTUAL INSURANCE    )    Case No. C 06 2022 SC
    COMPANY,                        )
12                                  )
             Plaintiff,          )    ~~[PROPOSED]~~ JUDGMENT
13                                  )
    v.                                 )
14                                  )
    MICHAEL T. BLATT,           )
15                                  )
            Defendant.         )
16                                  )

17

18       The above-entitled case came before the Court on plaintiffs' Motion for

19 Summary Judgment and Summary Adjudication on certain issues. On October

20 26, 2007 Samuel Conti, District Court Judge presiding, Denied plaintiffs'

21 Motion for Summary Judgment and Granted in Part and Denied in Part

22 plaintiffs' Motion for Summary Adjudication. The Court found that there were

23 three issues remaining to be decided by the trier of facts.

24       On March 4, 2008 at the Pre-Trial Conference before Claudia ~~Wilkins~~, Wilken

25 District Court Judge presiding, the Court held that the Stipulated Facts for

26 Trial resolved all remaining issues after the October 26, 2007 Order of Judge

27 Conti.

28       After consideration of the issues and the Stipulated Facts for Trial,

JUDGMENT

Case 4:06-cv-02022-CW    Document 97    Filed 07/01/2008    Page 2 of 2

IT IS ORDERED, JUDGED AND DECREED:

1. That Plaintiff Liberty Mutual shall recover from Defendant Michael Blatt the sum of $1,582.50, together with pre-judgment interest at the rate of 10% per annum from September 10, 2004, or $0.43 per day ($1,582.50 * .10 = $158.25/365 = $0.43), until the judgment is paid.

2. That Plaintiff Liberty Mutual shall recover from Defendant Michael Blatt the sum of $7,304.21, together with pre-judgment interest at the rate of 10% per annum from June 1, 2004, or $2.00 per day ($7,304.21 * .10 = $730.42/365 = $2.00), until the judgment is paid.

3. That Plaintiff Liberty Mutual shall recover from Defendant Michael Blatt the sum of $836.75, together with pre-judgment interest at the rate of 10% per annum from July 12, 2004, or $0.23 per day ($836.75 * .10 = $83.68/365 = $0.23), until the judgment is paid.

4. That Plaintiff Liberty Mutual shall recover from Defendant Michael Blatt the sum of $884.23, together with pre-judgment interest at the rate of 10% per annum from August 18, 2004, or $0.24 per day ($884.23 * .10 = $88.42/365 = $0.24), until the judgment is paid.

5. In sum, Liberty Mutual shall recover from defendant Michael Blatt the total principle sum of $10,607.69 (Items 1-4, above) with pre-judgment interest at the rate of 10% per annum from the dates set forth in Items 1-4, above.

6. Plaintiff Liberty Mutual shall recover costs from defendant Michael Blatt.

IT IS SO ORDERED, ADJUDGED AND DECREED:

DATED: 7/1/08

JUDGE OF THE DISTRICT COURT

JUDGMENT

- 2 -

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF ORANGE

3       I, the undersigned, am employed in the County of Orange, State of
     California. I am over the age of eighteen (18) years and not a party to the
4    within action. My electronic mail address is mbennett@kringandchung.com.
     The document was served electronically and the transmission was reported
5    as complete and without error.

6       On July 30, 2008 at approximately 4:00 p.m., I served true copies of
     the foregoing document(s) described as **NOTICE OF APPEAL** on the
7    interested parties in this action, addressed as follows:

8    **Attorneys for Michael Blatt**
     Ronald D. Foreman, Esq.
9    Foreman & Brasso
     930 Montgomery Street, Ste. 600
10   San Francisco, CA 94133
     rdf@foremanandbrasso.com
11   Phone: (415)433-3475
     Fax: (415) 781-8030
12

13   ☒   BY E-MAIL:  By transmitting a true copy of the foregoing document(s)
         to the e-mail address listed above.

14      I declare under penalty of perjury under the laws of the State of
15   California that the foregoing is true and correct.

16      Executed on July 30, 2008, at Irvine, California.

17

18                                   M. Bennett
                                     MICHELLE BENNETT

19

20

21

22

23

24

25

26



27                                   1

28   F:\8000\0006\POS\PROOF OF SERVICE.doc

A-11 (rev. 7/00)                                                                 Page 1 of 2



<div style="border:1px solid">

**USCA DOCKET # (IF KNOWN)**

</div>

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: Liberty Mutual Insurance Company v. Michael T. Blatt | DISTRICT: N.D - Calif.    JUDGE: Claudia Wilken |
|---|---|
| | DISTRICT COURT NUMBER: C 06 2022 |
| | DATE NOTICE OF APPEAL FILED: 7/30/08    IS THIS A CROSS-APPEAL? ☐ YES |
| | IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY): |

BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW: This is an action to recover insurance benefits paid on behalf of defendant.  Recovery is sought under the terms of Buss v. Superior Court (1997) 16 Cal. 4th 35 and other California Authority.

PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:  1) Plaintiff is entitled to recover defense fees and costs paid on behalf of defendant and 2) Plaintiff is entitled to recover fees and costs paid to other parties in the underlying litigation.

PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POSTJUDGMENT MOTIONS):
None.

DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:

☐  Possibility of settlement

☐  Likelihood that intervening precedent will control outcome of appeal

☐  Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (Specify) _____
_____

☒   Any other information relevant to the inclusion of this case in the Mediation Program  The matter has already
been heard by a Ninth Circuit Mediator (Margaret Corrigan) _____

_____    ☐

Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges

## LOWER COURT INFORMATION

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT/ORDER APPEALED | RELIEF |
| ☐ FEDERAL QUESTION<br><br>☒ DIVERSITY<br><br>☐ OTHER (SPECIFY): | ☒ FINAL DECISION OF DISTRICT COURT<br><br>☐ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT<br><br>☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):<br><br>☐ OTHER (SPECIFY): | ☐ DEFAULT JUDGMENT<br><br>☐ DISMISSAL/JURISDICTION<br><br>☐ DISMISSAL/MERITS<br><br>☐ SUMMARY JUDGMENT<br><br>☒ JUDGMENT/COURT DECISION<br><br>☐ JUDGMENT/JURY VERDICT<br><br>☐ DECLARATORY JUDGMENT<br><br>☐ JUDGMENT AS A MATTER OF LAW<br><br>☐ OTHER (SPECIFY): | ☒ DAMAGES:<br>SOUGHT $ 600,000<br>AWARDED $ 11,000<br><br>☐ INJUNCTIONS:<br><br>☐ PRELIMINARY<br><br>☐ PERMANENT<br><br>☐ GRANTED<br><br>☐ DENIED<br><br>☐ ATTORNEY FEES:<br>SOUGHT $ _____<br>AWARDED $ _____<br><br>☐ PENDING<br><br>☒ COSTS: $ 719.51 |

## CERTIFICATION OF COUNSEL

I CERTIFY THAT:

1.   COPIES OF ORDER/JUDGMENT APPEALED FROM ARE ATTACHED.

2.   A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED (SEE 9TH CIR. RULE 3-2).

3.   A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.

4.   I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

| _____ | July 30, 2008 |
|---|---|
| Signature | Date |

## COUNSEL WHO COMPLETED THIS FORM

NAME: J. Christopher Bennington

FIRM: Kring & Chung, LLP

ADDRESS:
       200 N. Westlake Blvd., Suite 207, Westlake Village, CA 91362

E-MAIL:   cbennington@kringandchung.com

TELEPHONE: (805) 494-3892

FAX:   (805) 800-1950

**✳THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL✳**
**✳IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS✳**

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | Case No. 06-2022 SC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION |
| v. | FOR SUMMARY JUDGMENT AND GRANTING IN PART |
| MICHAEL T. BLATT, | AND DENYING IN PART PLAINTIFF'S MOTION |
| Defendant. | FOR SUMMARY ADJUDICATION |

## I.  INTRODUCTION

This matter comes before the Court on a motion by plaintiff Liberty Mutual Insurance Company ("Plaintiff" or "Liberty") for Summary Judgment or, in the Alternative, For Summary Adjudication ("Motion").  See Docket No. 36.  Defendant Michael T. Blatt ("Defendant" or "Blatt") filed an Opposition and Liberty submitted a Reply.  See Docket Nos. 43, 45.

For the following reasons, the Court DENIES Liberty's Motion for Summary Judgment and GRANTS IN PART and DENIES IN PART Liberty's Motion for Summary Adjudication.

## II.  BACKGROUND

In September 1998, Blatt contracted to build and sell two high-end condominiums to James Gabbert and Michael Lincoln ("the

1  Buyers").[1]  Opp'n at 3; Mot. at 1.  Prior to the contract, on June

2  9, 1998, Blatt had contracted with a foundation contractor,

3  Schnabel Foundation Company ("Schnabel"), to build a retaining

4  wall in order to stabilize the hillside behind the two units.

5  Opp'n at 3.

6      At the time, Schnabel was insured by Liberty under a general

7  liability policy ("the Policy").  Opp'n at 3; Mot. at 3.  The

8  Policy covered property damage and stated that Liberty's "defense

9  obligation is triggered only by allegations of 'property damage'

10 arising out of our named insured's [Schnabel's] work."  Mot. at 6.

11 The policy included a blanket additional insured endorsement,

12 which expanded the policy definition of insured to include "any

13 person or organization for whom you have agreed in writing to

14 provide liability insurance, but coverage is limited to liability

15 arising out of your operations or premises owned by or rented to

16 you."  Id. at 3 (internal quotations omitted).

17     On June 20, 1997, Blatt was included as an additional insured

18 on the Policy and Liberty issued a certificate of insurance

19 stating that "[a]ll liability policies are . . . endorsed to

20 include Mike Blatt as an additional insured as their interest(s)

21 may appear."  Mot. at 3. (alterations in original).

22     Escrow on the condominiums closed in March 1999.  Opp'n at 3.

23 The Buyers then began remodeling the condominiums and discovered

24

25     [1]  Because Liberty has moved for summary judgment, "the
    evidence of [Blatt] is to be believed, and all justifiable
26  inferences are to be drawn in [his] favor."  Eastman Kodak Co. v.
    Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).  Any
27  disputed issue of fact is thus construed in favor of Blatt.  Id.

28
                                    2

United States District Court
For the Northern District of California

1   construction defects, including problems associated with water

2   intrusion from the hillside.  Id.; Mot. at 1.  On January 29,

3   2002, the Buyers filed suit against Blatt in Marin County Superior

4   Court, CV 020477.  Opp'n at 1; Mot. at 2.  On March 21, 2002,

5   Blatt tendered his defense to Liberty and Liberty accepted the

6   defense subject to a September 4, 2002, reservation of rights

7   letter.  Opp'n at 5; Mot. at 2.  The letter reads, in part:

8           This responds to your firm's letters to
            us [Liberty] in which you tendered the
9           defense and indemnity of your client,
            Michael Blatt, as an additional insured
10          under our policy for Schnabel . . . .  We
            have reviewed the subcontract and the
11          certificates of insurance . . . and
            because the correspondence in this case
12          can be read as alleging 'property damage'
            to which our policy would potentially
13          apply, we will agree to share in the
            defense of Michael Blatt . . . .
14  Mot., Ex. C.

15      In the complaint filed in Superior Court the Buyers asserted

16  causes of action for breach of contract, negligence, fraud,

17  negligent misrepresentation, concealment of material facts and

18  breach of implied warranty against Blatt.  Opp'n at 4; Mot. at 2.

19  Among other construction defects, the Buyers alleged that water

20  from the hillside had penetrated the property and there was

21  insufficient drainage.  Compl., Ex. B ¶¶ 11, 17.  All of the

22  causes of action included allegations of property damage.  Id.

23  Blatt, in turn, cross-complained against Schnabel, alleging that

24  Schnabel failed to provide adequate retaining walls and drainage

25  and this failure, in part, caused the Buyers' damages.  Opp'n at

26  2, 5; Mot. at 2.

27      The matter proceeded to trial and the jury found Blatt liable

28

3

1    under two theories:   negligence and breach of contract.   Mot.,

2    Bennington Decl., Ex. E.   The Buyers were awarded damages of

3    almost $145,000.[2]  Opp'n at 2, 5; Mot. at 2.   Schnabel was found

4    not liable to any party.   Mot. at 2.   In addition to the damages

5    the court awarded the Buyers $286,669 in attorneys' fees and

6    $13,634.85 in costs, totaling $300,302.25.   Opp'n at 6.

7         Because Schnabel was found not liable, Liberty declined to

8    pay any indemnity on behalf of Blatt and Blatt therefore paid the

9    damages of almost $145,000 directly to the Buyers.   Mot. at 3;

10   Opp'n at 6.   Liberty did, however, pay $300,302.25 in

11   reimbursement for the Buyers' attorneys' fees and costs and

12   $198,345.11 for Blatt's attorneys' fees and costs.   Opp'n at 2, 6.

13   According to Liberty, payment of these fees and costs was pursuant

14   to a supplementary payments provisions of the Schnabel policy.

15   Mot. at 3.   These payments were made subject to the September 4,

16   2002, reservation of rights letter.   Id.

17        Liberty has filed the present suit in an effort to recoup the

18   payments associated with the defense of Blatt, which totaled

19   $498,648.

20

21   III.  DISCUSSION

22        A.   Legal Standard

23        Entry of summary judgment is proper "if the pleadings,

24   depositions, answers to interrogatories, and admissions on file,

25

26        [2]  Almost all of the damages were awarded under the negligence
     claim; the jury only awarded one dollar in damages for the breach
27   of contract claim.   Mot., Bennington Decl., Ex. E.

28                                    4

1    together with the affidavits, if any, show that there is no

2    genuine issue as to any material fact and that the moving party is

3    entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

4    "Summary judgment should be granted where the evidence is such

5    that it would require a directed verdict for the moving party."

6    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Thus,

7    "Rule 56(c) mandates the entry of summary judgment . . . against a

8    party who fails to make a showing sufficient to establish the

9    existence of an element essential to that party's case, and on

10   which that party will bear the burden of proof at trial."  Celotex

11   Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In addition, entry of

12   summary judgment in a party's favor is appropriate when there are

13   no material issues of fact as to the essential elements of the

14   party's claim.  Anderson, 477 U.S. at 247-49.

15        B.    Analysis

16             1.    Summary Judgment

17        Liberty argues that because a jury found Schnabel, the

18   original insured, not liable, Liberty never had a duty to defend

19   Blatt and may therefore recover the costs Liberty spent in

20   defending Blatt.  According to California state law, "[t]he duty

21   to defend depends on whether there is potential indemnity

22   liability based on facts pled in the complaint . . . .  There is

23   no duty where the only potential for liability turns on resolution

24   of a legal question."  Golden Eagle Ins. Corp. v. Cen-Fed. Ltd.,

25   148 Cal. App. 4th 976, 993 (Ct. App. 2007) (internal quotation

26   marks, citations and alterations omitted).  Thus, Liberty asserts

27   that "[t]he jury verdict in the underlying case has established as

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    a matter of law that there was never a potential for coverage for

2    the claims made against Mr. Blatt." Reply at 9.

3        "[T]he insurer's duty to defend arises whenever the third

4    party complaint and/or the available extrinsic facts suggest,

5    under applicable law, the possibility of covered claims."

6    Scottsdale Ins. Co. v. MV Transp., 36 Cal. 4th 643, 657 (2005)

7    (emphasis added). "Determination of the duty to defend depends,

8    in the first instance, on a comparison between the allegations on

9    the complaint and the terms of the policy." Id. at 654.

10        In the underlying Superior Court action, the Buyers raised

11    claims for breach of contract, negligence, fraud, negligent

12    misrepresentation, concealment of material facts and breach of

13    implied warranty against Blatt. Opp'n at 4; Mot. at 2. The

14    Buyers alleged that, among other construction defects, water from

15    the hillside had penetrated the property and there was

16    insufficient drainage. Compl., Ex. B ¶¶ 11, 17.

17        The terms of the Policy issued to Schnabel by Liberty, as

18    reiterated in the September 4, 2002, reservation of rights letter

19    to Blatt, stated that Liberty's "defense obligation is triggered

20    only by allegations of 'property damage' arising out of our named

21    insured's [Schnabel's] work." Mot. at 6. The Policy defined

22    property damage "to mean: (a) physical injury to tangible

23    property, including all resulting loss of use of that property. .

24    . . (b) Loss of use of tangible property that is not physically

25    injured . . . ." Mot., Ex. C at 3. In addition, the policy

26    included a blanket additional insured endorsement, which expanded

27    the policy definition of insured to include Blatt. Mot. at 3.

28

1    Blatt was found liable under two claims: negligence and

2    breach of contract. Both of these claims included allegations of

3    property damage. In comparing the allegations in the Buyers'

4    complaint with the terms of the Policy, the Court must determine

5    whether, as a matter of law, either claim was covered by the

6    insurance policy. See Golden Eagle, 148 Cal. App. 4th at 984

7    (holding that "interpretation of an insurance policy is a question

8    of law").

9    In their breach of contract claim, the Buyers asserted, in

10    part, the following:

11                Blatt . . . . breached the Purchase
               Agreement by failing to deliver to
12             plaintiffs the Property in accordance
               with the original structural and
13             engineering plans. . . . Blatt . . .
               also breached the Purchase Agreement by
14             failing to disclose material defects as
               required by law. Among the defects are
15             the following: required hold-downs were
               missing . . . .; walls were missing sill
16             plate [sic] and were not built to plain;
               . . . steel beams were not correctly
17             packed; welded bolts were used instead of
               through bolts; . . . improper stair
18             risers; . . . vapor barriers missing; and
               insufficient drainage because of lack of
19             exit routes . . . .

20    Sup. Ct. Complaint ¶¶ 10-11, Mot., Ex. D.

21    A review of this claim and theory of recovery shows that the

22    Buyers did allege physical injury to tangible property. Liberty's

23    Policy explicitly covered "physical injury to tangible property."

24    Mot., Ex. C at 3. At the very least, the allegations in the

25    breach of contract claim created the potential for coverage under

26    ///

27    ///

28

7

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1 the Policy.[3]  This potential is all that is required under

2 California law to trigger a duty to defend.  See Scottsdale, 36

3 Cal. 4th at 657 (stating "[t]he insurer's duty to defend arises

4 whenever the third party complaint and/or the available extrinsic

5 facts suggest, under applicable law, the possibility of covered

6 claims") (emphasis added).  Thus, the Court finds, as a matter of

7 law, that the Buyers' cause of action for breach of contract

8 constituted a claim for physical injury to tangible property and

9 therefore was a claim for property damage.

10      In their negligence claim, the Buyers asserted, in part, the

11 following:

12              [Blatt] negligently . . . constructed
                houses for plaintiffs such that, among
13              other  things,  water  penetrated  the
                Property, the Property failed to comply
14              with  applicable  building  and  safety
                codes,  [and]  the  Property  was  not
15              properly ventilated . . . .  [Blatt] also
                negligently and carelessly selected and
16              engaged contractors and subcontractors
                and others to perform portions of the
17              work on the Property.

18 Sup. Ct. Complaint ¶ 17, Mot., Ex. D.

19      Again, upon review of this claim and theory of recovery, it

20 is clear that the Buyers alleged physical injury to tangible

21 property.  There was, at minimum, the potential for the claims to

22 be covered by the policy.  This potential is all that is required

23 to trigger a duty to defend.  Scottsdale, 36 Cal. 4th at 657.

24 _____

25      [3]  Indeed, Liberty acknowledged this potential when it agreed
   to defend Blatt.  See September 4, 2002, Reservation of Rights
26 letter, Mot., Ex. C (stating "because the correspondence in this
   case can be read as alleging 'property damage' to which our policy
27 would potentially apply, we will agree to share in the defense of
   Michael Blatt . . .").

28
                                    8

United States District Court
For the Northern District of California

1    Thus, the Court finds, as a matter of law, that the Buyers' cause

2    of action for negligence constituted a claim for physical injury

3    to tangible property and therefore was a claim for property

4    damage.

5         Liberty's assertion that "[t]he jury verdict in the

6    underlying case has established as a matter of law that there was

7    never a potential for coverage for the claims made against Mr.

8    Blatt," Reply at 9, is, simply put, wrong.

9         The role of a jury is that of a fact-finder. See, e.g., 75A

10   Am. Jur. 2d Trial § 602 (2007) (stating "it is the function of the

11   jury to resolve conflicts in the evidence and determine issues of

12   fact . . . . The jury hears the evidence and, by its verdict,

13   settles the issues of fact . . ."); Cal. Jury Instructions, Civil,

14   General Instructions, Pre-Trial Admonitions, at 2 (Fall, 2006 Ed)

15   (explaining that juries "must base [their] decisions . . . on the

16   facts and the law" and "must determine the facts from the evidence

17   received in trial"); 23B Am. Jur. Pleading & Practice Forms § 212

18   (2007) (stating that jury members "are the sole judges of the

19   facts in issue . . . . It is the exclusive province of the jury

20   to weigh and consider all evidence . . . to determine the issues

21   of fact in the case").

22        In the underlying Superior Court action, the jury found that

23   the facts presented at trial did not give rise to any liability

24   for Schnabel. That Schnabel's liability was put in front of a

25   jury in the first place indicates that there were triable issues

26   of fact. As the California Court of Appeal has noted, where "the

27   potential for indemnity liability . . . turn[s] on disputed

28
                                        9

United States District Court
For the Northern District of California

1    factual issues," the insurer is "required to provide a defense at
2    least until the facts [are] conclusively decided to show that
3    there is no coverage and thus no duty to defend." Golden Eagle,
4    148 Cal. App. 4th at 993 (emphasis in original). Therefore,
5    Liberty's duty to defend was triggered.

6        Liberty's reliance on Golden Eagle, 148 Cal. App. 4th, is
7    also misplaced. In Golden Eagle, the court granted reimbursement
8    for defense costs because the court determined that the insured's
9    complaint and theory of recovery were premised on claims for
10   economic harm, not property damage. Id. at 989. Because the
11   insurance policy covered only property damage, and not economic
12   harm, the court found, as a matter of law, that there was no
13   potential coverage. Id. In addition, the court found that the
14   insurer's policy covering personal injury was outside the scope of
15   the insured's claim, which involved "a corporate organization, not
16   a person." Id. at 990. Thus, in Golden Eagle, the court found
17   that as a matter of law, the claims raised by the insured did not
18   fall under the insurance policies. As detailed above, the same
19   cannot be said for the claims in the present case.

20       For the foregoing reasons, the Court FINDS, as a matter of
21   law, that the Buyers' claims for breach of contract and negligence
22   constituted claims that were potentially covered by the insurance
23   Policy for property damage. Therefore, Liberty's duty to defend
24   Blatt was triggered and Liberty cannot now seek reimbursement for
25   defense funds that accrued before the jury verdict. Therefore,
26   Liberty's Motion for Summary Judgment is DENIED.
27   ///
28
                                10

### 2.   Summary Adjudication

In the alternative to its Motion for Summary Judgment, Liberty moved for summary adjudication of three issues: (1) that Liberty is entitled to reimbursement by Blatt for any costs and fees paid to defend Blatt against claims not covered by the Policy; (2) that Liberty is entitled to reimbursement from Blatt for any costs and fees paid to defend Blatt after the jury verdict was returned; and (3) Liberty is entitled to prejudgment interest on any amounts recovered from Blatt.  The Court addresses each in turn.

#### i.   Reimbursement for Claims Not Covered by the Policy

Liberty argues that it is entitled to reimbursement of the funds used to defend Blatt against claims that were not covered by the Policy.  "In a 'mixed' action, in which some of the claims are at least potentially covered and the other claims are not, the insurer has a duty to defend as to the claims that are at least potentially covered . . . but does not have a duty to defend as to those that are not . . . ."  Buss, 16 Cal. 4th at 47-48.  Nonetheless, because of policy concerns, the California Supreme Court has also held that "in a mixed action, the insurer has a duty to defend the action in its entirety."  Id. at 48.  In explaining this, the Court stated: "To defend meaningfully, the insurer must defend immediately.  To defend immediately, it must defend entirely.  It cannot parse the claims, dividing those that are at least potentially covered from those that are not."  Id. at 49 (internal citations omitted).

11

United States District Court
For the Northern District of California

1    Thus, "[a]s to the claims that are at least potentially

2    covered, the insurer may not seek reimbursement for defense

3    costs." Id. "As to the claims that are not even potentially

4    covered, however, the insurer may indeed seek reimbursement for

5    defense costs." Id. at 50. In determining which costs may

6    actually be recovered, the California Supreme Court stated that

7    only "[d]efense costs that can be allocated solely to the claims

8    that are not even potentially covered" may be recovered. Id. at

9    52.

10    The Court further held that the insurer must demonstrate by a

11    preponderance of the evidence that certain defense costs were

12    allocated solely to claims that were not potentially covered. Id.

13    at 53. The Court noted the difficulty of this standard, stating

14    that to carry its burden, the insurer "must accomplish a task

15    that, if ever feasible, may be extremely difficult." Id. at 57-58

16    (internal quotation marks and citations omitted). "Hence, the

17    insurer will probably pursue the matter only in apparently

18    exceptional cases--for example, where the defense costs the

19    insurer may obtain in reimbursement are clear and substantial and

20    where the assets the insured has available for reimbursement are

21    themselves of the same sort." Id. at 58 (emphasis in original).

22    Blatt was found liable on two claims: breach of contract and

23    negligence. As stated above, however, the Court finds that both

24    of these claims were potentially covered by the insurance policy.

25    Thus, there are no remaining claims which might be "not even

26    potentially covered." Buss, 16 Cal. 4th at 52. Accordingly,

27    summary adjudication on this issue is DENIED.

28

12

United States District Court
For the Northern District of California

ii.    Reimbursement for Costs and Fees Incurred
After the Jury Verdict

"When the duty [to defend], having arisen, is extinguished by
a showing that no claim can in fact be covered, 'it is
extinguished only prospectively and not retroactively.'"
Scotsdale Ins. Co., 36 Cal. 4th at 655 (citing Buss v. Super. Ct.,
16 Cal. 4th 287, 298 (1997)).  Thus, Liberty was "required to
provide a defense at least until the facts were conclusively
decided to show that there [was] no coverage and thus no duty to
defend."  Golden Eagle, 148 Cal. App. 4th at 993.

Once the jury returned a finding of no liability for
Schnabel, Liberty's duty to defend Blatt was extinguished.  Blatt
was insured only insofar as any claims against him arose under
Liberty's coverage of Schnabel.  Therefore, any attorneys' fees
and costs that were generated after the jury found no liability
for Schnabel may be recovered by Liberty.

Although the Court finds that Liberty is entitled to recover
the attorneys' fees and costs, if any, that arose after the jury
returned its verdict, neither Liberty nor Blatt indicates whether
any of these fees and costs were in fact generated after the
verdict.[4]  Thus, although Liberty would be entitled to any of
these fees, it is unclear from the parties' papers whether such
fees and costs even exist.  As detailed below, this issue is one
for the jury.  The Court therefore GRANTS Liberty's Motion for

---

[4]  To be clear, the fees and costs generated by Blatt and the
Buyers during the trial and paid by Liberty after the verdict, are
not fees that were 'incurred after the jury verdict.'

United States District Court
For the Northern District of California

1  Summary Judgment on the issue of whether the fees and costs
2  generated after the jury verdict may be recovered by Liberty.
3  This holding, however, is contingent upon the finding, by the
4  jury, that such fees and costs even exist.

###### iii. Prejudgment Interest

6      Finally, Liberty argues that it is entitled to prejudgment
7  interest of 10% on all amounts recovered from Blatt.  Blatt has
8  not contested this assertion.

9      California Civil Code section 3287 provides in pertinent
10 part:  "Every person who is entitled to damages certain, or
11 capable of being made certain by calculation, and the right to
12 recover which is vested in him upon a particular day, is entitled
13 also to recover interest thereon from that day . . . ."

14     The only issue on which the Court has granted summary
15 adjudication is in respect to Liberty's right to recover any
16 attorneys' fees and costs that were generated after the jury found
17 Schnabel not liable.  Thus, these fees are the only fees that
18 would be affected by the awarding of prejudgment interest.
19 Liberty, however, has failed to state what, if any, fees were
20 generated after the verdict.  One of the requirements of
21 California Civil Code section 3287, as interpreted by California
22 courts, is that section 3287 "does not authorize prejudgment
23 interest as a matter of law where the amount of damages depends
24 upon a judicial determination based upon conflicting evidence."
25 Hartford Accident & Indem. Co. v. Sequoia Ins. Co., 211 Cal. App.
26 3d 1285, 1307 (Ct. App. 1989) (internal quotation marks and
27 citations omitted).

28

                                    14

United States District Court
For the Northern District of California

1    In the present case, Liberty has presented no evidence
2    pertaining to post-verdict fees.  Thus, the Court at this time
3    cannot say with any certainty that the amount of damages for which
4    Liberty requests prejudgment interest is, as it must be, certain.
5    See id. (stating that "[p]rejudgment interest runs from the date
6    when damages are certain or are capable of being calculated to a
7    certainty") (internal citations and quotation marks omitted).  For
8    these reasons, Liberty's Motion for Summary Adjudication on the
9    issue of prejudgment interest is DENIED.
10
11    IV.    **REMAINING ISSUES TO BE DECIDED BY JURY**
12    This matter is scheduled to go to trial on November 19, 2007.
13    In the interest of judicial economy and for the benefit of both
14    parties, the Court FINDS that the following issues remain to be
15    decided by the jury:
16    (1)    Whether any attorneys' fees and/or costs were generated,
17    in the defense of Blatt, after the jury verdict;
18    (2)    Whether Liberty paid any of these fees and/or costs;
19    (3)    The amount, if any, of these fees and costs.
20    ///
21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///
28

15

V.    CONCLUSION

  For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED.  Plaintiff's Motion for Summary Adjudication is GRANTED IN PART and DENIED IN PART.


  IT IS SO ORDERED.


  Dated: October 26, 2007



      UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

16

Case 4:06-cv-02022-CW    Document 97    Filed 07/01/2008    Page 1 of 2

1  Ronald D. Foreman (SBN 61148)
   **FOREMAN & BRASSO**
2  930 Montgomery Street, Suite 600
   San Francisco, CA 94133
3  Telephone:  (415) 433-3475
   Facsimile:  (415) 781-8030
4  Email: foremanandbrasso@foremanandbrasso.com

5  Attorneys for Defendant
   MICHAEL T. BLATT.

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  LIBERTY MUTUAL INSURANCE      )    Case No. C 06 2022 SC
    COMPANY,                      )
12                                )
            Plaintiff.            )    ~~[PROPOSED]~~ JUDGMENT
13                                )
    v.                            )
14                                )
    MICHAEL T. BLATT,             )
15                                )
            Defendant.            )
16  _____   )

17

18       The above-entitled case came before the Court on plaintiffs' Motion for

19  Summary Judgment and Summary Adjudication on certain issues. On October

20  26, 2007 Samuel Conti, District Court Judge presiding, Denied plaintiffs'

21  Motion for Summary Judgment and Granted in Part and Denied in Part

22  plaintiffs' Motion for Summary Adjudication. The Court found that there were

23  three issues remaining to be decided by the trier of facts.

24       On March 4, 2008 at the Pre-Trial Conference before Claudia ~~Wilkins~~, Wilken

25  District Court Judge presiding, the Court held that the Stipulated Facts for

26  Trial resolved all remaining issues after the October 26, 2007 Order of Judge

27  Conti.

28       After consideration of the issues and the Stipulated Facts for Trial,

JUDGMENT

IT IS ORDERED, JUDGED AND DECREED:

1.     That Plaintiff Liberty Mutual shall recover from Defendant Michael Blatt the sum of $1,582.50, together with pre-judgment interest at the rate of 10% per annum from September 10, 2004, or $0.43 per day ($1,582.50 * .10 = $158.25/365 = $0.43), until the judgment is paid.

2.     That Plaintiff Liberty Mutual shall recover from Defendant Michael Blatt the sum of $7,304.21, together with pre-judgment interest at the rate of 10% per annum from June 1, 2004, or $2.00 per day ($7,304.21 * .10 = $730.42/365 = $2.00), until the judgment is paid.

3.     That Plaintiff Liberty Mutual shall recover from Defendant Michael Blatt the sum of $836.75, together with pre-judgment interest at the rate of 10% per annum from July 12, 2004, or $0.23 per day ($836.75 * .10 = $83.68/365 = $0.23), until the judgment is paid.

4.     That Plaintiff Liberty Mutual shall recover from Defendant Michael Blatt the sum of $884.23, together with pre-judgment interest at the rate of 10% per annum from August 18, 2004, or $0.24 per day ($884.23 * .10 = $88.42/365 = $0.24), until the judgment is paid.

5.     In sum, Liberty Mutual shall recover from defendant Michael Blatt the total principle sum of $10,607.69 (Items 1-4, above) with pre-judgment interest at the rate of 10% per annum from the dates set forth in Items 1-4, above.

6.     Plaintiff Liberty Mutual shall recover costs from defendant Michael Blatt.

IT IS SO ORDERED, ADJUDGED AND DECREED:

DATED:   7/1/08

JUDGE OF THE DISTRICT COURT

JUDGMENT

- 2 -

1

# PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF ORANGE

3      I, the undersigned, am employed in the County of Orange, State of
California.  I am over the age of eighteen (18) years and not a party to the
4  within action.  My electronic mail address is mbennett@kringandchung.com.
The document was served electronically and the transmission was reported
5  as complete and without error.

6      On July 30, 2008 at approximately 4:00.p.m., I served true copies of
the foregoing document(s) described as **UNITED STATES COURT OF**
7  **APPEALS FOR THE NINTH CIRCUIT CIVIL APPEALS DOCKETING**
**STATEMENT** on the interested parties in this action, addressed as follows:
8

**Attorneys for Michael Blatt**
9  Ronald D. Foreman, Esq.
rdf@foremanandbrasso.com
10

11  $\boxed{X}$    BY E-MAIL:  By transmitting a true copy of the foregoing document(s)
to the e-mail address listed above.

12      I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.
13

14      Executed on July 30, 2008, at Irvine, California.

15

16                                    _M. Bennett_
                                    MICHELLE BENNETT

17

18

19

20

21

22

23

24

25

26

27                                    1

E:\8000\0006\POS\PROOF OF SERVICE.doc

**LIBERTY MUTUAL INSURANCE COMPANY V. MICHAEL BLATT**

**SERVICE LIST**

| Counsel of Record | Phone/Fax Nos. | Party(ies) Represented |
|---|---|---|
| Ronald J. Skocypec<br>J. Christopher Bennington<br>Kring & Chung, LLP<br>200 N. Westlake Blvd., Suite 207<br>Westlake Village, CA 91362<br>rskocypec@kringandchung.com<br>cbennington@kringandchung.com | (805) 494-3892<br>(805) 800-1950 Fax | Plaintiff - Liberty Mutual<br>Insurance Company |
| Ronald D. Foreman, Esq.<br>Foreman & Brasso<br>930 Montgomery Street, Ste. 600<br>San Francisco, CA 94133<br>rdf@foremanandbrasso.com | (415) 433-3475<br>(415) 781-8030 Fax | Defendant - Michael Blatt |